## EXHIBIT A

**(Proposed Sale Hearing Order)**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------x
:
*In re*                                                        :     **Chapter 11**
:
**CAPMARK FINANCIAL GROUP INC.,** *et al.,*                    :
:     **Case No. 09-_____ ( )**
**Debtors.**                                                   :
:     **(Jointly Administered)**
:
---------------------------------------------------------------x

## ORDER (a) SCHEDULING THE SALE HEARING; (b) ESTABLISHING OBJECTION DEADLINE; (c) APPROVING SALE HEARING NOTICE AND NOTICE OF ASSUMPTION AND ASSIGNMENT; (d) SCHEDULING AN AUCTION; AND (e) APPROVING MARKETING AND BIDDING PROCESS

Upon the motion dated October 25, 2009 (the "Motion")[1] of Capmark Financial

Group Inc. ("CFGI") and certain of its subsidiaries and affiliates, as debtors and debtors in

possession (collectively, the "Debtors"),[2] pursuant to sections 105(a), 363, and 365 of title 11,

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such term in the Motion.

[2] The Debtors in these chapter 11 cases, along with the last four (4) digits of each Debtor's federal tax identification number, are:  Summit Crest Ventures, LLC (5690), Capmark Financial Group Inc. (2188), Capmark Capital Inc. (6496), Capmark Finance Inc. (3444), Commercial Equity Investments, Inc. (4153), Mortgage Investments, LLC (6319), Net Lease Acquisition LLC (9658), SJM Cap, LLC (0862), Capmark Affordable Equity Holdings Inc. (2379), Capmark REO Holding LLC (3951), Paramount Managing Member AMBAC II, LLC (3934), Paramount Managing Member AMBAC III, LLC (3999), Paramount Managing Member AMBAC IV, LLC (0117), Paramount Managing Member AMBAC V, LLC (3366), Paramount Managing Member LLC (0184), Paramount Managing Member II, LLC (7457), Paramount Managing Member III, LLC (0196), Paramount Managing Member IV, LLC (0199), Paramount Managing Member V, LLC (0201), Paramount Managing Member VI, LLC (5857), Paramount Managing Member VII, LLC (5855), Paramount Managing Member VIII, LLC (5854), Paramount Managing Member IX, LLC (5452), Paramount Managing Member XI, LLC (5455), Paramount Managing Member XII, LLC (5457), Paramount Managing Member XVIII, LLC (3087), Paramount Managing Member XIV, LLC (4194), Paramount Managing Member XV, LLC (4192), Paramount Managing Member XVI, LLC (4186), Paramount Northeastern Managing Member, LLC (3086), Capmark Affordable Properties Inc. (3435), Paramount Managing Member XXIII, LLC (4754), Paramount Managing Member XXIV, LLC (3615), Paramount Managing Member 30, LLC (6824), Paramount Managing Member 31, LLC (6826), Paramount Managing Member 33, LLC (6831), Broadway Street California, L.P. (7722), Broadway Street 2001, L.P. (0187), Broadway Street XV, L.P. (7730), Broadway Street XVI, L.P. (7725), Broadway Street XVIII, L.P. (9799), Broadway Street

United States Code (the "Bankruptcy Code"), Rules 2002, 6004, 6006, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2002-1 and 6004-1 of the Local Bankruptcy Rules for the District of Delaware (the "Local Rules") requesting the following relief from this Court:  (I) entry of an order:

(i) scheduling a hearing (the "Sale Hearing") to consider approval of the proposed sale (the "Sale") by CFGI and its wholly-owned subsidiaries, Capmark Finance Inc. ("CFI"), and Capmark Capital Inc. ("CCI") (collectively, the "Sellers"), of the Sellers' commercial mortgage servicing and mortgage banking business assets (collectively, the "MSB Business"), to (a) Berkadia Commercial Mortgage LLC (f/k/a Berkadia III, LLC) ("Berkadia") under that certain Asset Put Agreement (the "APA"), between the Sellers and Berkadia, dated September 2, 2009, attached hereto as Exhibit C, or (b) another Successful Offeror (as defined below);

(ii) establishing the objection deadline in connection with the proposed Sale;

(iii) approving the form of, and notice procedures relating to, the (a) Sale Hearing Notice (as defined below), and (b) Notice of Assumption and Assignment (as defined below);

(iv) scheduling an auction ("Auction") to the extent the Sellers receive additional higher or better offers for the MSB Business postpetition; and

(v) approving the Sellers' prepetition and postpetition marketing efforts and bidding process;

(II) upon completion of the Sale Hearing, entry of an order:

(i) if no higher or better offers have been received, approving the Sellers' exercise of the Put Option (as defined below) pursuant to the APA, and without the necessity of conducting an Auction free and clear of any and all liens, encumbrances, claims, and interests (collectively, the "Liens") pursuant to section 363(f) of the Bankruptcy Code, the APA, or a Modified APA (as defined below); and/or

(ii) if a higher or better offer is received, and therefore, an Auction is held, authorizing the Sale of the MSB Business to Berkadia, or to another Successful Offeror at an Auction, free and clear of any and all Liens, pursuant to section 363(f) of the Bankruptcy Code and the APA, or a Modified APA (as defined below);

---

Georgia I, LLC (9740), Capmark Managing Member 4.5 LLC (8979), and Capmark Affordable Equity Inc. (2381).  CFGI's corporate headquarters is located at 116 Welsh Road, Horsham, Pennsylvania, 19044.

and due and proper notice of the Motion having been provided to (i) the Office of the United States Trustee for the District of Delaware, (ii) Citibank, N.A. and Citicorp North America, Inc., as administrative agents under the Debtors' prepetition senior credit facility, bridge loan agreement and term loan facility, (iii) Deutsche Bank Trust Company Americas, as trustee under the prepetition senior unsecured floating rate note and 5.875% senior unsecured note indentures, (iv) Wilmington Trust FSB, as successor trustee under the prepetition 6.300% senior unsecured note indenture, (v) counsel for the ad hoc committee of prepetition unsecured bondholders of CFGI, (vi) Law Debenture Trust Company of New York, as trustee under CFGI's prepetition floating rate junior subordinated indenture, (vii) any proposed DIP lender, (viii) those creditors holding the thirty (30) largest unsecured claims against the Debtors' estates (on a consolidated basis), (ix) counsel to Berkadia, and (x) the Federal Deposit Insurance Corporation, and it appearing that no other or further notice need be provided; and upon the Declaration of Thomas L. Fairfield, Executive Vice President, General Counsel and Secretary of CFGI, in Support of the Debtors' Chapter 11 Petitions and First-Day Motions and Applications, dated as of the commencement of these chapter 11 cases (the "Commencement Date"), and the Declaration of Michael Wilkerson in Support of the Motion; and the Court having determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY FOUND AND DETERMINED THAT:[3]

---

[3] The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.

A.    This Court has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

B.    Good and sufficient notice of the Motion has been given under the circumstances, and no further or other notice is required.  A reasonable opportunity to object or be heard regarding the relief requested in the Motion has been afforded to all interested persons.

C.    The Debtors' Sale Hearing Notice, annexed hereto as <u>Schedule 1</u> and the Notice of Assumption and Assignment, annexed hereto as <u>Schedule 2</u>, are appropriate and reasonably calculated to provide interested parties with timely and proper notice of the Sale, the Assumed Contracts and Leases that are included in the Sale, and related deadlines, and no other or further notice is required.

NOW THEREFORE, IT IS HEREBY ORDERED THAT:

1.    The Motion is granted to the extent described herein.

2.    The forms of Sale Hearing Notice and Notice of Assumption and Assignment are hereby approved.  Service of the Sale Hearing Notice and Notice of Assumption and Assignment in the manner described in the Motion constitutes sufficient notice of the Sale Hearing and the Assumed Contracts and Leases that comprise a portion of the assets subject to the Sale.  The Debtors shall mail the Sale Hearing Notice and Notice of Assumption and Assignment as provided herein.

3.    In the event the Debtors' marketing efforts through the Bidding Process Letter result in the Debtors receiving Qualifying Offers superior to the APA, an Auction shall be held according to the following procedures:

4

(A)    **Auction**:  The Auction will be conducted at the offices of Dewey & LeBoeuf

LLP, 1301 Avenue of the Americas, New York, New York, 10019 on [DATE], 2009 at

_:00 _.m. (prevailing Eastern Time), or such other location as designated by the Debtors

in a notice to all qualified offerors (each, a "Qualified Offeror").  The Auction shall be

governed by the following procedures:

> (i)    Berkadia shall be provided with any Qualified Offers received on or before the offer deadline established in the Bidding Process Letter;
>
> (ii)   Berkadia and the Qualified Offerors shall appear in person at the Auction, or through a duly authorized representative;
>
> (iii)  Only representatives of the Debtors, Berkadia, Qualified Offerors, counsel and other advisors selected by any creditors committee appointed in these cases (the "Committee"), shall be entitled to be present at the Auction;
>
> (iv)   The Auction process shall be transcribed by a qualified court reporter;
>
> (v)    Only Berkadia and Qualified Offerors shall be entitled to make any subsequent bids at the Auction;
>
> (vi)   Each Qualified Offeror shall be required to confirm that it has not engaged in any collusion with respect to the bidding or the sale;
>
> (vii)  Bidding shall commence at the amount of the highest Qualifying Offer submitted by the Qualified Offerors prior to the Auction and such offer shall be announced prior to the start of the Auction;
>
> (viii) Qualified Offerors (including Berkadia) may then submit successive bids in increments of at least $5,000,000 higher than the previous bid;
>
> (ix)   All Qualified Offerors shall have the right to submit additional bids and make additional modifications to the APA or Modified APA, as applicable, at the Auction;
>
> (x)    The Auction may include individual negotiations with the Qualified Offerors (including Berkadia) and/or open bidding in the presence of all other Qualified Offerors (including Berkadia);

5

(xi)    The Auction shall continue until there is only one offer that the Sellers determine, subject to Court approval, is the highest or best offer from among the Qualified Offerors (including Berkadia) submitted at the Auction (the "Successful Bid"). In making this decision, the Debtors may consider, without limitation, the amount of the purchase price, the form of consideration being offered, the likelihood of the Qualified Offeror's ability to close a transaction and the timing thereof, the number, type and nature of any changes to the APA requested by each Qualified Bidder, and the net benefit to the Debtors' estates. The Qualified Bidder submitting such Successful Bid shall become the "Successful Bidder," and shall have such rights and responsibilities of a purchaser, as set forth in the applicable Modified APA; and

(xii)   Within three (3) days after adjournment of the Auction, but prior to the Sale Hearing, the Successful Bidder shall complete and execute all agreements, contracts, instruments or other documents evidencing and containing the terms and conditions upon which the Successful Bid was made and make and pay for all necessary filings with all applicable governmental or other authorities. Bids made after the close of the Auction shall not be considered by the Debtors.

**(B)    Back-Up Bidder and Return of Good Faith Deposits:**

(i)    If an Auction is conducted, the Qualified Offeror with the next highest or otherwise best Qualifying Offer, as determined by the Debtors in the exercise of their business judgment at the Auction shall be required to serve as a back-up bidder (the "Back-Up Bidder") and keep such bid open and irrevocable until 24 hours after the closing of the sale transaction with the Successful Bidder. Following the Sale Hearing, if the Successful Bidder fails to consummate an approved sale because of a breach or failure to perform on the part of such Successful Bidder, the Back-Up Bidder will be deemed to be the new Successful Bidder, and the Debtors will be authorized, but not required, to consummate the sale with the Back-Up Bidder without further order of the Court.

(ii)   Except as otherwise provided herein, Good Faith Deposits[4] shall be returned to each bidder not selected by the Debtors as the Successful Bidder or the Back-Up Bidder by no later than the fifth (5th) business day following the conclusion of the Auction. The

---

[4] Pursuant to the Bidding Process Letter, potential offerors were requires to submit a "Good Faith Deposit" comprising a cash deposit by wire transfer equal to ten (10%) percent of the amount offered to purchase the MSB Business.

Good Faith Deposit of the Back-Up Bidder shall be held by the Debtors until one (1) business day after the closing of the sale transaction with the Successful Bidder.

4.     The Court shall hold the Sale Hearing on _____, 2009 at _____ _.m. (prevailing Eastern Time) at which time the Court will consider approval of the Sale of the MSB Business, including the Debtors' assumption and assignment of the Assumed Contracts and Leases to Berkadia, or the Successful Bidder, as applicable.

5.     The Sale Hearing Notice and Notice of Assumption and Assignment described (collectively, the "Notices") shall be sufficient and no further notice shall be required if given as follows:

(a)     The Debtors shall serve, within 3 business days after entry of the Sale Hearing Order (the "Mailing Deadline"), by overnight courier, electronic mail, or same-day messenger delivery, copies of the Sale Hearing Notice upon: (i) the U.S. Trustee, (ii) attorneys for the Committee, if appointed, (iii) attorneys for Berkadia, (iv) any party who, in the past 12 (twelve) months, expressed in writing to the Debtors an interest in acquiring the MSB Business, and who the Debtors and their representatives reasonably and in good faith determine potentially have the desire and financial wherewithal to effectuate the Sale, (v) all parties who are known to possess or assert a secured claim against the MSB Business, (vi) the Internal Revenue Service, (vii) all applicable state attorneys general, local realty enforcement agencies, and local regulatory authorities, and (vii) any parties entitled to notice under Rule 2002-1(b) of the Local Rules for the United States Bankruptcy Court District of Delaware.

(b)     On or before the Mailing Deadline, the Debtors (or their agent) shall serve, by overnight courier, electronic mail, or same-day messenger delivery, the Notice of Assumption and Assignment (the "Notice of Assumption and Assignment"), substantially in the form attached hereto as Schedule 2, upon all known nondebtor parties to the Assumed Contracts and Leases. The Notice of Assumption and Assignment shall set forth (i) the intent of the Debtors to assume the Assumed Contracts and Leases and assign them to Berkadia (or the Successful Bidder), and (ii) applicable cure amounts, if any (the "Cure Amounts").

(c)     On or before the Mailing Deadline, or as soon as practicable thereafter, the Debtors will publicize the Sale Hearing Notice in the Wall Street Journal (National Edition) for 2 consecutive business days.

7

6.     Any objection (an "Objection") to the Sale of the MSB Business, the assumption and assignment of any Assumed Contract or Lease, or the Cure Amounts must be filed and served so as to be actually received on or before _____, 2009 by (a) counsel for the Debtors, Dewey & LeBoeuf LLP, Attention: Michael P. Kessler, Esq., and Judy G.Z. Liu, Esq., 1301 Avenue of the Americas, New York, New York, 10019; (b) local counsel for the Debtors, Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, Delaware, 19801, Attention: Mark D. Collins, Esq.; (c) counsel for Berkadia, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York, 10153, Attention: Andrea Bernstein, Esq., and William Gutowitz, Esq.; (d) DLA Piper LLP (US), 1257 Avenue of the Americas, New York, New York, 10020, Attention: Thomas R. Califano; (e) the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee"), 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware, 19801; (f) counsel for any official committee of unsecured creditors (the "Committee"), if appointed; (g) administrative agent under the Debtors' prepetition senior credit facility, bridge loan agreement and term loan facility, Citicorp North America, Inc., and Citibank, N.A., 1615 Brett Rd. Bldg. 3, New Castle, Delaware, 19720, Attention: Ralph Townley; (h) indenture trustee under the Debtors' prepetition floating rate and 5.875% senior unsecured note indentures, Deutsche Bank Trust Company Americas, 60 Wall Street, 27th Floor, MS:NYC60-2710, New York, New York, 10005, Attention:  Trust & Securities Services; (i) successor trustee under the prepetition 6.300% senior unsecured note indenture, Wilmington Trust FSB, 166 Mercer Street, Suite 2-R, New York, New York, 10012-3249, Attention: Adam Berman; (j) counsel for the ad hoc committee of prepetition unsecured bondholders of CFGI, Kasowitz, Benson, Torres & Friedman LLP, 1633 Broadway, New York, New York, 10019, Attention: Adam L. Shiff, Esq.; (k) trustee under CFGI's prepetition floating rate junior

8

subordinated indenture, Law Debenture Trust Company of New York, 767 Third Avenue, Thirty First Floor, New York, New York, 10017, Attention: Corporate Trust Administration; (l) any proposed DIP lender; (m) those creditors holding the thirty (30) largest unsecured claims against the Debtors' estates (on a consolidated basis); and (n) the Federal Deposit Insurance Corporation. All Objections must state with specificity the nature of such objection.

7.      If an Objection challenges a Cure Amount, the Objection must set forth the cure amount claimed by the objecting party (the "Claimed Cure Amount") with appropriate documentation in support thereof. Upon receipt of an Objection to a Cure Amount, the Debtors may, in their sole discretion, hold an amount equal to the Claimed Cure Amount in reserve pending further order of the Court or agreement between the applicable Debtor and the objecting party. So long as the Debtors hold the Claimed Cure Amount in reserve and otherwise satisfy the requirements for assumption under section 365 of the Bankruptcy Code, the applicable Seller may, without further delay, assume and assign the Assumed Contract or Lease that is the subject of an Objection relating to that Assumed Contract's of Lease's Cure Amount.

8.      If no Objection to the Cure Amount or the proposed assumption and assignment of an Assumed Contract or Lease is timely filed and served, the applicable Debtor may assume and assign the Assumed Contract or Lease to Berkadia and the Cure Amount set forth in the Notice of Assumption and Assignment shall be binding upon the respective nondebtor party to the Assumed Contract or Lease for all purposes in such Debtor's chapter 11 case. The respective nondebtor party shall be forever barred from objecting to the assumption and assignment of the relevant Assumed Contract or Lease and the Cure Amount, including, without limitation, the right to assert any condition to assignment and/or additional cure or other amount with respect to their respective Assumed Contracts and Leases

9

9.     Failure of any objecting person or entity to timely file its Objection shall be an absolute bar to the assertion, at the Sale Hearing or thereafter, of any objection to the Motion or the Debtors' assumption and assignment of any of the Assumed Contracts and Leases, or the consummation and performance of the Sale (including the transfer free and clear of all Liens).

10.     The Court shall retain jurisdiction over any matter or dispute arising from or relating to the implementation of this Sale Hearing Order.  Each of the Debtors is hereby authorized and empowered to take such steps, expend such sums of money, and do such other things as may be necessary to implement and effect the terms and requirements of this Sale Hearing Order.

11.     Notwithstanding any potential applicability of Bankruptcy Rule 6004(h) or other Rule, this Sale Hearing Order shall not be stayed for ten (10) days after the entry hereof and shall be effective and enforceable upon signature hereof.

Dated: _____, 2009
      Wilmington, Delaware

_____
UNITED STATES BANKRUPTCY JUDGE

10

## SCHEDULE 1

**(Proposed Sale Hearing Notice)**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
--------------------------------------------------------------x
                                          :
In re                                     :    Chapter 11
                                          :
CAPMARK FINANCIAL GROUP INC., et al.,     :
                                          :    Case No. 09- _____ (   )
        Debtors.                          :
                                          :    (Jointly Administered)
                                          :
--------------------------------------------------------------x
```

## NOTICE OF SALE HEARING AND AUCTION IN CONNECTION
## WITH THE SALE OF MSB BUSINESS

NOTICE IS HEREBY GIVEN, as follows:

        1.     On October 25, 2009, Capmark Financial Group Inc. ("CFGI") and certain of its subsidiaries and affiliates, as debtors and debtors in possession (collectively, the "Debtors"),[1] filed a motion (the "Motion") pursuant to sections 105(a), 363, and 365 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002, 6004, 6006, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2002-1 and 6004-1

---

[1] The Debtors in these chapter 11 cases, along with the last four (4) digits of each Debtor's federal tax identification number, are: Summit Crest Ventures, LLC (5690), Capmark Financial Group Inc. (2188), Capmark Capital Inc. (6496), Capmark Finance Inc. (3444), Commercial Equity Investments, Inc. (4153), Mortgage Investments, LLC (6319), Net Lease Acquisition LLC (9658), SJM Cap, LLC (0862), Capmark Affordable Equity Holdings Inc. (2379), Capmark REO Holding LLC (3951), Paramount Managing Member AMBAC II, LLC (3934), Paramount Managing Member AMBAC III, LLC (3999), Paramount Managing Member AMBAC IV, LLC (0117), Paramount Managing Member AMBAC V, LLC (3366), Paramount Managing Member LLC (0184), Paramount Managing Member II, LLC (7457), Paramount Managing Member III, LLC (0196), Paramount Managing Member IV, LLC (0199), Paramount Managing Member V, LLC (0201), Paramount Managing Member VI, LLC (5857), Paramount Managing Member VII, LLC (5855), Paramount Managing Member VIII, LLC (5854), Paramount Managing Member IX, LLC (5452), Paramount Managing Member XI, LLC (5455), Paramount Managing Member XII, LLC (5457), Paramount Managing Member XVIII, LLC (3087), Paramount Managing Member XIV, LLC (4194), Paramount Managing Member XV, LLC (4192), Paramount Managing Member XVI, LLC (4186), Paramount Northeastern Managing Member, LLC (3086), Capmark Affordable Properties Inc. (3435), Paramount Managing Member XXIII, LLC (4754), Paramount Managing Member XXIV, LLC (3615), Paramount Managing Member 30, LLC (6824), Paramount Managing Member 31, LLC (6826), Paramount Managing Member 33, LLC (6831), Broadway Street California, L.P. (7722), Broadway Street 2001, L.P. (0187), Broadway Street XV, L.P. (7730), Broadway Street XVI, L.P. (7725), Broadway Street XVIII, L.P. (9799), Broadway Street Georgia I, LLC (9740), Capmark Managing Member 4.5 LLC (8979), and Capmark Affordable Equity Inc. (2381). CFGI's corporate headquarters is located at 116 Welsh Road, Horsham, Pennsylvania, 19044.

of the Local Bankruptcy Rules for the District of Delaware (the "Local Rules"), seeking approval of, among other things, the scheduling of a sale hearing (the "Sale Hearing") in connection with the proposed sale (the "Sale") by CFGI and its wholly-owned subsidiaries, Capmark Finance Inc. and Capmark Capital Inc. (collectively, the "Sellers") of their MSB Business (as defined below) to Berkadia III, LLC ("Berkadia"). On [DATE], 2009, the United States Bankruptcy Court for the District of Delaware (the "Court") entered an order (the "Sale Hearing Order") approving, among other things, the Sale Hearing schedule.

2.      The Sellers and Berkadia have entered into an Asset Put Agreement, dated September 2, 2009 (the "APA") regarding the Sale of the Sellers' commercial mortgage servicing and lending and mortgage banking business assets (collectively, the "MSB Business") to Berkadia under the APA, whereby the Sellers have the right, but not the obligation, to sell the MSB Business to Berkadia, pursuant to an exercise of a put option owned by the Sellers.

3.      Pursuant to the Sale Hearing Order, if the Sellers receive any higher or better offer for the MSB Business, an auction (the "Auction") for the MSB Business shall take place on [DATE], 2009, at the offices of Dewey & LeBoeuf LLP, 1301 Avenue of the Americas, New York, New York, 10019. Only parties that have submitted a Qualifying Offer by no later than [DATE], 2009 at __:___.m. (prevailing Eastern Time) (the "Bid Deadline") may participate at the Auction.

4.      The Sale Hearing Order provides that a Sale Hearing will be held on _____ __, 2009, at ___ a.m./p.m. (prevailing Eastern Time) before the Honorable _____, United States Bankruptcy Judge, in Room ___ of the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, Wilmington, Delaware, 19801.

5.      At the Sale Hearing, the Debtors shall request the Court to enter an order, among other things, approving the Sellers' exercise of the Put Option (as defined in the APA) and authorizing the Sale of the MSB Business to Berkadia all pursuant to the APA, or authorizing the Sale of the MSB Business to the Successful Bidder (as defined in the Sale Hearing Order) at the Auction.

6.      At the Sale Hearing, the Court may enter such orders as it deems appropriate under the applicable law and as required by the circumstances and equities of these chapter 11 cases. Any objection (an "Objection") to the Sale of the MSB Business pursuant to the terms of the APA shall be in writing, shall conform to the Bankruptcy Rules and the Local Rules, shall set forth the name of the objecting party, the nature and amount of any claims or interests held or asserted against the Debtors' estates or properties, the basis for the Objection and the specific grounds therefor, and shall be served upon (a) counsel for the Debtors, Dewey & LeBoeuf LLP, Attention: Michael P. Kessler, Esq., and Judy G.Z. Liu, Esq., 1301 Avenue of the Americas, New York, New York, 10019; (b) local counsel for the Debtors, Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, Delaware, 19801, Attention: Mark D. Collins, Esq.; (c) counsel for Berkadia, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York, 10153, Attention: Andrea Bernstein, Esq., and William Gutowitz, Esq.; (d) DLA Piper LLP (US), 1257 Avenue of the Americas, New York, New York, 10020, Attention: Thomas R. Califano; (e) the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee"), 844 King Street, Suite 2207, Lockbox 35, Wilmington,

2

Delaware, 19801; (f) counsel for any official committee of unsecured creditors (the "Committee"), if appointed; (g) administrative agent under the Debtors' prepetition senior credit facility, bridge loan agreement and term loan facility, Citicorp North America, Inc., and Citibank, N.A., 1615 Brett Rd. Bldg. 3, New Castle, Delaware, 19720, Attention: Ralph Townley; (h) indenture trustee under the Debtors' prepetition floating rate and 5.875% senior unsecured note indentures, Deutsche Bank Trust Company Americas, 60 Wall Street, 27th Floor, MS:NYC60-2710, New York, New York, 10005, Attention:  Trust & Securities Services; (i) successor trustee under the prepetition 6.300% senior unsecured note indenture, Wilmington Trust FSB, 166 Mercer Street, Suite 2-R, New York, New York, 10012-3249, Attention: Adam Berman; (j) counsel for the ad hoc committee of prepetition unsecured bondholders of CFGI, Kasowitz, Benson, Torres & Friedman LLP, 1633 Broadway, New York, New York, 10019, Attention: Adam L. Shiff, Esq.; (k) trustee under CFGI's prepetition floating rate junior subordinated indenture, Law Debenture Trust Company of New York, 767 Third Avenue, Thirty First Floor, New York, New York, 10017, Attention:  Corporate Trust Administration; (l) any proposed DIP lender; (m) those creditors holding the thirty (30) largest unsecured claims against the Debtors' estates (on a consolidated basis); and (n) the Federal Deposit Insurance Corporation, so as to be actually received no later than ___, 2009, at ____a.m./p.m. (prevailing Eastern Time).

3

7.     A copy of the APA is attached as <u>Exhibit C</u> to the Motion, and is also available online at www.capmark.com under "Investor Relations", Current Report dated September 9, 2009.


Dated: _____, 2009
       Wilmington, Delaware

                                       _____

                                       Mark D. Collins (No. 2981)
                                       Paul N. Heath (No. 3704)
                                       Jason M. Madron (No. 4431)
                                       Lee E. Kaufman (No. 4877)
                                       RICHARDS, LAYTON & FINGER, P.A.
                                       One Rodney Square
                                       920 North King Street
                                       Wilmington, Delaware 19801
                                       Telephone:  302.651.7700
                                       Facsimile:  302.651.7701

                                       -and-

                                       Martin J. Bienenstock
                                       Michael P. Kessler
                                       Judy G.Z. Liu
                                       DEWEY & LEBOEUF LLP
                                       1301 Avenue of the Americas
                                       New York, New York 10019
                                       Telephone:  212.259.8000
                                       Facsimile:  212.259.6333

                                       *Proposed Attorneys for the Debtors and*
                                       *Debtors in Possession*

4

## SCHEDULE 2

**(Proposed Notice of Assumption and Assignment)**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

----------------------------------------------------------------x
                                          :
*In re*                                   :    **Chapter 11**
                                          :
**CAPMARK FINANCIAL GROUP INC.,** *et al.,*  :
                                          :    **Case No. 09-_____ (   )**
         **Debtors.**                     :
                                          :    **(Jointly Administered)**
                                          :
----------------------------------------------------------------x

## NOTICE OF INTENT TO ASSUME AND
## ASSIGN CERTAIN EXECUTORY CONTRACTS AND
## UNEXPIRED LEASES IN CONNECTION WITH THE
## PROPOSED SALE OF MSB BUSINESS AND THE FIXING
## OF CURE AMOUNTS AND PROCEDURES ASSOCIATED THEREWITH

NOTICE IS HEREBY GIVEN, as follows:

1.      On _____, 2009, the United States Bankruptcy Court for the District of Delaware (the "Court") entered an order (the "Sale Hearing Order"),[1] pursuant to sections 105(a), 363, and 365 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002, 6004, 6006, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 2002-1 and 6004-1 of the Local Bankruptcy Rules for the District of Delaware (the "Local Rules") in the above-captioned chapter 11 cases of Capmark Financial Group Inc. ("CFGI") and certain of its subsidiaries and affiliates, as debtors and debtors in possession (collectively, the "Debtors"),[2] approving, among other things, this notice, the scheduling of the

---

[1] If the Court approves the alternative Bidding Procedures Order, all references to the Sale Hearing Order will be replaced with Bidding Procedures Order.

[2] The Debtors in these chapter 11 cases, along with the last four (4) digits of each Debtor's federal tax identification number, are: Summit Crest Ventures, LLC (5690), Capmark Financial Group Inc. (2188), Capmark Capital Inc. (6496), Capmark Finance Inc. (3444), Commercial Equity Investments, Inc. (4153), Mortgage Investments, LLC (6319), Net Lease Acquisition LLC (9658), SJM Cap, LLC (0862), Capmark Affordable Equity Holdings Inc. (2379), Capmark REO Holding LLC (3951), Paramount Managing Member AMBAC II, LLC (3934), Paramount Managing Member AMBAC III, LLC (3999), Paramount Managing Member AMBAC IV, LLC (0117), Paramount Managing Member AMBAC V, LLC (3366), Paramount Managing Member LLC (0184), Paramount Managing Member II, LLC (7457), Paramount Managing Member III, LLC (0196), Paramount Managing Member IV, LLC (0199), Paramount Managing Member V, LLC (0201), Paramount Managing Member VI, LLC (5857), Paramount Managing Member VII, LLC (5855), Paramount Managing Member VIII, LLC (5854), Paramount Managing Member IX, LLC (5452), Paramount Managing Member XI, LLC (5455), Paramount Managing Member XII, LLC (5457), Paramount Managing Member XVIII, LLC (3087), Paramount Managing Member XIV, LLC (4194), Paramount Managing Member XV, LLC (4192), Paramount Managing Member XVI, LLC (4186), Paramount Northeastern Managing Member, LLC

Sale Hearing, and the procedures for the fixing of cure amounts (the "Cure Amounts") related to the assumption and assignment of certain executory contracts, unexpired leases, and other agreements of the Debtors (the "Assumed Contracts and Leases" listed with respect to each counterparty on Exhibit A attached hereto) in connection with the sale of the MSB Business (as defined in the Sale Hearing Order). Certain of the Sellers (as defined below) will assume the Assumed Contracts and Leases and assign them to Berkadia Commercial Mortgage LLC (f/k/a Berkadia III, LLC) ("Berkadia"), pursuant to the terms of that certain Asset Put Agreement (the "APA"), dated as of September 2, 2009, between CFGI and its wholly-owned subsidiaries, Capmark Finance Inc. and Capmark Capital Inc. (collectively, the "Sellers") and Berkadia, or to another Successful Bidder (as defined in the Sale Hearing Order) at an Auction (as defined in the Sale Hearing Order) held for the MSB Business.

2.      The Debtors believe any and all defaults (other than the filing of these chapter 11 cases) under the Assumed Contracts and Leases can be cured by the payment of the Cure Amounts listed on Exhibit A.

3.      Any objections to (i) the assumption and assignment of an Assumed Contract or Lease, or (ii) the amount asserted as the Cure Amount (each, an "Assumption and/or Cure Objection") must be in writing and set forth with specificity the nature of the objection and the cure amount that the objecting party believes should be paid in connection with the assumption of the Assumed Contract or Lease (the "Claimed Cure Amount").

4.      To be considered a timely Assumption and/or Cure Objection, the Assumption and/or Cure Objection must be filed with the Court and served upon (a) counsel for the Debtors, Dewey & LeBoeuf LLP, Attention: Michael P. Kessler, Esq., and Judy G.Z. Liu, Esq., 1301 Avenue of the Americas, New York, New York, 10019; (b) counsel for the Debtors, Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, Delaware, 19801, Attention: Mark D. Collins, Esq.; (c) counsel for Berkadia, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York, 10153, Attention: Andrea Bernstein, Esq. and William, Esq.; (d) DLA Piper LLP (US), 1257 Avenue of the Americas, New York, New York, 10020, Attention: Thomas R. Califano; (e) the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee"), 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware, 19801; (f) counsel for any official committee of unsecured creditors (the "Committee"), if appointed; (g) administrative agent under the Debtors' prepetition senior credit facility, bridge loan agreement and term loan facility, Citicorp North America, Inc., and Citibank, N.A., 1615 Brett Rd. Bldg. 3, New Castle, Delaware, 19720, Attention: Ralph Townley; (h) indenture trustee under the Debtors' prepetition floating rate and 5.875% senior unsecured note indentures, Deutsche Bank Trust Company Americas, 60 Wall Street, 27th Floor, MS:NYC60-2710, New York, New York, 10005, Attention: Trust & Securities Services; (i)

---

(3086), Capmark Affordable Properties Inc. (3435), Paramount Managing Member XXIII, LLC (4754), Paramount Managing Member XXIV, LLC (3615), Paramount Managing Member 30, LLC (6824), Paramount Managing Member 31, LLC (6826), Paramount Managing Member 33, LLC (6831), Broadway Street California, L.P. (7722), Broadway Street 2001, L.P. (0187), Broadway Street XV, L.P. (7730), Broadway Street XVI, L.P. (7725), Broadway Street XVIII, L.P. (9799), Broadway Street Georgia I, LLC (9740), Capmark Managing Member 4.5 LLC (8979), and Capmark Affordable Equity Inc. (2381). CFGI's corporate headquarters is located at 116 Welsh Road, Horsham, Pennsylvania, 19044.

2

successor trustee under the prepetition 6.300% senior unsecured note indenture, Wilmington Trust FSB, 166 Mercer Street, Suite 2-R, New York, New York, 10012-3249, Attention: Adam Berman; (j) counsel for the ad hoc committee of prepetition unsecured bondholders of CFGI, Kasowitz, Benson, Torres & Friedman LLP, 1633 Broadway, New York, New York, 10019, Attention: Adam L. Shiff, Esq.; (k) trustee under CFGI's prepetition floating rate junior subordinated indenture, Law Debenture Trust Company of New York, 767 Third Avenue, Thirty First Floor, New York, New York, 10017, Attention: Corporate Trust Administration; (l) any proposed DIP lender; (m) those creditors holding the thirty (30) largest unsecured claims against the Debtors' estates (on a consolidated basis); and (n) the Federal Deposit Insurance Corporation, all to be actually received no later than ____, 2009, at __ a.m./p.m. (prevailing Eastern Time).

5.    If an Assumption and/or Cure Objection is timely filed, a hearing with respect to that objection shall be held before the Honorable ____, United States Bankruptcy Judge, United States Bankruptcy Court for the District of Delaware, at the Sale Hearing.

6.    Unless the Assumption and/or Cure Objection is timely filed and served, the assumption and assignment of the applicable Assumed Contract or Lease will proceed without further notice at the Sale Hearing to approve the sale of the MSB Business.

7.    Parties that fail to file and serve timely Assumption and/or Cure Objections shall be deemed to have waived and released any and all rights to assert Cure Amounts different from those listed on Exhibit A and, subject to payment of the cure amount(s) listed on Exhibit A with respect to their Assumed Contract(s) or Lease(s), shall be forever barred and estopped from asserting or claiming against the pertinent Debtor, Berkadia, or any assignee of any Assumed Contract or Lease that any additional amounts are due or defaults exist, or prohibitions or conditions to assignment exist or must be satisfied, under such Assumed Contract or Lease.

8.    If no Cure Amounts are due under the Assumed Contract or Lease, and the nondebtor party to the Assumed Contract or Lease does not otherwise object to the pertinent Debtors' assumption and assignment of the Assumed Contract or Lease, no further action need be taken on the part of that nondebtor party.

9.    Assumption and/or Cure Objections that object solely to the Cure Amount may not prevent or delay the pertinent Sellers' assumption and assignment of any Assumed Contracts and Leases. If a party objects solely to a Cure Amount, the pertinent Seller may, in its sole discretion, hold the Claimed Cure Amount in reserve pending further order of the Court or mutual agreement of the parties. So long as the pertinent Seller holds the Claimed Cure Amount in reserve, and there are no other unresolved objections to assumption and assignment, the pertinent Seller can, without further delay, assume and assign the Assumed Contract or Lease that is the subject of the objection. Under such circumstances, the objecting party's recourse is limited to the funds held in reserve.

10.    Each Seller's decision to assume and assign to Berkadia (or the Successful Bidder) the Assumed Contracts and Leases is subject to Court approval and the closing of the transactions contemplated by the APA (the "Closing"). Accordingly, absent such Closing, any of the Assumed Contracts and Leases shall not be deemed assumed nor assigned, and shall in all

3

respects be subject to further administration under the Bankruptcy Code. The inclusion of any document on the list of Assumed Contracts and Leases shall not constitute or be deemed to be a determination or admission by any Debtor or Berkadia (or the Successful Bidder) that such document is, in fact, an executory contract or unexpired lease within the meaning of the Bankruptcy Code (all rights with respect thereto being expressly reserved).

Dated: _____, 2009
      Wilmington, Delaware

<div style="margin-left:50%">

Mark D. Collins (No. 2981)
Paul N. Heath (No. 3704)
Jason M. Madron (No. 4431)
Lee E. Kaufman (No. 4877)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone: 302.651.7700
Facsimile: 302.651.7701

-and-

Martin J. Bienenstock
Michael P. Kessler
Judy G.Z. Liu
DEWEY & LEBOEUF LLP
1301 Avenue of the Americas
New York, New York 10019
Telephone: 212.259.8000
Facsimile: 212.259.6333

*Proposed Attorneys for the Debtors and Debtors in Possession*

</div>

4