# EXHIBIT A

**(Proposed Bidding Procedures Order)**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------------x
:
*In re* : **Chapter 11**
:
**CAPMARK FINANCIAL GROUP INC.,** *et al.,* :
: **Case No. 09-13684 (CSS)**
**Debtors.** :
: **(Jointly Administered)**
:
-------------------------------------------------------------x

### ORDER (a) SCHEDULING AN AUCTION AT WHICH THE SELLER DEBTORS WILL SOLICIT HIGHER AND BETTER OFFERS IN CONNECTION WITH THE SALE OF MILITARY HOUSING BUSINESS ASSETS; (b) APPROVING BIDDING PROCEDURES WITH RESPECT TO THE SALE OF SUCH ASSETS; (c) APPROVING BREAK-UP FEE; (d) SCHEDULING THE SALE HEARING; (e) ESTABLISHING OBJECTION DEADLINE; AND (f) APPROVING SALE HEARING NOTICE AND NOTICE OF ASSUMPTION AND ASSIGNMENT

Upon the motion (the "Motion")[1] of Capmark Financial Group, Inc. ("CFGI") and certain of its subsidiaries and affiliates, as debtors and debtors in possession (collectively, the "Debtors"),[2] pursuant to sections 105(a), 363, and 365 of title 11, United States Code (the

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such term in the Motion.

[2] The Debtors in these chapter 11 cases, along with the last four (4) digits of each Debtor's federal tax identification number, are: Capmark Financial Group Inc. (2188); Capmark Finance Inc. (3444); Capmark Capital Inc. (6496); Commercial Equity Investments, Inc. (4153); Mortgage Investments, LLC (6319); Net Lease Acquisition LLC (9658); SJM Cap, LLC (0862); Capmark Affordable Equity Holdings Inc. (2379); Capmark REO Holding LLC (3951); Summit Crest Ventures, LLC (5690), Protech Economics, LLC (8920); Paramount Managing Member AMBAC II, LLC (3934); Paramount Managing Member AMBAC III, LLC (3999); Paramount Managing Member AMBAC IV, LLC (0117); Paramount Managing Member AMBAC V, LLC (3366); Paramount Managing Member LLC (0184); Paramount Managing Member II, LLC (7457); Paramount Managing Member III, LLC (0196); Paramount Managing Member IV, LLC (0199); Paramount Managing Member V, LLC (0201); Paramount Managing Member VI, LLC (5857); Paramount Managing Member VII, LLC (5855); Paramount Managing Member VIII, LLC (5854); Paramount Managing Member IX, LLC (5452); Paramount Managing Member XI, LLC (5455); Paramount Managing Member XII, LLC (5457); Paramount Managing Member XVIII, LLC (3087); Paramount Managing Member XIV, LLC (4194); Paramount Managing Member XV, LLC (4192); Paramount Managing Member XVI, LLC (4186);

"Bankruptcy Code"), Rules 2002, 6004, 6006, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2002-1 and 6004-1 of the Local Bankruptcy Rules for the District of Delaware (the "Local Rules") requesting the following relief from this Court:

(I) entry of an order (the "Bidding Procedures Order"):

(i)    scheduling a hearing (the "Sale Hearing") to consider approval of the proposed sale (the "Sale") by Capmark Finance Inc. ("CFI") and Capmark Capital Inc. ("CCI") (together, the "Sellers"), of certain of the Sellers' assets (the "Acquired Assets") that comprise the Sellers' military housing servicing and loan origination business (collectively, the "Military Housing Business"), to (a) Jefferies Mortgage Finance, Inc. ("Purchaser") under that certain Purchase Agreement (the "APA"), between the Sellers and Purchaser, dated October 16, 2009, attached to the Motion as Exhibit C, or (b) another Successful Offeror (as defined below);

(ii)    establishing the objection deadline in connection with the proposed Sale;

(iii)    approving the form of, and notice procedures relating to, the (a) Sale Hearing Notice (as defined below), and (b) Notice of Assumption and Assignment (as defined below);

(iv)    scheduling an auction ("Auction") to the extent the Sellers receive additional higher or better offers for the Acquired Assets;

(v)    approving bidding procedures (the "Bidding Procedures"), as set forth herein; and

(vi)    approving break up fee (the "Break-Up Fee");

(II) upon completion of the Sale Hearing, entry of an order (the "Sale Order"):

(i)    if no higher or better offers have been received, approving the Sellers' entry into the APA without the necessity of conducting an Auction; or

(ii)    if a higher or better offer is received, and therefore, an Auction is held, authorizing the Sale of the Acquired Assets to Purchaser, or to another Successful Offeror at an Auction, free and clear of any and all liens, encumbrances, claims,

---

Paramount Northeastern Managing Member, LLC (3086); Paramount Managing Member XIX, LLC (3088); Paramount Managing Member XXIII, LLC (4754); Paramount Managing Member XXIV, LLC (3615); Paramount Managing Member 30, LLC (6824); Paramount Managing Member 31, LLC (6826); Paramount Managing Member 33, LLC (6831); Broadway Street California, L.P. (7722); Broadway Street 2001, L.P. (0187); Broadway Street XV, L.P. (7730); Broadway Street XVI, L.P. (7725); Broadway Street XVIII, L.P. (9799); Broadway Street Georgia I, LLC (9740); and Capmark Managing Member 4.5 LLC (8979). CFGI's corporate headquarters is located at 116 Welsh Road, Horsham, Pennsylvania, 19044. The addresses for all of the Debtors are available at the following World Wide Web address: http://chapter11.epiqsystems.com/capmark.

RLF1-3496758-1

and interests of any kind, nature or description (collectively, the "Liens") pursuant to section 363(f) of the Bankruptcy Code (as defined below), pursuant to the APA, or a Modified APA (as defined below);

and due and proper notice of the Motion having been provided to (i) the Office of the United States Trustee for the District of Delaware, (ii) Citibank, N.A. and Citicorp North America, Inc., as administrative agents under the Debtors' prepetition senior credit facility, bridge loan agreement and term loan facility, (iii) Deutsche Bank Trust Company Americas, as trustee under the prepetition senior unsecured floating rate note and 5.875% senior unsecured note indentures, (iv) Wilmington Trust FSB, as successor trustee under the prepetition 6.300% senior unsecured note indenture, (v) counsel for the ad hoc committee of prepetition unsecured noteholders of CFGI, (vi) Law Debenture Trust Company of New York, as trustee under CFGI's prepetition floating rate junior subordinated indenture, (vii) any proposed DIP lender, (viii) those creditors holding the thirty (30) largest unsecured claims against the Debtors' estates (on a consolidated basis), and (ix) the Federal Deposit Insurance Corporation, (x) counsel to the Purchaser, and (xi) all parties to any agreements sought to be assumed and assigned pursuant to the APA, and it appearing that no other or further notice need be provided; and the Court having determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY FOUND AND DETERMINED THAT:[3]

---

[3] The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.

3

A.      The Court has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

B.      Good and sufficient notice of the Motion has been given under the circumstances, and no further or other notice is required. A reasonable opportunity to object or be heard regarding the relief requested in the Motion has been afforded to all interested persons.

C.      The Debtors' Notice of Auction and Sale, annexed hereto as <u>Schedule 1</u>, is appropriate and reasonably calculated to provide interested parties with timely and proper notice of the Auction and Sale and related deadlines, and no other or further notice is required.

NOW THEREFORE, IT IS HEREBY ORDERED THAT:

1.      The Motion is granted to the extent described herein.

2.      The Bidding Procedures, as set forth below, are approved and shall apply with respect to the proposed sale of the Acquired Assets:

(A)     **Assets to Be Sold**: The Auction shall consist of the Acquired Assets;

(B)     **Confidentiality Agreements**: Upon execution of a confidentiality agreement, in form and substance satisfactory to the Sellers, any party that wishes to conduct due diligence in respect of the Military Housing Business and the Acquired Assets and Assumed Liabilities may be granted access to all material information that has been or will be provided to the Purchaser and other bidders.

(C)     **Bid Deadline**: Any person or entity interested in participating in the Auction must submit a Qualifying Bid (as defined below) on or before November 30 at 4:00 p.m. (prevailing Eastern Time) (the "<u>Bid Deadline</u>") in writing, to (1) counsel to the Sellers, Dewey & LeBoeuf LLP, 1301 Avenue of the Americas, New York, New York, 10019, Attention: Michael P. Kessler, Esq. and Judy G.Z. Liu, and (2) Capmark Financial Group Inc., 116 Welsh Road, Horsham, Pennsylvania, 19044, Attention: Thomas L. Fairfield, Esq.

(D)     **Qualifying Bids**: In order to participate in the bidding process and be deemed a "<u>Qualifying Bidder</u>," each potential bidder (other than the Purchaser) must submit a "<u>Qualifying Bid</u>" by the Bid Deadline. To constitute a Qualifying Bid, a bid must:

4

(i)    be in writing and state that such bidder is prepared to enter into a legally binding purchase and sale agreement or similar agreement for the acquisition of the Acquired Assets on terms and conditions no less favorable to the Sellers than the terms and conditions contained in the APA;

(ii)    include a mark-up of the APA (the "Modified APA") reflecting the variations from the APA, including which contracts and leases are not to be assumed and assigned pursuant to the Modified APA, and a clean and executed Modified APA;

(iii)    provide that such bidder's offer is irrevocable until the closing of the purchase of the Acquired Assets if such bidder is the Successful Bidder or the Back-Up Bidder (each as defined below);

(iv)    state such bidder is financially capable of consummating the transactions contemplated by the Modified APA;

(v)    exceed the Purchase Price in the APA by five hundred thousand dollars ($500,000) plus payment of the Break-Up Fee and in the case of any subsequent bid, exceed the prior bid by two hundred fifty thousand dollars ($250,000);

(vi)    include such financial and other information that will allow the Sellers to make a reasonable determination as to the bidder's financial and other capabilities to consummate the transactions contemplated by the Modified APA and evaluate bidder's demonstration of its actual experience in the origination and servicing of military housing loans;

(vii)    describe any transition services that will be required by the bidder in connection with an acquisition of the Acquired Assets;

(viii)    include a statement that there are no conditions precedent to the bidder's ability to enter into a definitive agreement and that all necessary internal and shareholder approvals have been obtained prior to the bid. The bidder's bid and Modified APA should also highlight any governmental or third-party consents needed to consummate the acquisition of the Acquired Assets to the extent they are not already contemplated in the APA;

(ix)    not request or entitle the bidder to any transaction or breakup fee, expense reimbursement, put option fee, or similar type of payment;

(x)    fully disclose the identity of each entity that will be bidding for the Acquired Assets or otherwise participating in connection with such bid, and the complete terms of any such participation;

5

(xi)    not contain any due diligence or financing contingencies of any kind;

(xii)   include evidence of authorization and approval from the bidder's board of directors (or comparable governing body) with respect to the submission, execution, delivery and closing of the Modified APA;

(xiii)  include the names and contact information of members of the bidder who will be available to answer questions regarding the offer;

(xiv)   include the names of external advisors including financial, legal and accounting firms, as well as industry consultants or other resources;

(xv)    include any other information or factors that may be relevant to the Sellers and its advisors in consideration of the bid;

(xvi)   include a cash deposit by wire transfer equal to ten (10%) percent of the amount offered to purchase the Acquired Assets (the "Good Faith Deposit"); and

(xvii)  provide that such bidder will execute an appropriate confidentiality agreement prior to receipt of any information (including, but not limited to, business and financial information and access to representatives of Sellers) from Sellers.

The Debtors shall make a determination regarding whether a bid is a Qualifying Bid and shall notify bidders whether their bids have been determined to be Qualifying Bids by no later than 4:00 p.m. (prevailing Eastern Time) on December 2, 2009;

(E)    **No Qualifying Bids**.: If no timely, conforming Qualifying Bids, other than the APA, are submitted by the Bid Deadline, the Debtors shall not hold an Auction and, instead, shall request at the Sale Hearing that the Court approve the APA with the Purchaser.

(F)    **Auction**: In the event the Debtors timely receive one or more Qualifying Bids other than the APA, the Debtors shall conduct the Auction with respect to the Military Housing Business. The Auction will be conducted at the offices of Dewey & LeBoeuf LLP, 1301 Avenue of the Americas, New York, New York, 10019 on December 4, 2009 at 1:00 p.m. (prevailing Eastern Time), or such other location as designated by the Debtors in a notice to all Qualified Bidders. The Auction shall be governed by the following procedures:

(i)    The Purchaser and the Qualifying Bidders shall appear in person at the Auction, or through a duly authorized representative;

(ii)   Only representatives of the Debtors, the Purchaser, Qualified Bidders, counsel and other advisors selected by any creditors'

committee appointed in these cases (the "Committee"), shall be entitled to be present at the Auction;

(iii)    The Auction process shall be transcribed by a qualified court reporter;

(iv)    Only the Purchaser and Qualified Bidders shall be entitled to make any subsequent bids at the Auction;

(v)    Each Qualified Bidder shall be required to confirm that it has not engaged in any collusion with respect to the bidding or the Sale;

(vi)    Bidding shall commence at the amount of the highest Qualifying Bid submitted by the Qualified Bidders prior to the Auction and such Bid shall be announced three (3) hours prior to the start of the Auction;

(vii)    Qualified Bidders may then submit successive bids in increments of at least two hundred fifty thousand dollars ($250,000) higher than the previous bid;

(viii)    All Qualified Bidders and the Purchaser shall have the right to submit additional bids and make additional modifications to the APA or Modified APA, as applicable, at the Auction;

(ix)    The Auction may include individual negotiations with the Qualified Bidders and the Purchaser and/or open bidding in the presence of all other Qualified Bidders and the Purchaser;

(x)    The Auction shall continue until there is only one offer that the Sellers determine, subject to Court approval, is the highest or best offer from among the Qualified Bidders and the Purchaser submitted at the Auction (the "Successful Bid"). In making this decision, the Debtors, may consider, without limitation, the amount of the purchase price, the form of consideration being offered, the likelihood of the Qualified Bidder's ability to close a transaction and the timing thereof, the number, type and nature of any changes to the APA requested by each Qualified Bidder, and the net benefit to the Debtors' estates. The Purchaser or the Qualified Bidder submitting such Successful Bid shall become the "Successful Bidder," and shall have such rights and responsibilities of a purchaser, as set forth in the applicable Modified APA; and

(xi)    Within three (3) days after conclusion of the Auction, but prior to the Sale Hearing, the Successful Bidder shall complete and execute all agreements, contracts, instruments or other documents evidencing and containing the terms and conditions upon which the Successful Bid was made and make and pay for all necessary filings with all

7

applicable governmental or other authorities.  Bids made after the close of the Auction shall not be considered by the Debtors.

(G)    **Back-Up Bidder and Return of Good Faith Deposits**:

(i)    If an Auction is conducted, the Qualifying Bidder with the next highest or otherwise best Qualifying Bid, as determined by the Debtors in the exercise of their business judgment in consultation with the Creditors' Committee and the Agent, at the Auction shall be required to serve as a back-up bidder (the "Back-Up Bidder") and keep such bid open and irrevocable until 24 hours after the closing of the Sale transaction with the Successful Bidder.  Following the Sale Hearing, if the Successful Bidder fails to consummate an approved sale because of a breach or failure to perform on the part of such Successful Bidder, the Back-Up Bidder will be deemed to be the new Successful Bidder, and the Debtors will be authorized, but not required, to consummate the Sale with the Back-Up Bidder without further order of the Court.

(ii)    Except as otherwise provided herein, Good Faith Deposits shall be returned to each bidder not selected by the Debtors as the Successful Bidder or the Back-Up Bidder by no later than the fifth (5th) Business Day following the conclusion of the Auction.  The Good Faith Deposit of the Back-Up Bidder shall be held by the Debtors until one (1) Business Day after the closing of the Sale transaction with the Successful Bidder.

3.    The Break-Up Fee is approved.  The Sellers are hereby authorized and directed to pay the Break-Up Fee in the event all or substantially all of the Acquired Assets are sold to another bidder and the APA is terminated as a result of entry of an Order approving an Alternative Transaction.  Upon closing of the Alternative Transaction, the Sellers shall immediately pay the Break-Up Fee in cash to the Purchaser as an administrative expense claim in the Sellers' chapter 11 cases pursuant to Sections 503(b) and 507(a)(2) of the Bankruptcy Code.

4.    The form and manner of providing the Notice of Auction and Sale is hereby approved.  Service of the Notice of Auction and Sale, as set forth below, constitutes sufficient notice of the Auction and Sale Hearing.

5.     The Court shall hold the Sale Hearing on December 7, 2009 at 10:00 a.m. (prevailing Eastern Time) at which time the Court will consider approval of the Sale of the Acquired Assets, including the Debtors' assumption and assignment of the Assigned Contracts to Purchaser or the Successful Bidder.

6.     The notices described in the subparagraphs below (collectively, the "Notices") shall be sufficient and no further notice shall be required if given as follows:

   (a)     The Debtors shall serve, within 3 business days after entry of the Bidding Procedures Order (the "Mailing Deadline"), by overnight courier, electronic mail, or same-day messenger delivery, and copies of the Notice of Auction and Sale upon: (i) the U.S. Trustee, (ii) attorneys for the Committee, if appointed, (iii) attorneys for Purchaser, (iv) any party who, in the past 12 (twelve) months, expressed in writing to the Debtors an interest in acquiring the Acquired Assets, and who the Debtors and their representatives reasonably and in good faith determine potentially have the desire and financial wherewithal to effectuate the Sale, (v) all parties who are known to possess or assert a secured claim against the Acquired Assets, (vi) the Internal Revenue Service, (vii) all applicable state attorneys general, local realty enforcement agencies, and local regulatory authorities, and (vii) any parties entitled to notice under Rule 2002-1(b) of the Local Rules for the United States Bankruptcy Court District of Delaware.

   (b)     On or before the Mailing Deadline, the Debtors (or their agent) shall serve, by overnight courier, electronic mail, or same-day messenger delivery, the Notice of Assumption and Assignment (the "Notice of Assumption and Assignment"), substantially in the form attached hereto as Schedule 2, upon all known nondebtor parties to the Assigned Contracts. The Notice of Assumption and Assignment shall set forth (i) the intent of the Debtors to assume the Assigned Contracts and assign them to Purchaser or the Successful Bidder, as applicable and (ii) applicable cure amounts (the "Cure Amounts").

   (c)     On or before the Mailing Deadline, or as soon as practical thereafter, the Debtors will publicize the Notice of Auction and Sale in the Wall Street Journal (National Edition) for 2 consecutive business days.

7.     Any objection (an "Objection") to the Sale of the Acquired Assets, the assumption and assignment of any Assigned Contracts, or the Cure Amounts must be filed and served so as to be actually received on or before 4:00 p.m. on December 1, 2009 by (a) counsel

9

for the Debtors, Dewey & LeBoeuf LLP, Attention: Michael P. Kessler, Esq., and Judy G.Z. Liu, Esq., 1301 Avenue of the Americas, New York, New York, 10019; (b) local counsel for the Debtors, Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, Delaware 19801, Attention: Mark D. Collins, Esq. and Jason M. Madron, Esq.; (c) counsel for Purchaser, K&L Gates LLP, 599 Lexington Avenue, New York, New York, 10022, Attention: Richard S. Miller, Esq.; (d) the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee"), 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware, 19801; (e) counsel for the Official Committee of Unsecured Creditors (the "Committee"), if appointed; (f) administrative agent under the Debtors' prepetition senior credit facility, bridge loan agreement and term loan facility, Citicorp North America, Inc., and Citibank, N.A., 1615 Brett Rd. Bldg. 3, New Castle, Delaware, 19720, Attention: Ralph Townley; (g) indenture trustee under the Debtors' prepetition floating rate and 5.875% senior unsecured note indentures, Deutsche Bank Trust Company Americas, 60 Wall Street, 27th Floor, MS:NYC60-2710, New York, New York, 10005, Attention: Trust & Securities Services; (h) successor trustee under the prepetition 6.300% senior unsecured note indenture, Wilmington Trust FSB, 166 Mercer Street, Suite 2-R, New York, New York, 10012-3249, Attention: Adam Berman; (i) counsel for the ad hoc committee of prepetition unsecured bondholders of CFGI, Kasowitz, Benson, Torres & Friedman LLP, 1633 Broadway, New York, New York, 10019, Attention: Adam L. Shiff, Esq.; (j) trustee under CFGI's prepetition floating rate junior subordinated indenture, Law Debenture Trust Company of New York, 767 Third Ave., 31st Floor, New York, New York, 10017, Attention: Corporate Trust Administration; (k) any proposed DIP lender; (l) those creditors holding the thirty (30) largest unsecured claims against the Debtors' estates (on a consolidated

basis); and (m) the Federal Deposit Insurance Corporation. Each Objection must state with specificity the nature of such Objection.

8. If an Objection challenges a Cure Amount, the Objection must set forth the cure amount being claimed by the objecting party (the "Claimed Cure Amount") with appropriate documentation in support thereof. Upon receipt of an Objection to a Cure Amount, the Debtors may, in their sole discretion, hold an amount equal to the Claimed Cure Amount in reserve pending further order of the Court or agreement between the applicable Debtor and the objecting party. So long as the Debtors hold the Claimed Cure Amount in reserve and otherwise satisfy the requirements for assumption under section 365 of the Bankruptcy Code, the applicable Seller may, without further delay, assume and assign the Assigned Contract that is the subject of an Objection relating to that Assigned Contract's Cure Amount.

9. If no Objection to the Cure Amount or the proposed assumption and assignment of an Assigned Contract is timely filed and served, the applicable Debtor may assume and assign the Assigned Contract to Purchaser or the Successful Bidder and the Cure Amount set forth in the Notice of Assumption and Assignment shall be binding upon the respective nondebtor party to the Assigned Contract for all purposes in such Debtor's chapter 11 case and otherwise. The respective nondebtor party shall be forever barred from objecting to the assumption and assignment of the relevant Assigned Contract and the Cure Amount, including, without limitation, the right to assert any condition to assignment and/or additional cure or other amount with respect to their respective Assigned Contracts.

10. Failure of any objecting person or entity to timely file its Objection shall be an absolute bar to the assertion, at the Sale Hearing or thereafter, of any objection to the

11

Motion or the Debtors' assumption and assignment of any of the Assigned Contracts, or the consummation and performance of the Sale (including the transfer free and clear of all Liens).

11.     The Court shall retain jurisdiction over any matter or dispute arising from or relating to the implementation of this Bidding Procedures Order. Each of the Debtors is hereby authorized and empowered to take such steps, expend such sums of money, and do such other things as may be necessary to implement and effect the terms and requirements of this Bidding Procedures Order.

12.     Notwithstanding any potential applicability of Bankruptcy Rule 6004(h) or other Rule, this Bidding Procedures Order shall not be stayed for ten (10) days after the entry hereof and shall be effective and enforceable upon signature hereof.

Dated: _____, 2009
        Wilmington, Delaware

_____
THE HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE

RLF1-3496758-1

# SCHEDULE 1

## (Proposed Notice of Auction and Sale)

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------x
            :

*In re*             :      **Chapter 11**
            :

**CAPMARK FINANCIAL GROUP INC.,** *et al.,*  :
            :      **Case No. 09-13684 (CSS)**
      **Debtors.**        :
            :      **(Jointly Administered)**
            :

---------------------------------------------------------------x

## NOTICE OF AUCTION AND SALE HEARING IN CONNECTION
## WITH THE SALE OF MILITARY HOUSING BUSINESS ASSETS

NOTICE IS HEREBY GIVEN, as follows:

        1.      On October 30, 2009, Capmark Financial Group, Inc. ("CFGI") and certain of its subsidiaries and affiliates, as debtors and debtors in possession (collectively, the "Debtors"),[1] filed a motion (the "Motion") pursuant to sections 105(a), 363, and 365 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002, 6004, 6006, and 9014 of the

---

[1] The Debtors in these chapter 11 cases, along with the last four (4) digits of each Debtor's federal tax identification number, are: Capmark Financial Group Inc. (2188); Capmark Finance Inc. (3444); Capmark Capital Inc. (6496); Commercial Equity Investments, Inc. (4153); Mortgage Investments, LLC (6319); Net Lease Acquisition LLC (9658); SJM Cap, LLC (0862); Capmark Affordable Equity Holdings Inc. (2379); Capmark REO Holding LLC (3951); Summit Crest Ventures, LLC (5690), Protech Economics, LLC (8920); Paramount Managing Member AMBAC II, LLC (3934); Paramount Managing Member AMBAC III, LLC (3999); Paramount Managing Member AMBAC IV, LLC (0117); Paramount Managing Member AMBAC V, LLC (3366); Paramount Managing Member LLC (0184); Paramount Managing Member II, LLC (7457); Paramount Managing Member III, LLC (0196); Paramount Managing Member IV, LLC (0199); Paramount Managing Member V, LLC (0201); Paramount Managing Member VI, LLC (5857); Paramount Managing Member VII, LLC (5855); Paramount Managing Member VIII, LLC (5854); Paramount Managing Member IX, LLC (5452); Paramount Managing Member XI, LLC (5455); Paramount Managing Member XII, LLC (5457); Paramount Managing Member XVIII, LLC (3087); Paramount Managing Member XIV, LLC (4194); Paramount Managing Member XV, LLC (4192); Paramount Managing Member XVI, LLC (4186); Paramount Northeastern Managing Member, LLC (3086); Paramount Managing Member XIX, LLC (3088); Paramount Managing Member XXIII, LLC (4754); Paramount Managing Member XXIV, LLC (3615); Paramount Managing Member 30, LLC (6824); Paramount Managing Member 31, LLC (6826); Paramount Managing Member 33, LLC (6831); Broadway Street California, L.P. (7722); Broadway Street 2001, L.P. (0187); Broadway Street XV, L.P. (7730); Broadway Street XVI, L.P. (7725); Broadway Street XVIII, L.P. (9799); Broadway Street Georgia I, LLC (9740); and Capmark Managing Member 4.5 LLC (8979). CFGI's corporate headquarters is located at 116 Welsh Road, Horsham, Pennsylvania, 19044. The addresses for all of the Debtors are available at the following World Wide Web address: http://chapter11.epiqsystems.com/capmark.

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2002-1 and 6004-1 of the Local Bankruptcy Rules for the District of Delaware (the "Local Rules"), seeking approval of, among other things, (i) the establishment of bidding procedures (the "Bidding Procedures"), (ii) the scheduling of an auction (the "Auction"), as necessary, and (iii) the scheduling of a sale hearing (the "Sale Hearing") in connection with the proposed sale (the "Sale") by Capmark Finance Inc. and Capmark Capital Inc. (collectively, the "Sellers") of the Acquired Assets (as defined below). On November 24, 2009, the United States Bankruptcy Court for the District of Delaware (the "Court") entered an order (the "Bidding Procedures Order") approving, among other things, the Bidding Procedures and the Sale Hearing schedule.

2.      The Sellers and Jefferies Mortgage Finance, Inc. ("Purchaser") have entered into an Purchase Agreement, dated October 16, 2009 (the "APA") regarding the Sale of certain of the Sellers' assets (the "Acquired Assets") that comprise the Sellers' military housing servicing and loan origination business (collectively, the "Military Housing Business") to Purchaser under the APA whereby the Sellers have agreed to sell the Acquired Assets to Purchaser, subject to higher and better offers.

3.      Pursuant to the Bidding Procedures Order, if the Sellers receive any higher or better bids for the Acquired Assets, the Auction for the Acquired Assets shall take place on December 4, 2009 at 1:00 p.m. (prevailing Eastern Time), at the offices of Dewey & LeBoeuf LLP, 1301 Avenue of the Americas, New York, New York, 10019. Only parties that have submitted a Qualified Bid, as set forth in the Bidding Procedures Order, by no later than November 30, 2009 at 4:00 p.m. (prevailing Eastern Time) (the "Bid Deadline") may participate at the Auction. Any party that wishes to take part in this process and submit a bid for the Acquired Assets must submit their competing bid prior to the Bid Deadline and in accordance with the Bidding Procedures.

4.      The Bidding Procedures Order provides that a Sale Hearing will be held on December 7, 2009, at 10:00 a.m. (prevailing Eastern Time) before the Honorable Christopher S. Sontchi, United States Bankruptcy Judge, in Room 6 of the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, Wilmington, Delaware, 19801.

5.      At the Sale Hearing, the Debtors shall request the Court to enter an order, among other things, approving the Sellers' authorizing the Sale of the Acquired Assets to Purchaser pursuant to the APA, or authorizing the Sale of the Acquired Assets to the Successful Bidder (as defined in the Bidding Procedures Order) at the Auction.

6.      At the Sale Hearing, the Court may enter such orders as it deems appropriate under the applicable law and as required by the circumstances and equities of these chapter 11 cases. Any objection (an "Objection") to the Sale of the Acquired Assets pursuant to the terms of the APA shall be in writing, shall conform to Bankruptcy Rules and the Local Rules, shall set forth the name of the objecting party, the nature and amount of any claims or interests held or asserted against the Debtors' estates or properties, the basis for the Objection and the specific grounds therefor, and shall be served upon (a) counsel for the Debtors, Dewey & LeBoeuf LLP, Attention: Michael P. Kessler, Esq., and Judy G.Z. Liu, Esq., 1301 Avenue of the Americas, New York, New York, 10019; (b) local counsel for the Debtors, Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, Delaware 19801,

2

Attention: Mark D. Collins, Esq. and Jason M. Madron, Esq.; (c) counsel for Purchaser, K&L Gates LLP, 599 Lexington Avenue, New York, New York, 10022, Attention: Richard S. Miller, Esq.; (d) the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee"), 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware, 19801; (e) counsel for the Official Committee of Unsecured Creditors (the "Committee"), if appointed; (f) administrative agent under the Debtors' prepetition senior credit facility, bridge loan agreement and term loan facility at Citicorp North America, Inc., 1615 Brett Rd. Bldg. 3, New Castle, Delaware, 19720, Attention: Ralph Townley; (g) indenture trustee under the Debtors' prepetition floating rate and 5.875% senior unsecured note indentures, Deutsche Bank Trust Company Americas, 60 Wall Street, 27th Floor, MS:NYC60-2710, New York, New York, 10005, Attention: Trust & Securities Services; (h) successor trustee under the prepetition 6.300% senior unsecured note indenture, Wilmington Trust FSB, 166 Mercer Street, Suite 2-R, New York, New York, 10012-3249, Attention: Adam Berman; (i) counsel for the ad hoc committee of prepetition unsecured bondholders of CFGI, Kasowitz, Benson, Torres & Friedman LLP, 1633 Broadway, New York, New York, 10019, Attention: Adam L. Shiff, Esq.; (j) trustee under CFGI's prepetition floating rate junior subordinated indenture, Law Debenture Trust Company of New York, 767 Third Ave., 31st Floor, New York, New York, 10017, Attention: Corporate Trust Administration; (k) any proposed DIP lender; and (l) those creditors holding the thirty (30) largest unsecured claims against the Debtors' estates (on a consolidated basis), so as to be actually received no later than December 1, 2009, at 4 p.m. (prevailing Eastern Time).

7.     A copy of the APA is attached as Exhibit C to the Motion.

RLF1-3496758-1

Dated: October 30, 2009  
       Wilmington, Delaware

Respectfully submitted,

_____

Mark D. Collins (No. 2981)  
Paul N. Heath (No. 3704)  
Jason M. Madron (No. 4431)  
Lee E. Kaufman (No. 4877)  
RICHARDS, LAYTON & FINGER, P.A.  
One Rodney Square  
920 North King Street  
Wilmington, Delaware 19801  
Telephone: 302.651.7700  
Facsimile: 302.651.7701

-and-

Martin J. Bienenstock  
Michael P. Kessler  
Judy G.Z. Liu  
DEWEY & LEBOEUF LLP  
1301 Avenue of the Americas  
New York, New York 10019  
Telephone: 212.259.8000  
Facsimile: 212.259.6333

*Proposed Attorneys for the Debtors and*  
*Debtors in Possession*

4

# SCHEDULE 2

**(Proposed Notice of Assumption and Assignment)**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-----------------------------------------------------------x
                                 :

| | | |
|---|---|---|
| *In re* | : | **Chapter 11** |
| | : | |
| **CAPMARK FINANCIAL GROUP INC.,** *et al.,* | : | |
| | : | **Case No. 09-13684 (CSS)** |
| **Debtors.** | : | |
| | : | **(Jointly Administered)** |
| | : | |

-----------------------------------------------------------x

## NOTICE OF INTENT TO ASSUME AND ASSIGN
## CERTAIN EXECUTORY CONTRACTS IN CONNECTION WITH THE
## PROPOSED SALE OF MILITARY HOUSING BUSINESS ASSETS AND
## THE FIXING OF CURE AMOUNTS AND PROCEDURES ASSOCIATED THEREWITH

NOTICE IS HEREBY GIVEN, as follows:

        1.     On November 24, 2009, the United States Bankruptcy Court for the District of Delaware (the "Court") entered an order (the "Bidding Procedures Order"), pursuant to sections 105(a), 363, and 365 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002, 6004, 6006, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 2002-1 and 6004-1 of the Local Bankruptcy Rules for the District of Delaware (the "Local Rules") in the above-captioned chapter 11 cases of Capmark Financial Group, Inc. ("CFGI") and certain of its subsidiaries and affiliates, as debtors and debtors in possession (collectively, the "Debtors"),[1] approving, among other things, this notice,

---

[1] The Debtors in these chapter 11 cases, along with the last four (4) digits of each Debtor's federal tax identification number, are:  Capmark Financial Group Inc. (2188); Capmark Finance Inc. (3444); Capmark Capital Inc. (6496); Commercial Equity Investments, Inc. (4153); Mortgage Investments, LLC (6319); Net Lease Acquisition LLC (9658); SJM Cap, LLC (0862); Capmark Affordable Equity Holdings Inc. (2379); Capmark REO Holding LLC (3951); Summit Crest Ventures, LLC (5690), Protech Economics, LLC (8920); Paramount Managing Member AMBAC II, LLC (3934); Paramount Managing Member AMBAC III, LLC (3999); Paramount Managing Member AMBAC IV, LLC (0117); Paramount Managing Member AMBAC V, LLC (3366); Paramount Managing Member LLC (0184); Paramount Managing Member II, LLC (7457); Paramount Managing Member III, LLC (0196); Paramount Managing Member IV, LLC (0199); Paramount Managing Member V, LLC (0201); Paramount Managing Member VI, LLC (5857); Paramount Managing Member VII, LLC (5855); Paramount Managing Member VIII, LLC (5854); Paramount Managing Member IX, LLC (5452); Paramount Managing Member XI, LLC (5455); Paramount Managing Member XII, LLC (5457); Paramount Managing Member XVIII, LLC (3087); Paramount Managing Member XIV, LLC (4194); Paramount Managing Member XV, LLC (4192); Paramount Managing Member XVI, LLC (4186); Paramount Northeastern Managing Member, LLC (3086); Paramount Managing Member XIX, LLC (3088); Paramount Managing Member XXIII, LLC (4754); Paramount Managing Member XXIV, LLC

the scheduling of the Sale Hearing, and the procedures for the fixing of cure amounts (the "Cure Amounts") related to the assumption and assignment of certain executory contracts, unexpired leases, and other agreements of the Debtors (the "Assumed Contracts" listed on Exhibit A attached hereto) in connection with the sale of certain assets (the "Acquired Assets") that comprise the Sellers (as defined below) the Military Housing Business (as defined in the Bidding Procedures Order). The Sellers will assume the Assumed Contracts and assign them to Jefferies Mortgage Finance, Inc. ("Purchaser"), pursuant to the terms of that certain Purchase Agreement (the "APA"), dated as of October 16, 2009, between Capmark Finance Inc. and Capmark Capital Inc. (together, the "Sellers") and Purchaser, or to another Successful Bidder (as defined in the Bidding Procedures Order) at an Auction (as defined in the Bidding Procedures Order) held for the Acquired Assets.

2.      The Debtors believe any and all defaults (other than the filing of these chapter 11 cases) under the Assumed Contracts can be cured by the payment of the Cure Amounts listed on Exhibit A.

3.      Any objections to (i) the assumption and assignment of an Assumed Contract, or (ii) the amount asserted as the Cure Amount (each, an "Assumption and/or Cure Objection") must be in writing and set forth with specificity the nature of the objection and the cure amount that the objecting party believes should be paid in connection with the assumption of the Assumed Contract (the "Claimed Cure Amount").

4.      To be considered a timely Assumption and/or Cure Objection, the Assumption and/or Cure Objection must be filed with the Court and served upon (a) counsel for the Debtors, Dewey & LeBoeuf LLP, Attention: Michael P. Kessler, Esq., and Judy G.Z. Liu, Esq., 1301 Avenue of the Americas, New York, New York, 10019; (b) counsel for the Debtors, Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, Delaware, 19801, Attention: Mark D. Collins, Esq. and Jason M. Madron, Esq.; (c) counsel for Purchaser, K&L Gates LLP, 599 Lexington Avenue, New York, New York 10022, Attention: Richard S. Miller, Esq.; (d) the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee"), 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware, 19801; (e) counsel for the Official Committee of Unsecured Creditors (the "Committee"), if appointed; (f) administrative agent under the Debtors' prepetition senior credit facility, bridge loan agreement and term loan facility, Citicorp North America, Inc., and Citibank, N.A., 1615 Brett Rd. Bldg. 3, New Castle, Delaware, 19720, Attention: Ralph Townley; (g) indenture trustee under the Debtors' prepetition floating rate and 5.875% senior unsecured note indentures, Deutsche Bank Trust Company Americas, 60 Wall Street, 27th Floor, MS:NYC60-2710, New York, New York, 10005, Attention: Trust & Securities Services; (h) successor trustee under the prepetition 6.300% senior unsecured note indenture, Wilmington Trust FSB, 166 Mercer Street,

(3615); Paramount Managing Member 30, LLC (6824); Paramount Managing Member 31, LLC (6826); Paramount Managing Member 33, LLC (6831); Broadway Street California, L.P. (7722); Broadway Street 2001, L.P. (0187); Broadway Street XV, L.P. (7730); Broadway Street XVI, L.P. (7725); Broadway Street XVIII, L.P. (9799); Broadway Street Georgia I, LLC (9740); and Capmark Managing Member 4.5 LLC (8979). CFGI's corporate headquarters is located at 116 Welsh Road, Horsham, Pennsylvania, 19044.

Suite 2-R, New York, New York, 10012-3249, Attention: Adam Berman; (i) counsel for the ad hoc committee of prepetition unsecured bondholders of CFGI, Kasowitz, Benson, Torres & Friedman LLP, 1633 Broadway, New York, New York, 10019, Attention: Adam L. Shiff, Esq.; (j) trustee under CFGI's prepetition floating rate junior subordinated indenture, Law Debenture Trust Company of New York, 767 Third Ave., 31st Floor, New York, New York, 10017, Attention: Corporate Trust Administration; (k) any proposed DIP lender; (l) those creditors holding the thirty (30) largest unsecured claims against the Debtors' estates (on a consolidated basis); and (m) the Federal Deposit Insurance Corporation, all to be actually received no later than December 1, 2009, at 4 p.m. (prevailing Eastern Time).

5. If an Assumption and/or Cure Objection is timely filed, a hearing with respect to that objection shall be held before the Honorable Christopher S. Sontchi, United States Bankruptcy Judge, United States Bankruptcy Court for the District of Delaware, at the Sale Hearing.

6. Unless the Assumption and/or Cure Objection is timely filed and served, the assumption and assignment of the applicable Assumed Contract will proceed without further notice at the Sale Hearing to approve the sale of the Acquired Assets.

7. Parties that fail to file and serve timely Assumption and/or Cure Objections shall be deemed to have waived and released any and all rights to assert Cure Amounts different from those listed on Exhibit A and, subject to payment of the cure amount(s) listed on Exhibit A with respect to their Assume Contract(s), shall be forever barred and estopped from asserting or claiming against the pertinent Debtor, Purchaser, or any assignee of any Assumed Contract that any additional amounts are due or defaults exist, or prohibitions or conditions to assignment exist or must be satisfied, under such Assumed Contract.

8. If no Cure Amounts are due under the Assumed Contract, and the nondebtor party to the Assumed Contract does not otherwise object to the pertinent Debtors' assumption and assignment of the Assumed Contract, no further action need be taken on the part of that nondebtor party.

9. Assumption and/or Cure Objections that object solely to the Cure Amount may not prevent or delay the pertinent Sellers' assumption and assignment of any Assumed Contracts. If a party objects solely to a Cure Amount, the pertinent Seller may, in its sole discretion, hold the Claimed Cure Amount in reserve pending further order of the Court or mutual agreement of the parties. So long as the pertinent Seller holds the Claimed Cure Amount in reserve, and there are no other unresolved objections to assumption and assignment, the pertinent Seller can, without further delay, assume and assign the Assumed Contract that is the subject of the objection. Under such circumstances, the objecting party's recourse is limited to the funds held in reserve.

Each Seller's decision to assume and assign to Purchaser (or the Successful Bidder) the Assumed Contracts is subject to Court approval and the closing of the APA (the "Closing"). Accordingly, absent such Closing, any of the Assumed Contracts shall not be deemed assumed nor assigned, and shall in all respects be subject to further administration under the Bankruptcy Code. The inclusion of any document on the list of Assumed Contracts shall not

3

constitute or be deemed to be a determination or admission by any Debtor or Purchaser (or the Successful Bidder) that such document is, in fact, an executory contract or unexpired lease within the meaning of the Bankruptcy Code (all rights with respect thereto being expressly reserved).

RLF1-3496758-1

Dated: October 30, 2009      Respectfully submitted,
Wilmington, Delaware

_____
Mark D. Collins (No. 2981)
Paul N. Heath (No. 3704)
Jason M. Madron (No. 4431)
Lee E. Kaufman (No. 4877)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone: 302.651.7700
Facsimile: 302.651.7701

-and-

Martin J. Bienenstock
Michael P. Kessler
Judy G.Z. Liu
DEWEY & LEBOEUF LLP
1301 Avenue of the Americas
New York, New York 10019
Telephone: 212.259.8000
Facsimile: 212.259.6333

*Proposed Attorneys for the Debtors and
Debtors in Possession*

5

# EXHIBIT A

## (Assumed Contracts)

[To be Provided]