IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------x
In re:                                        :   Chapter 11
                                              :
CAPMARK FINANCIAL GROUP INC., *et al.*,       :   Case No. 09-13684 (CSS)
                                              :
Debtors.                                      :   Jointly Administered
                                              :
------------------------------------------------------------x   Re: Docket Nos. 12 and 99

## ORDER PURSUANT TO SECTIONS 105(a), 327, 328, AND 330 OF THE BANKRUPTCY CODE AUTHORIZING THE DEBTORS TO EMPLOY ORDINARY COURSE PROFESSIONALS

Upon the motion, dated October 25, 2009 (the "Motion"), of Capmark Financial Group Inc. ("CFGI") and certain of its subsidiaries and affiliates, as debtors and debtors in possession (collectively, the "Debtors"),[1] pursuant to sections 105(a), 327, 328, and 330 of title 11 of the United States Code (the "Bankruptcy Code") for authorization to employ professionals utilized in the ordinary course of business, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance

---

[1] The Debtors in these chapter 11 cases, along with the last four (4) digits of each Debtor's federal tax identification number, are: Summit Crest Ventures, LLC (5690), Capmark Financial Group Inc. (2188), Capmark Capital Inc. (6496), Capmark Finance Inc. (3444), Commercial Equity Investments, Inc. (4153), Mortgage Investments, LLC (6319), Net Lease Acquisition LLC (9658), SJM Cap, LLC (0862), Capmark Affordable Equity Holdings Inc. (2379), Capmark REO Holding LLC (3951), Paramount Managing Member AMBAC II, LLC (3934), Paramount Managing Member AMBAC III, LLC (3999), Paramount Managing Member AMBAC IV, LLC (0117), Paramount Managing Member AMBAC V, LLC (3366), Paramount Managing Member LLC (0184), Paramount Managing Member II, LLC (7457), Paramount Managing Member III, LLC (0196), Paramount Managing Member IV, LLC (0199), Paramount Managing Member V, LLC (0201), Paramount Managing Member VI, LLC (5857), Paramount Managing Member VII, LLC (5855), Paramount Managing Member VIII, LLC (5854), Paramount Managing Member IX, LLC (5452), Paramount Managing Member XI, LLC (5455), Paramount Managing Member XII, LLC (5457), Paramount Managing Member XVIII, LLC (3087), Paramount Managing Member XIV, LLC (4194), Paramount Managing Member XV, LLC (4192), Paramount Managing Member XVI, LLC (4186), Paramount Northeastern Managing Member, LLC (3086), Capmark Affordable Properties Inc. (3435), Paramount Managing Member XXIII, LLC (4754), Paramount Managing Member XXIV, LLC (3615), Paramount Managing Member 30, LLC (6824), Paramount Managing Member 31, LLC (6826), Paramount Managing Member 33, LLC (6831), Broadway Street California, L.P. (7722), Broadway Street 2001, L.P. (0187), Broadway Street XV, L.P. (7730), Broadway Street XVI, L.P. (7725), Broadway Street XVIII, L.P. (9799), Broadway Street Georgia I, LLC (9740), Capmark Managing Member 4.5 LLC (8979), and Capmark Affordable Equity Inc. (2381). CFGI's corporate headquarters is located at 116 Welsh Road, Horsham, Pennsylvania, 19044. The addresses for all of the Debtors are available at the following World Wide Web address: http://chapter11.epiqsystems.com/capmark.

RLF1 3511203v.1

with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and no trustee or examiner having been appointed, and due and proper notice of the Motion having been provided by facsimile, electronic mail transmission, overnight delivery and/or hand delivery to (i) the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee"), (ii) Citibank, N.A. and Citicorp North America, Inc., as administrative agents under the Debtors' prepetition senior credit facility, bridge loan agreement and term loan facility, (iii) Deutsche Bank Trust Company Americas, as trustee under the prepetition senior unsecured floating rate note and 5.875% senior unsecured note indentures, (iv) Wilmington Trust FSB, as successor trustee under the prepetition 6.300% senior unsecured note indenture, (v) counsel for the ad hoc committee of prepetition unsecured noteholders of CFGI, (vi) Law Debenture Trust Company of New York, as trustee under CFGI's prepetition floating rate junior subordinated indenture, (vii) any proposed DIP lender, (viii) those creditors holding the thirty (30) largest unsecured claims against the Debtors' estates (on a consolidated basis), and (ix) the Federal Deposit Insurance Corporation; and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion (the "Hearing"); and the appearances of all interested parties having been noted in the record of the Hearing; and upon the Declaration of Thomas L. Fairfield, Executive Vice President, General Counsel and Secretary of CFGI, in Support of the Debtors' Chapter 11 Petitions and First Day Motions and Applications, the record of the Hearing, and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion

establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, the Court hereby ORDERS that:

1. The Motion is granted to the extent set forth herein.

2. The Debtors are authorized, pursuant to sections 105(a), 327, 328, and 330 of the Bankruptcy Code, to retain and compensate professionals that the Debtors employ in the ordinary course of their businesses (each, an "Ordinary Course Professional," and collectively, the "Ordinary Course Professionals"), including, but not limited to, those professionals listed on Exhibit "1" annexed hereto (the "Ordinary Course Professionals List"), effective as of the commencement date of these cases or, with respect to professionals not listed on Exhibit "1", such later date identified in this Order.

3. Each Ordinary Course Professional shall, within thirty (30) days after (i) for Ordinary Course Professionals listed on Exhibit "1", the date of entry of this Order, and (ii) for Ordinary Course Professionals not listed on Exhibit "1", the date on which each retained Ordinary Course Professional commences services for the Debtors, provide to the Debtors' attorneys the following: (a) an affidavit, substantially in the form annexed hereto as Exhibit "2", certifying that such professional does not represent or hold any interest adverse to the Debtors or their estates for the matter on which the professional is to be employed (the "Ordinary Course Professional Affidavit")[2] and (b) a completed retention questionnaire, substantially in the form annexed hereto as Exhibit "3" (the "Retention Questionnaire").

4. The Debtors' attorneys shall file the Ordinary Course Professional Affidavit and the Retention Questionnaire with the Court within five (5) business days of

---

[2] To the extent that an Ordinary Course Professional Affidavit is not filed for an Ordinary Course Professional within 30 days of the later of entry of this order or commencing services for the Debtors, the Ordinary Course Professional should expressly provide in such Ordinary Course Professional Affidavit that the filing is beyond such period and explain why *nunc pro tunc* (or retroactive) relief is warranted.

receiving same from the Ordinary Course Professional and serve them upon (i) the U.S. Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attention: Joseph J. McMahon, Jr., Esq., and (ii) counsel to the creditors committee appointed in these cases, Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, New York 10036, Attention: Thomas Moers Mayer, Esq. and Amy Caton, Esq. (collectively, the "Reviewing Parties"). The Reviewing Parties shall have twenty (20) days following the date of service to notify Debtors' counsel, in writing, of any objection to the retention based on the contents of the Ordinary Course Professional Affidavit and the Retention Questionnaire ("Retention Objection Deadline") and file any such objection with the Court, with service of any objection to be made upon (i) Dewey & LeBoeuf LLP, 1301 Avenue of the Americas, New York, New York 10019, Attention: Michael P. Kessler, Esq. and Judy G.Z. Liu, Esq., and (ii) Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, Delaware 19801, Attention: Mark D. Collins, Esq. and Jason M. Madron, Esq., so that any such objection is actually received by the Retention Objection Deadline.

5. If no timely objection is received to a filed Ordinary Course Professional Affidavit and/or Retention Questionnaire, the retention, employment, and compensation of such Ordinary Course Professional shall be deemed approved by the Court pursuant to sections 327 and 328 of the Bankruptcy Code, without further order from the Court, and, except as expressly provided herein, the Debtors may pay the Ordinary Course Professional 100% of fees and 100% of expenses sought by each Ordinary Course Professional retained pursuant to this Order, without application to the Court, upon the submission to and approval by the Debtors of reasonably detailed invoices indicating the nature of the services rendered and disbursements actually incurred; provided, however, that the following Fee Limits apply to:

(a) **Ordinary Course Professionals other than (i) Arnold and Porter LLP; (ii) Baker Donelson Bearman Caldwell; (iii) Ballard Spahr Andrews & Ingersoll LLP; (iv) Barnes & Thornburg LLP; (v) Dechert LLP; (vi) Duane Morris LLP; (vii) Foley & Lardner LLP; (viii) Holland & Knight LLP; (ix) Kutak Rock LLP; (x) Locke Lord Bissell & Liddell LLP; (xi) Simpson Thacher & Bartlett LLP; and (xii) Sullivan & Cromwell LLP (the "Excluded Ordinary Course Professionals")**

   (i) In the aggregate, fees and disbursements to an Ordinary Course Professional (other than the Excluded Ordinary Course Professionals) shall not exceed a total of $35,000 per month on a "rolling basis" (the "OCP Fee Limit").

   (ii) Paying fees on a "rolling basis" shall mean that an Ordinary Course Professional (other than the Excluded Ordinary Course Professionals) whose fees and disbursements are less than $35,000 in any month will be eligible to apply the difference between $35,000 and the amount billed in such month to any subsequent month in which fees and disbursements exceed $35,000; provided, however, that the payment to any such Ordinary Course Professional in any such subsequent month shall not exceed $45,000.

(b) **Excluded Ordinary Course Professionals**

   (i) In the aggregate, fees and disbursements to an Excluded Ordinary Course Professional shall not exceed a total of $60,000 per month (the "Excluded OCP Fee Limit," and together with the OCP Fee Limit, the "Fee Limits"); provided, however, that the U.S. Trustee may, in her sole discretion, revisit the amount of, and/or object to, the aforementioned monthly "cap" after three (3) months have elapsed from the Petition Date; provided further, that this Court may resolve any dispute between the Debtors and the U.S. Trustee with respect to the appropriate amount of the monthly "cap" applicable to Excluded Ordinary Course Professionals for the fourth (4th) post-petition month going forward.

6. If a timely objection is filed to the proposed retention of an Ordinary Course Professional hereunder, and any such objection cannot be resolved within fifteen (15) days, the matter shall be set for a hearing before the Court.

7. The Debtors shall not pay an Ordinary Course Professional any amounts for invoiced fees and expense reimbursement until its Ordinary Course Professional Affidavit

and Retention Questionnaire have been filed with the Court and the Retention Objection Deadline has passed and, if an objection is filed within the Retention Objection Deadline, after the Court signs an order overruling such objection.

8. In the event that an Ordinary Course Professional seeks an amount in excess of the applicable Fee Limit, such Ordinary Course Professional will be required to file a fee application for the full amount of its fees and disbursements for such month in accordance with sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, orders of the Court, and Fee Guidelines promulgated by the U.S. Trustee.

9. The Debtors are authorized to modify or supplement the list of Ordinary Course Professionals from time to time during these chapter 11 cases, as needed, and to file with the Court and serve upon the Reviewing Parties a notice listing Ordinary Course Professionals added to the Ordinary Course Professionals List (the "Supplemental Notice of Ordinary Course Professionals"), along with the attendant Ordinary Course Affidavit and Retention Questionnaire.

10. If no objection to the retention of an additional Ordinary Course Professional listed on the Supplemental Notice of Ordinary Course Professionals is filed with this Court and served upon the Debtors' counsel within fifteen (15) days after the service thereof, the retention of such Ordinary Course Professionals shall be deemed approved by the Court pursuant to sections 327 and 328 of the Bankruptcy Code without the need for a hearing, effective as of a date that is no earlier than thirty-seven (37) days prior to the filing of the Supplemental Notice of Ordinary Course Professionals and accompanying Ordinary Course

Affidavit and Retention Questionnaire unless the Ordinary Course Affidavit contains an express request for *nunc pro tunc* relief; <u>provided, however</u>, if an objection is served and filed, and cannot be resolved within fifteen (15) days, the matter shall be set for a hearing before the Court.

11. Any Ordinary Course Professional retained pursuant to a supplemental list of Ordinary Course Professionals will be paid in accordance with the terms and conditions of this Order.

12. The right of any party in interest to dispute any invoices shall not be affected or prejudiced in any manner by the relief granted in this Order.

13. All Ordinary Course Professionals who are not law firms and law firm Ordinary Course Professionals who did not represent the Debtors prior to the Filing Date who are employed pursuant to this Order shall, once their employment is effective pursuant to this Order, be deemed to have waived any and all pre-petition claims they may have against the Debtors.

14. Every ninety (90) days (commencing on the first day of the month following the ninetieth day after the entry of this Order), the Debtors shall file with the Court a report summarizing payments to Ordinary Course Professionals (an "<u>Ordinary Course Professionals Report</u>"), and serve the Ordinary Course Professionals Report on the Notice Parties.

15. The Ordinary Course Professionals Report shall include the following information for each Ordinary Course Professional receiving payments from the Debtors during the applicable Reporting Period (as defined below): (i) the name of such Ordinary Course Professional; (ii) the aggregate amounts paid as compensation for services rendered and reimbursement of expenses incurred by such Ordinary Course Professional during the preceding

ninety (90) day period ending at the conclusion of the prior calendar month (the "Reporting Period"); and (iii) a general description of the services rendered by such Ordinary Course Professional.

16. This Order shall not apply to any professional retained by the Debtors pursuant to a separate order of the Court.

17. The Debtors shall serve this Order within three (3) business days of its entry on the parties in interest identified in Local Rule 2002-1(b).

18. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: December 3, 2009
Wilmington, Delaware

THE HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE