IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------x
                                             :

*In re*                                     :     Chapter 11 Case No.

CAPMARK FINANCIAL GROUP INC., *et al.*,  :

                                        :     09-13684 (CSS)

        Debtors.                 :

                                        :     **Objection Deadline: January 12, 2009 at 4:00 p.m.**

---------------------------------------------------------------x

## FIRST MONTHLY APPLICATION OF DEWEY & LEBOEUF LLP FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED AS ATTORNEYS FOR THE DEBTORS FOR THE PERIOD OCTOBER 25, 2009 THROUGH NOVEMBER 30, 2009

| | |
|---|---|
| Name of Applicant: | Dewey & LeBoeuf LLP ("D&L") |
| Authorized to Provide Professional Services to: | The Debtors |
| Date of Retention: | December 14, 2009, *nunc pro tunc* to October 25, 2009 |
| Period for Which Compensation and Reimbursement is Sought: | October 25, 2009 through November 30, 2009 (the "Interim Compensation Period") |
| Amount of Compensation Sought as Actual, Reasonable, and Necessary: | $3,054,340.25 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable, and Necessary: | $28,853.26 |

This is a   _X_ Monthly _____ Interim _____ Final Fee Application

D&L has not filed a prior application in this case.

The total time expended in connection with the preparation of this First Monthly Application is not included herein as such time was expended after the Interim Compensation Period.

NY2 2044720.7 780936 000016

# SUMMARY OF PROFESSIONAL SERVICES RENDERED BY TASK CODE BY DEWEY & LEBOEUF LLP ON BEHALF OF THE DEBTORS FOR THE INTERIM COMPENSATION PERIOD OCTOBER 25, 2009 THROUGH NOVEMBER 30, 2009

| TASK CODE | DESCRIPTION | HOURS | AMOUNT |
|---|---|---|---|
| W 002 | Asset Dispositions / 363 Sales (General) | 368.7 | $229,669.00 |
| W 003 | Asset Dispositions / 363 Sales (Servicing Business Sale) | 1,250.0 | $783,024.00 |
| W 004 | Assignments or Rejections of Executory Contracts or Leases | 80.3 | $40,310.00 |
| W 005 | Automatic Stay / Adequate Protection | 46.7 | $27,347.00 |
| W 006 | Avoidance Actions | 6.8 | $6,432.50 |
| W 007 | Billing/Fee Applications – D&L | 72.6 | $26,890.00 |
| W 008 | Billing/Fee Applications – Other Professionals | 107.3 | $56,090.50 |
| W 009 | Capmark Bank/FDIC/CMA | 30.0 | $26,076.50 |
| W 010 | Case Administration | 155.1 | $57,739.00 |
| W 011 | Claims Administration Process | 4.3 | $1,815.50 |
| W 012 | Collections / Setoff | 8.2 | $3,664.00 |
| W 014 | Corporate Governance/Securities | 13.1 | $8,020.00 |
| W 015 | Creditor Inquiries | 19.6 | $10,389.00 |
| W 016 | Employee/ERISA/Retention/ Bonuses | 183.8 | $122,366.00 |
| W 019 | Financing/Cash Collateral | 122.2 | $97,009.50 |
| W 020 | General Business Operations | 39.1 | $27,647.00 |
| W 021 | General Case Strategy | 186.60 | $131,249.00 |
| W 022 | Hearings and Court Matters | 351.3 | $220,471.50 |
| W 023 | Insurance Issues | 0.4 | $270.00 |
| W 024 | Litigation/Adversary Proceedings | 129.3 | $71,925.50 |
| W 025 | Non-Working Travel **(Billed at 50%)** | 57.6 | $21,872.75 |
| W 026 | Plan Process | 14.7 | $14,077.50 |
| W 029 | Safe Harbor/Protected Contracts | 53.9 | $34,374.50 |
| W 030 | Schedules/Statements of Financial Affairs/Trustee Reports | 7.3 | $4,132.00 |
| W 031 | Tax | 449.6 | $274,466.50 |
| W 032 | Utility Issues | 6.0 | $3,885.00 |
| W 033 | United States Trustee | 53.9 | $38,902.00 |
| W 034 | Preparation of Pleadings | 106.9 | $56,026.50 |
| W 035 | Ratings Agencies | 5.5 | $4,030.00 |
| W 036 | LIHTC (Low Income Housing Tax Credit) | 395.9 | $245,568.50 |
| W 037 | NMTC (New Markets Tax Credit) | 4.7 | $4,329.00 |
| W 038 | GSEs/HUD/FHA | 51.7 | $36,432.00 |
| W 039 | Creditors' Committee | 177.7 | $145,368.00 |
| W 040 | Japanese Restructuring | 329.4 | $222,470.50 |
| **TOTAL FOR ALL TASK CODES** | | **4,890.2** | **$3,054,340.25** |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------x
                                            :
*In re*                                     :   Chapter 11 Case No.
                                            :
CAPMARK FINANCIAL GROUP INC., *et al.*,     :
                                            :   09-13684 (CSS)
         Debtors.[1]                        :
                                            :   Jointly Administered
                                            :
------------------------------------------------------------x

# FIRST MONTHLY APPLICATION OF DEWEY & LEBOEUF LLP FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED AS ATTORNEYS FOR THE DEBTORS FOR THE PERIOD OCTOBER 25, 2009 THROUGH NOVEMBER 30, 2009

TO THE HONORABLE CHRISTOPHER S. SONTCHI,
UNITED STATES BANKRUPTCY JUDGE:

Dewey & LeBoeuf LLP ("D&L"), attorneys for Capmark Financial Group Inc. ("CFGI"), and certain of its subsidiaries and affiliates, as debtors and debtors in possession

---

[1] The Debtors in these chapter 11 cases, along with the last four (4) digits of each Debtor's federal tax identification number, are: Summit Crest Ventures, LLC (5690), Capmark Financial Group Inc. (2188), Capmark Capital Inc. (6496), Capmark Finance Inc. (3444), Commercial Equity Investments, Inc. (4153), Mortgage Investments, LLC (6319), Net Lease Acquisition LLC (9658), SJM Cap, LLC (0862), Capmark Affordable Equity Holdings Inc. (2379), Capmark REO Holding LLC (3951), Paramount Managing Member AMBAC II, LLC (3934), Paramount Managing Member AMBAC III, LLC (3999), Paramount Managing Member AMBAC IV, LLC (0117), Paramount Managing Member AMBAC V, LLC (3366), Paramount Managing Member LLC (0184), Paramount Managing Member II, LLC (7457), Paramount Managing Member III, LLC (0196), Paramount Managing Member IV, LLC (0199), Paramount Managing Member V, LLC (0201), Paramount Managing Member VI, LLC (5857), Paramount Managing Member VII, LLC (5855), Paramount Managing Member VIII, LLC (5854), Paramount Managing Member IX, LLC (5452), Paramount Managing Member XI, LLC (5455), Paramount Managing Member XII, LLC (5457), Paramount Managing Member XVIII, LLC (3087), Paramount Managing Member XIV, LLC (4194), Paramount Managing Member XV, LLC (4192), Paramount Managing Member XVI, LLC (4186), Paramount Northeastern Managing Member, LLC (3086), Capmark Affordable Properties Inc. (3435), Paramount Managing Member XXIII, LLC (4754), Paramount Managing Member XXIV, LLC (3615), Paramount Managing Member 30, LLC (6824), Paramount Managing Member 31, LLC (6826), Paramount Managing Member 33, LLC (6831), Broadway Street California, L.P. (7722), Broadway Street 2001, L.P. (0187), Broadway Street XV, L.P. (7730), Broadway Street XVI, L.P. (7725), Broadway Street XVIII, L.P. (9799), Broadway Street Georgia I, LLC (9740), Capmark Managing Member 4.5 LLC (8979), and Capmark Affordable Equity Inc. (2381). CFGI's corporate headquarters is located at 116 Welsh Road, Horsham, Pennsylvania, 19044. The addresses for all of the Debtors are available at the following World Wide Web address: http://chapter11.epiqsystems.com/capmark.

(collectively, the "Debtors"), as and for its first Monthly Fee Application (the "First Monthly Application"), pursuant to sections 327, 330(a) and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. §330 issued by the Executive Office for United States Trustee (the "Guidelines"), and this Court's *Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals*, dated November 24, 2009 (the "Interim Compensation Order") [Docket No. 337] for (i) the allowance of interim compensation for professional services performed by D&L for the period commencing October 25, 2009 through and including November 30, 2009 (the "Interim Compensation Period") in the amount of $3,054,340.25 (the "Interim Compensation Amount"), and (ii) reimbursement of its actual and necessary expenses in the amount of $28,853.26 incurred during the Interim Compensation Period (the "Interim Expense Amount"), respectfully represents:

## Background

1. On October 25, 2009 (the "Commencement Date"), each of the Debtors commenced voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors in possession as authorized by sections 1107(a) and 1108 of the Bankruptcy Code.

2.   On October 27, 2009, this Court entered an order authorizing the joint administration of the Debtors' chapter 11 cases pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1.

3.   On November 2, 2009, the Office of the United States Trustee (the "U.S. Trustee") appointed a statutory creditors' committee pursuant to section 1102 of the Bankruptcy Code (the "Committee").

4.   By this Court's Order, dated December 14, 2009, the Debtors were authorized to retain D&L as their attorneys, *nunc pro tunc* to the Commencement Date, with regard to the filing and prosecution of these cases and all related matters (the "Retention Order") [Docket No. 448]. The Retention Order authorized the Debtors to compensate D&L in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and such other procedures as were established by the Interim Compensation Order.

### Summary of Application for the Compensation Period

5.   This First Monthly Application is D&L's first request for interim compensation in the Debtors' chapter 11 cases. During the Interim Compensation Period, covering the first five weeks of these chapter 11 cases, D&L worked closely with the Debtors to, among other things, stabilize their business, institute procedures to streamline the chapter 11 process, and effectuate certain sale transactions, all to preserve the value of the Debtors' estates.

6.   To this end, D&L was required to render an extraordinary amount of professional services under intense time constraints to preserve value and move these chapter 11 cases forward. Over the course of this five week period, D&L (i) obtained various forms of crucial first day relief on interim and final bases; (ii) facilitated the Debtors' ability to use cash

collateral on an interim basis; (iii) conducted sale processes for three segments of the Debtors' businesses, and (iv) assisted the Debtors in obtaining authorization to pay wages and other benefits to its valuable employees. In the Interim Compensation Period, D&L (i) prepared and filed over 100 pleadings and other documents with the assistance of local counsel; (ii) participated in and prepared for four hearings which included both contested and uncontested matters; (iii) obtained over 30 orders on the Debtors' behalf, ensuring the efficient administration of these cases and according much needed relief to the Debtors; and (iv) performed myriad other professional services as described in this First Monthly Application and reflected on Exhibit A hereto.

7. By this First Monthly Application, D&L seeks an allowance pursuant to the Interim Compensation Order with respect to the sums of $3,054,340.25 as compensation for professional services (80% of which equals $2,443,472.20) and $28,853.26 as reimbursement for actual and necessary expenses incurred during the Interim Compensation Period in connection with such professional services. D&L maintains computerized records of the time spent by all D&L attorneys and paraprofessionals in connection with D&L's representation of the Debtors. Subject to redaction where necessary to preserve the attorney-client privilege and the confidentiality of attorney work product, relevant copies of the computerized records for the Interim Compensation Period are annexed hereto as Exhibit C, as further described below.

### Summary of Services Rendered by D&L During the Interim Compensation Period

8. Annexed hereto as Exhibit A is D&L's summary of itemized time records for professionals and paraprofessionals performing services for the Debtors during the Interim Compensation Period. During the Interim Compensation Period, D&L billed the Debtors for time expended by attorneys based on hourly rates ranging from $385.00-$975.00 per hour. The professional services performed by D&L on behalf of the Debtors during the Interim

6

Compensation Period required an aggregate expenditure of 4,890.2 recorded hours by D&L's partners, counsel, associates, and paraprofessionals. Of the aggregate time expended, 2,315.8 recorded hours were expended by partners and counsel, 2,224.3 recorded hours were expended by associates, and 350.1 recorded hours were expended by paraprofessionals. D&L's blended hourly rate for attorney services provided during the Interim Compensation Period is $657.94.

9. The fees charged by D&L as set forth in Exhibit A are billed in accordance with D&L's existing billing rates and procedures in effect during the Interim Compensation Period. The rates D&L charges for the services rendered by its professionals and paraprofessionals in these chapter 11 cases are the same rates D&L charges for professional and paraprofessional services rendered in comparable nonbankruptcy related matters in a competitive national legal market.

10. All entries itemized in D&L's time records comply with the requirements set forth in Local Rule 2016-2, including, without limitation, (i) the utilization of project categories, (ii) a description of each activity or service that each individual performed, and (iii) the number of hours (in increments of one-tenth of an hour) spent by each individual providing the services. Each project category is organized in accordance with D&L's internal system of project category or work codes (each a "Task Code"). If a Task Code does not appear, D&L did not bill time or expenses for that Task Code during the Interim Compensation Period, but may bill time for that Task Code in the future. In accordance with Local Rule 2016-2(d)(x), all activity descriptions are presented chronologically within each Task Code category.

11. The following is a summary of the significant professional services rendered by D&L during the Interim Compensation Period for all task codes in which D&L

7

billed a minimum of 10 hours during the Interim Compensation Period. Additional detail is contained in Exhibit C.

    i.    Asset Dispositions/363 Sales (General) (Task Code W002)
(Fees: $229,669.00; Hours: 368.7)

- Advise and work extensively with the Debtors and potential purchasers on the process and documents relating to the sale pursuant to section 363(b) of the Debtors' military housing business ("Military Housing") and Japanese servicing business, Premier Asset Management Company, as well as other potential asset sales

- Draft motions seeking approval of sales and related relief, e.g.. bidding procedures and scheduling orders, the transfer and the assignment of an unfunded loan commitment in connection with the Military Housing sale

- Respond to objections to sales

    ii.    Asset Disposition/363 Sales (Servicing Business Sale) (Task Code W003)
(Fees: $783,024.00; Hours: 1,250.00)

- Advise and work extensively with the Debtors and potential purchasers on the process and documents relating to corporate, tax, and bankruptcy aspects of the sale of the Debtors' North American servicing business (the "MSB Business") to Berkadia Commercial Mortgage LLC pursuant to section 363(b)

- Draft motions seeking approval of sale of the Debtors' MSB Business and related relief, e.g., bidding procedures and scheduling orders, and orders regarding assumption and assignment of executory contracts and nonresidential leases

- Respond and resolve numerous objections to sale and/or cure amounts for assumption and assignment of executory contracts and unexpired leases

- Prepare motions authorizing continuation of MSB Business activity on an ordinary course basis

    iii.    Assignments or Rejections of Executory Contracts or Leases (Task Code W004)
(Fees: $40,310.00; Hours: 80.3)

8

- Begin process with the Debtors of analyzing their executory contracts and leases

- Prosecute motion to reject certain nonresidential real property leases *nunc pro tunc* to the Commencement Date.

- Conduct legal research and analysis regarding assumption and rejection issues

iv. <u>Automatic Stay/Adequate Protection (Task Code W005)</u>
(Fees: $27,347.00; Hours: 46.7)

- Revise, analyze and respond to requests to lift the automatic stay, as well as adequate protection demands and filings

v. <u>Avoidance Actions (Task Code W006)</u>
(Fees: $6,432.50; Hours: 6.8)

- Analysis and research regarding potential actions to recover estate property such as turnover, avoidance, or other causes of action

vi. <u>Billing/Fee Applications (D&L)(Task Code W007)</u>
(Fees: $26,890.00; Hours: 72.6)

- Prosecute D&L retention application, including responding to U.S. Trustee's objections

- Draft supplemental disclosure affidavit

- Comply with timekeeping guidelines

vii. <u>Billing/Fee Applications (Other Professionals) (Task Code W008)</u>
(Fees: $56,090.50; Hours: 107.3)

- Advise on the retention of the Debtors' other chapter 11 professionals and ordinary course professionals, including assistance with retention pleadings, fee statements and fee applications

- Draft supplemental disclosure affidavits for certain professionals

viii. <u>Capmark Bank/FDIC/CMA (Task Code W009)</u>
(Fees: $26,076.50; Hours: 30.0)

- Advise on issues involving the capital maintenance agreement provided by CFGI in favor of the FDIC

9

- Negotiations with FDIC and Committee regarding further capital contributions into Capmark Bank and related issues

ix. Case Administration (Task Code W010)
(Fees: $57,739.00; Hours: 155.1)

- Conduct case status and coordination activities

- Prepare documents, affidavits of service and service mailings, as required

- Maintain internal filing and organization system of case documents to insure accessibility by D&L team, client and other parties in interest.

x. Corporate Governance/Securities (Task Code W013)
(Fees: $8,020.00; Hours: 13.1)

- Tasks related to the governance of the Debtors or issues related to the securities issued by the Debtors, including the substitution of the indenture trustee under the Debtors' unsecured notes

xi. Creditor Inquiries (Task Code W015)
(Fees: $10,389.00; Hours: 19.6)

- Respond to numerous creditor inquiries relating to commencement of the Debtors' chapter 11 cases

xii. Employee/ERISA/Retention/Bonuses (Task Code W017)
(Fees: $122,366.00; Hours: 183.8)

- Prosecute motion relating to continued payments of employee wages and benefits

- Advise the Debtors on issues relating to employee wages, benefits and ERISA matters.

- Assist with structuring of postpetition bonus and incentive award plans

- Draft supplementary brief to wages motion, seeking severance for non-insider employees.

xiii. Financing/Cash Collateral (Task Code W019)
(Fees: $97,009.50; Hours: 122.2)

10

- Advise the Debtors on issues relating to cash collateral and lenders' secured claims

- Analyze loan documents relating to same

- Extensive negotiations with creditor constituencies regarding the use of cash collateral on a consensual interim and final basis, and preparation of pleadings related to same

- Draft and revise interim and proposed final cash collateral orders

xiv. General Business Operations (Task Code W020)
(Fees: $27,647.00; Hours: 39.1)

- Prosecution of various motions seeking to continue business in the ordinary course

- Advise the Debtors as to general business operations

xv. General Case Strategy (Task Code W021)
(Fees: $131,249.00; Hours: 186.6)

- Determine the strategic course of the Debtors' cases, including various internal and external meetings and conferences to discuss case status, development, legal issues affecting the Debtors' estates and next steps.

xvi. Hearing and Court Matters (Task Code W022)
(Fees: $220,471.50; Hours: 351.3)

- Preparation for and attendance at hearings on October 27, 2009, October 29, 2009, November 4, 2009 and November 24, 2009.

xvii. Litigation/Adversary Proceedings (Task Code W024)
(Fees: $71,925.50; Hours: 129.3)

- Assist Debtors regarding various litigation disputes to which the Debtors are a party or that affect the chapter 11 cases, with the exception of avoidance actions

xviii. Non-Working Travel (Task Code W025) **(Billed at 50%)**
(Fees: $21,872.75; Hours: 57.6)

- Travel to and from hearings held on October 27, 2009, October 29, 2009, November 4, 2009 and November 24, 2009, where no billable work is performed on behalf of the Debtors. In

11

accordance with Local Rule 2016-2(d)(viii), D&L billed the Debtors for one-half the total time that D&L professionals spent on non-working travel

xix. <u>Plan Process (Task Code W026)</u>
(Fees: $14,077.50; Hours: 14.7)

- Consideration and analysis of issues related to potential chapter 11 plans

xx. <u>Safe Harbor/Protected Contracts (Task Code W029)</u>
(Fees: $34,374.50; Hours: 53.9)

- Provide legal analysis regarding certain derivative transactions

xxi. <u>Tax (Task Code W031)</u>
(Fees: $274,466.50; Hours: 449.6)

- Prosecute motions seeking to pay prepetition taxes and establish notice procedures regarding equity trading of CFGI shares

- Legal research, review, analyze, prepare legal memoranda and conferences regarding (a) the preservation of the Debtors' net operating losses, (b) tax consequences of certain pre-petition and post-petition actions of the Debtors impacting the Debtors' 2009 U.S. federal income tax return, (c) tax consequences of actions with respect to the Debtors' operations in Europe and Asia and (d) various tax matters in connection with a potential plan in these cases

- Review and advise on tax aspects of asset sales

- Prepare and participate in conference with the Committee regarding tax issues

xxii. <u>United States Trustee (Task Code W033)</u>
(Fees: $38,902.00; Hours: 53.9)

- Numerous calls and discussions with the U.S. Trustee's Office regarding comments on and suggested modifications to proposed orders

xxiii. <u>Preparation of Pleadings (Task Code W034)</u>
(Fees: $56,026.50; Hours: 106.9)

- Prepare potential pleadings filed during the cases

12

xxiv. LIHTC (Low Income Housing Tax Credit) (Task Code W036)
(Fees: $245,568.50; Hours: 395.9)

- Advise the Debtors on issues relating to the LIHTC business and bankruptcy issues impacting the LIHTC business

- Meet with counterparties in the LIHTC business to discuss bankruptcy issues

xxv. GSEs/HUD/FHA (Task Code W038)
(Fees: $36,432.00; Hours: 51.7)

- Draft supplemental motion to normal business motion, seeking authorization to operate loan origination business in the ordinary course and grant GSEs an administrative expense claim in connection with any loans transferred after the Commencement Date

- Resolve issues relating to GSEs and sale of MSB Business

xxvi. Creditors Committee (Task Code W039)
(Fees: $145,368.00; Hours: 177.7)

- Numerous communications and meetings with the Committee on certain issues and matters relating to these chapter 11 cases

xxvii. Japanese Restructuring (Task Code W040)
(Fees: $222,470.50; Hours: 329.4)

- Negotiations relating to waiver agreements and restructuring of Japanese entities

12. The foregoing professional services performed by D&L were necessary and appropriate to the administration of these cases. The professional services performed by D&L were also in the best interests of the Debtors and other parties in interest. Compensation for the foregoing services as requested is commensurate with the complexity, importance, and time-sensitive nature of the problems, issues, or tasks involved. The professional services were performed with expedition and in an efficient manner.

13. In accordance with the factors enumerated in section 330 of the Bankruptcy Code, the amount of fees requested is fair and reasonable given: (a) the complexity

of these cases; (b) the time expended; (c) the nature and extent of the services rendered; (d) the value of such services; (e) D&L's established expertise in the bankruptcy field; and (f) the costs of comparable services other than in a case under the Bankruptcy Code.

**Actual and Necessary Expenses of D&L**

14. Pursuant to Local Rule 2016-2(e), annexed hereto as <u>Exhibit B</u> is D&L's summary of itemized records detailing expenses incurred on behalf of the Debtors during the Interim Compensation Period.

15. As more fully described in <u>ExhibitB</u>, D&L seeks reimbursement for the following categories of expenses: (a) local transportation, (b) meals, (c) conference meals, (d) postage, (e) telecommunications, (f) duplicating, (g) air courier/express mail, (h) computerized research, (i) domestic travel, (j) document processing, (k) filing fees, and (l) legal notices/advertising. All entries detailed in <u>Exhibit C</u> comply with the requirements set forth in Local Rule 2016-2(e), including an itemization of the expenses by category, the date the expense was incurred, and the individual incurring the expense, where available.

16. D&L generally charges $.25 per page for photocopying expenses and $2.00 per page for outgoing facsimile transmissions; however, in accordance with Local Rule 2016-2(e), D&L has charged the Debtors $.10 per page for photocopying expenses and $1.00 per page for outgoing facsimile transmissions. D&L does not charge its clients for incoming facsimile transmissions. The rates charged by D&L for Westlaw and Lexis computerized research vary according to the type of research conducted and the specific files researched, but, in any event, such charges are billed at cost, as set forth in <u>Exhibit B</u>. As per the Guidelines, D&L has not requested reimbursement of expenses related to overhead charges, such as secretarial services and proofreading.

14

17. D&L has disbursed $28,853.26 as expenses incurred in providing professional services during the Interim Compensation Period. These charges are intended to cover D&L's direct operating costs, which costs are not incorporated into the D&L hourly billing rates. The effect of including such expenses as part of the hourly billing rates would impose that cost upon clients who do not require extensive photocopying and other facilities and services. Only clients who actually use services of the kind set forth in Exhibit B are separately charged for such services. D&L has made every effort to minimize its expenses in this case. The actual expenses incurred in providing professional services were necessary, reasonable, and tailored to serve the specific needs of the Debtors.

## Compensation Paid and Its Source

18. All services for which D&L seeks compensation and expenses for which it seeks reimbursement were performed for or on behalf of the Debtors. D&L received no payment and no promises of payment from any source, other than the Debtors, for services rendered, or to be rendered, in any capacity whatsoever in connection with the matters covered by this First Monthly Application. There is no agreement or understanding between D&L and any other person, other than members of the firm, for the sharing of compensation received for services rendered in this case.

19. As of the Commencement Date, D&L had a credit balance in favor of the Debtors in the approximate amount of $3.54 million. In accordance with the Retention Order and this Court's ruling on December 10, 2009, after application of amounts for any additional prepetition professional services and related expenses, D&L will continue to hold the excess amounts as an evergreen retainer, with its interim fees and expenses to be paid on an ongoing basis out of the Debtors' operating cash.

20. Section 331 of the Bankruptcy Code provides for interim compensation of professionals and incorporates the substantive standards of section 330 of the Bankruptcy Code to govern the Court's award of such compensation. 11 U.S.C. § 331. Section 330 of the Bankruptcy Code provides that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual, necessary services rendered . . . and reimbursement for actual, necessary expenses." *Id.* § 330(a)(1)(A)-(B). Section 330 of the Bankruptcy Code also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded ... the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including—
>
> (A) the time spent on such services;
>
> (B) the rates charged for such services;
>
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
> (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
>
> (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

*Id.* § 330(a)(3).

21. In the instant case, D&L respectfully submits the professional services for which it seeks compensation and the expenditures for which it seeks reimbursement in this First Monthly Application were necessary for and beneficial to the Debtors' orderly administration of their estates and their restructuring efforts. D&L worked diligently to anticipate or respond to the Debtors' needs and assist in the Debtors' navigation of the chapter 11 process. Such services and expenditures were necessary to and in the best interests of the Debtors' estates and creditors. D&L further submits the compensation requested herein is reasonable in light of the nature, extent, and value of such services to the Debtors, their estates, and all parties in interest.

22. In sum, the services rendered by D&L were necessary and beneficial to the Debtors' estates and were consistently performed in a timely manner commensurate with the complexity, importance, and nature of the issues involved, and approval of the compensation for professional services and reimbursement of expenses sought herein is warranted.

## Reservation

23. To the extent time or disbursement charges for services rendered or disbursements incurred relate to the Interim Compensation Period but were not processed prior to the preparation of this First Monthly Application, or D&L has for any other reason not yet sought compensation or reimbursement of expenses herein with respect to any services rendered or expenses incurred during the Interim Compensation Period, D&L reserves the right to request additional compensation for such services and reimbursement of such expenses in a future application.

WHEREFORE D&L respectfully requests that the Court enter an order (i) allowing interim compensation for professional services rendered during the Interim Compensation Period in the amount of $3,054,340.25 and reimbursement for actual and necessary expenses D&L incurred in connection with such services during the Interim Compensation Period in the amount

of $28,853.26, (ii) directing the Debtors to pay promptly to D&L (a) 80% of $3,054,340.25 (*i.e.*, $2,443,472.20) and (b) $28,853.26, consistent with the provisions of the Interim Compensation Order, (iii) allowing such compensation for professional services rendered and reimbursement of actual and necessary expenses incurred without prejudice to D&L's right to seek additional compensation for services performed and expenses incurred during the Interim Compensation Period, which

NY2 2044720.7 780936 000016

were not processed at the time of this First Monthly Application, and (iv) granting D&L such other and further relief as is just and proper.

Dated: Dec 23, 2009
Wilmington, Delaware

Respectfully submitted,

/s/ Michael P. Kessler

Martin J. Bienenstock
Michael P. Kessler
Judy G. Z. Liu
DEWEY & LEBOEUF LLP
1301 Avenue of the Americas
New York, New York 10019
Telephone: (212) 259-8000

*Attorneys for the Debtors and Debtors in Possession*