IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------x
:
*In re:* : Chapter 11
:
CAPMARK FINANCIAL GROUP INC., *et al.*, : Case No. 09-13684 (CSS)
:
Debtors.[1] : Jointly Administered
:
: Hearing Date: February 19, 2010 at 9:00 a.m.
: Objection Deadline: February 12, 2010 at 4:00 p.m.
---------------------------------------------------------------x

### DEBTORS' MOTION FOR ORDER APPROVING ASSUMPTION AND ASSIGNMENT OF ADDITIONAL CONTRACTS PURSUANT TO TERMS AND CONDITIONS OF MILITARY HOUSING BUSINESS SALE ORDER

Capmark Financial Group Inc. ("CFGI") and certain of its subsidiaries and affiliates, as debtors and debtors in possession (collectively, the "Debtors"), submit this motion (the "Motion") for an order (i) approving the Debtors' assumption and assignment of certain additional executory contracts on the terms and conditions that certain other executory contracts were assumed and assigned pursuant to the *Order Authorizing Sale of Military Housing Business*

---

[1] The Debtors in these chapter 11 cases, along with the last four (4) digits of each Debtor's federal tax identification number, are: Summit Crest Ventures, LLC (5690), Capmark Financial Group Inc. (2188), Capmark Capital Inc. (6496), Capmark Finance Inc. (3444), Commercial Equity Investments, Inc. (4153), Mortgage Investments, LLC (6319), Net Lease Acquisition LLC (9658), SJM Cap, LLC (0862), Capmark Affordable Equity Holdings Inc. (2379), Capmark REO Holding LLC (3951), Paramount Managing Member AMBAC II, LLC (3934), Paramount Managing Member AMBAC III, LLC (3999), Paramount Managing Member AMBAC IV, LLC (0117), Paramount Managing Member AMBAC V, LLC (3366), Paramount Managing Member LLC (0184), Paramount Managing Member II, LLC (7457), Paramount Managing Member III, LLC (0196), Paramount Managing Member IV, LLC (0199), Paramount Managing Member V, LLC (0201), Paramount Managing Member VI, LLC (5857), Paramount Managing Member VII, LLC (5855), Paramount Managing Member VIII, LLC (5854), Paramount Managing Member IX, LLC (5452), Paramount Managing Member XI, LLC (5455), Paramount Managing Member XII, LLC (5457), Paramount Managing Member XVIII, LLC (3087), Paramount Managing Member XIV, LLC (4194), Paramount Managing Member XV, LLC (4192), Paramount Managing Member XVI, LLC (4186), Paramount Northeastern Managing Member, LLC (3086), Capmark Affordable Properties Inc. (3435), Paramount Managing Member XXIII, LLC (4754), Paramount Managing Member XXIV, LLC (3615), Paramount Managing Member 30, LLC (6824), Paramount Managing Member 31, LLC (6826), Paramount Managing Member 33, LLC (6831), Broadway Street California, L.P. (7722), Broadway Street 2001, L.P. (0187), Broadway Street XV, L.P. (7730), Broadway Street XVI, L.P. (7725), Broadway Street XVIII, L.P. (9799), Broadway Street Georgia I, LLC (9740), Capmark Managing Member 4.5 LLC (8979), Capmark Affordable Equity Inc. (2381), and Capmark Investments LP (7999). CFGI's corporate headquarters is located at 116 Welsh Road, Horsham, Pennsylvania, 19044. The addresses for all of the Debtors are available at the following World Wide Web address: http://chapter11.epiqsystems.com/capmark.

*Assets (Including Assumption and Assignment of Contracts) Free and Clear of All Liens, Claims and Interests* [Docket No. 421] (the "Sale Order"), dated as of December 10, 2009, which authorized the sale (the "Sale") of the Debtors' military housing business (the "Military Housing Business") to Jefferies Mortgage Finance, Inc. ("Jefferies"), pursuant to that certain Purchase Agreement, dated as of October 16, 2009, as amended (the "APA"); and (ii) approving the form and manner of notice of assumption and assignment of such additional executory contracts. In further support of this Motion, the Debtors rely upon and incorporate herein by reference (i) the *Motion, Pursuant to Sections 105(a), 363, and 365 of the Bankruptcy Code, Bankruptcy Rules 2002, 6004, 6006, and 9014, and Local Rules 2002-1 and 6004-1, Requesting Entry of Two Orders: (I) the Bidding Procedures Order, (a) Scheduling an Auction at which the Seller Debtors Will Solicit Higher and Better Offers in Connection with the Sale of Military Housing Business Assets; (b) Approving Bidding Procedures with Respect to Sale of Such Assets; (c) Approving a Break-Up Fee; (d) Scheduling a Sale Hearing; (e) Establishing Objection Deadline; and (f) Approving Sale Hearing Notice and Notice of Assumption and Assignment; and (II) the Sale Order, Approving Sale of Military Housing Business Assets (Including Assumption and Assignment of Contracts) Free and Clear of All Liens, Claims and Interests* [Docket No. 112] (the "Sale Motion"); and (ii) all evidence adduced at, and the record of, the hearing held on the Sale on December 10, 2009 (the "Sale Hearing"); and respectfully represent:

## Background

1. On October 25, 2009 (the "Commencement Date"), each of the Debtors other than Capmark Investments LP (collectively, the "First Filed Debtors") commenced a voluntary case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). On January 15, 2010 (the "Capmark Investments Commencement Date"), Capmark Investments LP, a wholly-owned subsidiary of CFGI, commenced a voluntary case under chapter 11 of the

2

Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors in possession as authorized by sections 1107(a) and 1108 of the Bankruptcy Code.

2. On October 27, 2009, this Court entered an order authorizing the joint administration of the First Filed Debtors' chapter 11 cases pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 1015-1 of the Local Bankruptcy Rules for the District of Delaware (the "Local Rules"). On January 19, 2010, this Court entered an order authorizing the joint administration of Capmark Investments LP's chapter 11 case with the jointly administered chapter 11 cases of the First Filed Debtors.

3. On October 30, 2009, the Debtors filed the Sale Motion.

4. On November 2, 2009, the Office of the United States Trustee (the "U.S. Trustee") appointed a statutory unsecured creditors committee pursuant to section 1102 of the Bankruptcy Code (the "Committee").

5. On November 24, 2009, this Court entered an *Order (a) Scheduling an Auction at which the Seller Debtors will Solicit Higher and Better Offers in Connection with the Sale of Military Housing Business Assets; (b) Approving Bidding Procedures with Respect to Sale of Such Assets; (c) Scheduling the Sale Hearing; (d) Scheduling an Auction; (e) Establishing Objection Deadline; and (f) Approving Sale Hearing Notice and Notice of Assumption and Assignment* [Docket No. 350] (the "Bidding Procedures Order"), which approved the procedures and schedule relating to the Sale.

6. On December 10, 2009, this Court entered the Sale Order, authorizing the Sale of the Military Housing Business to Jefferies on certain terms and conditions.

7. On December 18, 2009, the Debtors consummated the Sale of the Military Housing Business to Jefferies. In connection with the closing of the Sale, however, the Debtors

3

discovered that counterparties to certain executory contracts to be assumed and assigned as part of the Sale to Jefferies did not receive notice in accordance with the procedures set forth in the Bidding Procedures Order, prompting the Debtors to request the relief described herein.

## Jurisdiction and Venue

8. This Court has jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Capmark's Businesses

9. The Debtors and their non-debtor subsidiaries and affiliates (together with the Debtors, "Capmark") are a group of commercial real estate finance companies that provide real estate-related products and services to borrowers, investors and other customers along three core business lines: (i) commercial real estate lending and mortgage banking; (ii) investments and funds management; and (iii) commercial loan servicing.

10. A detailed description of Capmark's business, capital structure, and the events leading to the commencement of these chapter 11 cases is contained in the Declaration of Thomas L. Fairfield, Executive Vice President, General Counsel and Secretary of CFGI, in Support of the Debtors' Chapter 11 Petitions and First Day Motions and Applications, filed on the Commencement Date [Docket No. 13].

## Relief Requested

11. In connection with the notice provisions approved in the Bidding Procedures Order, each counterparty to approximately 290 executory contracts and agreements assumed and assigned to Jefferies (the "Assumed Contracts") received notice of the Debtors' intention to transfer the Assumed Contracts to Jefferies, the proposed cure amount relating to the counterparty's Assumed Contract, and the deadline by which such counterparty could object.

4

While the Debtors undertook reasonable best efforts to identify all executory contracts that would be Assumed Contracts, eight executory contracts and agreements (the "Additional Contracts") were not included on the cure schedule that set forth the counterparties and cure amounts relating to the Assumed Contracts. As a result, counterparties to the Additional Contracts (the "Additional Counterparties") did not receive notice of the Debtors' intention to assume and assign the Additional Contracts, nor any proposed cure amounts. The Additional Contracts and Additional Counterparties are listed with their respective cure amounts (the "Cure Amounts"), on Exhibit A, attached hereto.

12. The Additional Contracts not included on the cure schedule are (i) a collateralization addendum to an investment agreement, (ii) a collateral account control agreement, (iii) a custodial agreement, (iv) an investment agreement financial guaranty insurance policy, (v) a loan agreement, (vi) a control agreement, (vii) a restricted account and securities control account agreement, and (viii) a surety bond.

13. For the legal bases and reasons stated in the Sale Motion and in the record of the Sale Hearing, the Debtors request entry of an order, substantially in the form attached hereto as Exhibit B, authorizing the assumption and assignment of the Additional Contracts on the same terms and conditions set forth in the Sale Order, including, without limitation, free and clear of any and all liens, encumbrances, claims, and interests, as if the Additional Contracts were among the Assumed Contracts as of the date the Sale Order was entered.

14. To provide the Additional Counterparties with proper notice and an opportunity to object, which was provided to the counterparties to the Assumed Contracts, on the date hereof the Debtors sent to all nondebtor parties to the Additional Contracts a notice of intent to assume and assign the Additional Contracts (the "Notice of Assumption and Assignment"),

attached hereto as <u>Exhibit C</u>. This Notice of Assumption and Assignment was based on the notice provided in connection with the Assumed Contracts, which was approved by this Court in the Bidding Procedures Order. The Notice of Assumption and Assignment reflects that the Closing has occurred, but makes clear that the assumption and assignment of the Additional Contracts is subject to the approval of this Court, and that the Additional Counterparties have an opportunity to object. The Debtors submit the Notice of Assumption and Assignment, and the Debtors' service thereof, provided sufficient notice, in form and manner, to the Additional Counterparties and, therefore, respectfully request approval thereof.

### Notice

15. No trustee or examiner has been appointed in these chapter 11 cases. Notice of this Motion shall be provided by U.S. first-class mail to (i) the U.S. Trustee, (ii) Citibank, N.A. and Citicorp North America, Inc., as administrative agents under the Debtors' prepetition senior credit facility, bridge loan agreement and term loan facility, (iii) Wilmington Trust FSB, as successor trustee under the prepetition senior unsecured floating rate note, 5.875% senior unsecured note, and 6.300% senior unsecured note indentures, (iv) counsel to the Committee, and (v) all parties requesting notice pursuant to Bankruptcy Rule 2002 and Local Rule 2002-1(b). The Debtors submit that no other or further notice need be provided.

### No Previous Request

16. No previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE the Debtors respectfully request an order (i) approving the Debtors' assumption and assignment of the Additional Contracts on the same terms and conditions set forth in the Sale Order, as if the Additional Contracts were among the Assumed Contracts; (ii) approving the form and manner of Notice of Assumption of Assignment; and (iii) granting such other and further relief as the Court deems just and proper.

Dated: January 29, 2010
      Wilmington, Delaware

                                         Mark D. Collins (No. 2981)
                                         Paul N. Heath (No. 3704)
                                         Jason M. Madron (No. 4431)
                                         Lee E. Kaufman (No. 4877)
                                         RICHARDS, LAYTON & FINGER, P.A.
                                         One Rodney Square
                                         920 North King Street
                                         Wilmington, Delaware 19801
                                         Telephone: 302.651.7700
                                         Facsimile: 302.651.7701

                                         -and-

                                         Martin J. Bienenstock
                                         Michael P. Kessler
                                         Judy G.Z. Liu
                                         DEWEY & LEBOEUF LLP
                                         1301 Avenue of the Americas
                                         New York, New York 10019
                                         Telephone: 212.259.8000
                                         Facsimile: 212.259.6333

                                         *Attorneys for the Debtors and Debtors in Possession*