# EXHIBIT B

(Proposed Sale Order)

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------x
:
*In re* : Chapter 11
:
CAPMARK FINANCIAL GROUP INC., *et al.*, : Case No. 09-13684 (CSS)
:
Debtors. : Jointly Administered
:
------------------------------------------------------------x

### ORDER APPROVING SALE OF TRANSFERRED INTERESTS (INCLUDING ASSUMPTION AND ASSIGNMENT OF CONTRACTS) FREE AND CLEAR OF ALL LIENS, CLAIMS, AND INTERESTS

Upon the motion, dated February 4, 2010 (the "Motion"),[1] of Capmark Financial Group, Inc. ("CFGI") and certain of its subsidiaries and affiliates, as debtors and debtors in possession (collectively, the "Debtors"),[2] pursuant to sections 105(a), 363, and 365 of title 11, United States Code (the "Bankruptcy Code"), Rules 2002, 6004, 6006, and 9014 of the Federal

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

[2] The Debtors in these chapter 11 cases, along with the last four (4) digits of each Debtor's federal tax identification number, are: Summit Crest Ventures, LLC (5690), Capmark Financial Group Inc. (2188), Capmark Capital Inc. (6496), Capmark Finance Inc. (3444), Commercial Equity Investments, Inc. (4153), Mortgage Investments, LLC (6319), Net Lease Acquisition LLC (9658), SJM Cap, LLC (0862), Capmark Affordable Equity Holdings Inc. (2379), Capmark REO Holding LLC (3951), Paramount Managing Member AMBAC II, LLC (3934), Paramount Managing Member AMBAC III, LLC (3999), Paramount Managing Member AMBAC IV, LLC (0117), Paramount Managing Member AMBAC V, LLC (3366), Paramount Managing Member LLC (0184), Paramount Managing Member II, LLC (7457), Paramount Managing Member III, LLC (0196), Paramount Managing Member IV, LLC (0199), Paramount Managing Member V, LLC (0201), Paramount Managing Member VI, LLC (5857), Paramount Managing Member VII, LLC (5855), Paramount Managing Member VIII, LLC (5854), Paramount Managing Member IX, LLC (5452), Paramount Managing Member XI, LLC (5455), Paramount Managing Member XII, LLC (5457), Paramount Managing Member XVIII, LLC (3087), Paramount Managing Member XIV, LLC (4194), Paramount Managing Member XV, LLC (4192), Paramount Managing Member XVI, LLC (4186), Paramount Northeastern Managing Member, LLC (3086), Capmark Affordable Properties Inc. (3435), Paramount Managing Member XXIII, LLC (4754), Paramount Managing Member XXIV, LLC (3615), Paramount Managing Member 30, LLC (6824), Paramount Managing Member 31, LLC (6826), Paramount Managing Member 33, LLC (6831), Broadway Street California, L.P. (7722), Broadway Street 2001, L.P. (0187), Broadway Street XV, L.P. (7730), Broadway Street XVI, L.P. (7725), Broadway Street XVIII, L.P. (9799), Broadway Street Georgia I, LLC (9740), Capmark Managing Member 4.5 LLC (8979), Capmark Affordable Equity Inc. (2381), and Capmark Investments LP (7999). CFGI's corporate headquarters is located at 116 Welsh Road, Horsham, Pennsylvania, 19044. The addresses for all of the Debtors are available at the following World Wide Web address: http://chapter11.epiqsystems.com/capmark.

Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2002-1 and 6004-1 of the Local Bankruptcy Rules for the District of Delaware (the "Local Rules") requesting entry of a bidding procedures order (the "Bidding Procedures Order") and sale order authorizing the sale (the "Sale") of the Debtor-Sellers' Transferred Interests to the highest and/or best Qualifying Bidder; and the Court having approved the bidding procedures proposed in the Motion and entered the Bidding Procedures Order on February 19, 2010; and the Debtors having received timely bids from [NUMBER OF BIDS] interested parties; and the Debtors, in consultation with the statutory committee of unsecured creditors (the "Committee"), having determined each such bid was [___ of bids were] a Qualifying Bid pursuant to the Bidding Procedures Order; and the Debtors having held an Auction on March 26, 2010, to determine which Qualifying Bid was the highest and/or otherwise best offer for the Debtor-Sellers' Transferred Interests (the "Successful Bid"); and [WINNING BIDDER] (the "Buyer") having submitted the Successful Bid as determined at the Auction; and the Sale Hearing having been held on April 1, 2010, to consider approval of the Sale of the Debtor-Sellers' Transferred Interests to the Buyer; and due and proper notice of the Motion having been provided to (i) the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee"), (ii) counsel to the Buyer, (iii) Wilmington Trust FSB, as successor trustee under the prepetition senior unsecured floating rate note, 5.875% senior unsecured note, and 6.300% senior unsecured note indentures, (iv) counsel to the Committee, and (v) all parties requesting notice pursuant to Bankruptcy Rule 2002 and Local Rule 2002-1(b); and due and proper notice of the Sale and the assumption and assignment of the Assigned Contracts otherwise having been provided to any other parties required to be noticed pursuant to the Bidding Procedures Order; and it appearing that no other or further notice need be provided; all parties in interest having been heard, or having had the opportunity to be heard, regarding the

approval of the Bidding Procedures Order, the Sale and all transactions contemplated thereunder; and upon the Declaration of [_____], filed on _____, 2010, in support of the Sale; and the Court having reviewed and considered the Motion and any objections thereto, and the arguments of counsel and evidence adduced related thereto; and upon the record of the hearings for consideration of the Bidding Procedures Order and the Sale and the full record of these cases; and the Court having determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest, and the legal and factual bases set forth in the Motion, the [____] Declaration and the record establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY FOUND AND DETERMINED THAT:[3]

    A.    The Court has jurisdiction to consider the Motion and the relief requested therein and the transactions contemplated by the Sale Agreement (as defined below) pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested in the Motion are section 105, 363, and 365 of the Bankruptcy Code, Bankruptcy Rules 6004, 6006, and 9014, and Local Rule 6004-1.

    B.    Time is of the essence in consummating a Sale of the Debtor-Sellers' Transferred Interests to Buyer as contemplated by the purchase agreement, dated _____, 2010, by and between the Sellers, Buyer, and **[OTHER PARTIES]** (the "Sale Agreement"), a copy of which is attached hereto as Exhibit A, and the other transactions contemplated by the Sale Agreement, and it is in the best interests of the Debtors and their estates to sell the Debtor-

---

[3] The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate.

3

Sellers' Transferred Interests within the time constraints set forth in the Motion and the Sale Agreement. The terms of the Sale Agreement are the highest and/or otherwise best terms that have been offered for the Sale of the Debtor-Sellers' Transferred Interests.

C. The Debtor-Sellers' Transferred Interests are property of the Debtor-Sellers and title thereto is vested in the Debtor-Sellers.

D. The procedures set forth in the Bidding Procedures Order were substantively fair and procedurally fair to all parties. The Debtors conducted the sale process (including the Auction) in accordance with the Bidding Procedures Order.

E. After the conclusion of the Auction, which was held on March 26, 2010, the Debtors, in consultation with the Committee, determined that the highest and/or otherwise best Qualifying Bid (as defined in the Bidding Procedures Order) for the Debtor-Sellers' Transferred Interests was that of Buyer, as set forth in the Sale Agreement. The Debtors, in consultation with the Committee, also determined that [_____], which had the next highest and/or otherwise best Qualifying Bid, would serve as the Back-Up Bidder (as defined in the Bidding Procedures Order).

F. Upon the closing of the Sale (the "Closing"), the Debtor-Sellers' Transferred Interests to be sold and executory contracts to be assumed and assigned to Buyer (the "Assigned Contracts") will have been acquired by the Buyer after adequate marketing, an Auction, in good faith and as the result of arms'-length negotiations.

G. Reasonable notice of the Sale and a reasonable opportunity to object or be heard with respect to the Sale of the Debtor-Sellers' Transferred Interests and assumption and assignment of the Assigned Contracts has been afforded to all interested persons and entities, including: (i) the U.S. Trustee, (ii) attorneys for the Committee, (iii) Wilmington Trust FSB, as

successor trustee under the prepetition senior unsecured floating rate note, 5.875% senior unsecured note, and 6.300% senior unsecured note indentures, (iv) attorneys for Buyer, (v) any party who, in the past twelve (12) months, expressed in writing to the Debtors an interest in acquiring the Transferred Interests, and who the Debtors and their representatives reasonably and in good faith determine potentially have the desire and financial wherewithal to effectuate the Sale, (vi) all parties who are known to possess or assert a secured claim against the Transferred Interests, (vii) the all applicable state attorneys general, local realty enforcement agencies, and local regulatory authorities, and (viii) any parties entitled to notice under Bankruptcy Rule 2002 and Local Rule 2002-1(b).

H.   Notice, as specified in the preceding paragraph and as evidenced by the affidavits of service and affidavits of publication filed with the Court, is reasonable and adequate. Such notice and opportunity for hearing was adequate and appropriate in the circumstances of these cases, comports with all due process requirements, and satisfies the requirements of the Bankruptcy Rules and no other or further notice is required.

I.   Subject to entry of this Order, each Debtor party to the Sale Agreement (i) has full power and authority to execute the Sale Agreement, (ii) has all of the power and authority necessary to consummate the transactions contemplated by the Sale Agreement, and (iii) has taken all company action necessary to authorize and approve such transactions.

J.   Except as otherwise expressly provided in the Sale Agreement, no further consents or approvals are required for the Debtors to consummate the Sale of the Debtor-Sellers' Transferred Interests other than the consent and approval of this Court. Although the parties have agreed under the terms of the Sale Agreement to obtain certain additional consents or approvals, as conditions to the closing of the Sale of the Debtor-Sellers' Transferred Interests,

the Court makes no finding as to whether any of these additional consents or approvals are necessary for approval and authorization of the Sale by the Court. Neither the execution of the Sale Agreement nor the consummation of the Sale of the Debtor-Sellers' Transferred Interests in accordance with the terms of the Sale Agreement will constitute a violation of any provision of the organizational documents of any Debtor or any other instrument, law, regulation, or ordinance by which any Debtor is bound.

K. This Order and consummation of the Sale are supported by good business reasons and will serve the best interests of the Debtors, their estates, and creditors by maximizing the values obtained from the Debtor-Sellers' Transferred Interests.

L. The marketing and bidding process implemented by the Debtors, as set forth in the Motion, the Bidding Procedures Order, the [_____] Declaration, and the record of the hearings relating to the Sale, were fair, proper, and reasonably calculated to result in the best value received for the Debtor-Sellers' Transferred Interests.

M. The Debtors solicited offers for, scheduled and conducted the Auction, and selected the Buyer for the Sale of the Debtor-Sellers' Transferred Interests, in accordance with the Bidding Procedures Order.

N. The Sale Agreement was negotiated, proposed, and entered into by the Buyer without collusion, in good faith, and from an arms'-length bargaining position. There is no relationship between affiliates of the Buyer and the Debtor-Sellers. The Debtor-Sellers and the Buyer have not engaged in any conduct that would cause or permit the Sale Agreement to be avoided under section 363(n) of the Bankruptcy Code.

O. The Buyer is a good faith purchaser under section 363(m) of the Bankruptcy Code and as such is entitled to all of the protections afforded thereby, and otherwise

has acted in good faith in all respects in connection with this proceeding, in that: (i) Buyer recognized that the Debtor-Sellers were free to deal with other parties interested in acquiring the Debtor-Sellers' Transferred Interests; (ii) Buyer agreed to provisions in the Sale Agreement which would enable the Debtor-Sellers to accept a higher and/or otherwise better offer for the Debtor-Sellers' Transferred Interests; (iii) Buyer in no way induced or caused the chapter 11 filing of the Debtors; (iv) all payments to be made by the Buyer in connection with the Sale have been disclosed; (v) the negotiation and execution of the Sale Agreement and related agreements was in good faith and an arms'-length transaction; and (vi) the disclosure requirements required by Local Rule 6004-1 have been satisfied.

  P. The consideration to be paid by the Buyer to the Debtor-Sellers for the Debtor-Sellers' Transferred Interests pursuant to the Sale Agreement (i) is fair and reasonable; (ii) is the highest and/or otherwise best offer for the Debtor-Sellers' Transferred Interests; and (iii) constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code and the Uniform Fraudulent Conveyance Act and the Uniform Fraudulent Transfer Act and any and all similar laws of any state or jurisdiction whose law is applicable to the Sale and transaction contemplated thereby.

  Q. The consummation of the Sale pursuant to the Sale Agreement will be a legal, valid, and effective sale of the Debtor-Sellers' Transferred Interests to the Buyer and will vest the Buyer with all right, title, and interest in and to the Debtor-Sellers' Transferred Interests, free and clear of all Liens and other interests in accordance with section 363(f) of the Bankruptcy Code, including, without limitation, all rights of first offer, first refusal and the like which may apply in connection herewith (even if the Sale is consummated more than 60 days after the "Marketing Period" (under and as defined in each of the Shareholder Agreements set forth on

Exhibit A to the Sale Agreement, applicable) and "Buy-Sell" rights triggered by the Debtor-Sellers' bankruptcy filing and/or the transactions contemplated by the Sale Agreement pursuant to the Shareholder Agreement set forth on Exhibit A to the Sale Agreement, as applicable, because one or more of the standards set forth in sections 363(f)(1)-(5) of the Bankruptcy Code has been satisfied.

R.   All parties with Liens against the Debtor-Sellers' Transferred Interests, if any, who did not object to the Motion and the relief requested therein, or who withdrew their objections to the Motion, are deemed to have consented pursuant to section 363(f)(2) of the Bankruptcy Code and are enjoined from taking any action against the Buyer, its affiliates, or any agent of the foregoing to recover any claim which such person or entity has solely against the Debtors or any of their affiliates. All other objections and reservations of rights to the Sale of the Debtor-Sellers' Transferred Interests are overruled and denied and all such objecting parties are enjoined from taking any action against the Buyer, its affiliates, or any agent of the foregoing to recover any claim which such person or entity has solely against the Debtors or any of their affiliates. Failure to sell the Debtor-Sellers' Transferred Interests free and clear of Liens would be substantially less beneficial to the Debtors' estates.

S.   All objections thereto having been resolved, other than for amounts escrowed by the Debtors for unresolved Claimed Cure Amounts, the amounts set forth on Exhibit A to the Notice of Assumption and Assignment, dated _____, 2010 (the "Cure Amounts"), are deemed the necessary amounts to "cure" all "defaults" under section 365(b) of the Bankruptcy Code.

T.   The Sale contemplated by the Sale Agreement is in the best interest of the Debtors and their estates, creditors, interest holders, and all other parties in interest.

U.	The legal and factual bases set forth in the Motion, the [_____] Declaration, and at the Sale Hearing establish just cause for the relief granted herein.

NOW THEREFORE, IT IS HEREBY ORDERED THAT:

1.	The Motion is granted as may be modified herein, other than with respect to matters already addressed by the Bidding Procedures Order.

2.	All objections with regard to the relief sought in the Motion that have not been withdrawn, waived, settled, or otherwise dealt with as expressly provided herein and in the Bidding Procedures Order, are hereby overruled on the merits.

3.	Pursuant to sections 105, 363(b) and (f) of the Bankruptcy Code, the Debtors are authorized to execute any and all documents and take all actions necessary and appropriate to effectuate and consummate the Sale and other transactions relating thereto in consideration of the purchase price specified in the Sale Agreement, including assigning and transferring to Buyer all of the Debtor-Sellers' rights, title, and interests in the Debtor-Sellers' Transferred Interests and the assumption and assignment of the Assigned Contracts, all in accordance with the terms of the Sale Agreement.

4.	The transfer of the Debtor-Sellers' Transferred Interests to the Buyer is a legal, valid, and effective transfer and shall vest the Buyer with all right, title, and interest of the Debtor-Sellers in the Debtor-Sellers' Transferred Interests pursuant to section 363(f) of the Bankruptcy Code, free and clear of any and all Liens and other interests (including but not limited to any and all "claims" as defined in section 101(5) of the Bankruptcy Code and all rights of first offer, first refusal and the like which may apply in connection herewith and even if the Sale is consummated more than 60 days after the "Marketing Period" (under and as defined in each of the Shareholder Agreements set forth on Exhibit A to the Sale Agreement, as applicable)

and "Buy-Sell" rights triggered by the Debtor-Sellers' bankruptcy filing and/or the transactions contemplated by the Sale Agreement pursuant to the Shareholder Agreement set forth on Exhibit A to the Sale Agreement, as applicable) and any and all rights and claims under any bulk transfer statutes and related laws, whether arising by agreement, statute, or otherwise and whether arising before or after the commencement of these chapter 11 cases, whether known or unknown, including Liens of any of the creditors, vendors, employees, suppliers, or lessors of the Sellers or any other third party. Any and all such Liens shall attach to the net proceeds of the Sale, with the same priority, validity, force, and effect as they now have against the assets comprising the Debtor-Sellers' Transferred Interests.

5. All persons and entities asserting or holding any Liens or other interests in or with respect to the Debtor-Sellers' Transferred Interests (whether legal or equitable, secured or unsecured, matured or unmatured, contingent or non-contingent, senior or subordinated), howsoever arising, shall be forever barred, estopped, and permanently enjoined from asserting, prosecuting or otherwise pursuing such Liens or other interests against the Buyer.

6. The Sale, pursuant to this Order, shall be binding upon all entities, including, without limitation, the Debtors, Buyer, other parties to the Sale Agreement, all creditors, members, and owners of the Debtors, all persons having or asserting a Lien or other interest against the Debtors or the Debtor- Sellers' Transferred Interests, and all parties to any actions or proceedings that directly or indirectly contest the power or authority of the Debtor-Sellers to sell, assign, and convey the Debtor-Sellers' Transferred Interests, that seek to enjoin any such sale, assignment, or conveyance or that assert any rights of first offer, first refusal and the like which may apply in connection herewith (even if the Sale is consummated more than 60 days after the "Marketing Period" (under and as defined in each of the Shareholder Agreements

set forth on Exhibit A to the Sale Agreement, as applicable) and "Buy-Sell" rights triggered by the Debtor-Sellers' bankruptcy filing and/or the transactions contemplated by the Sale Agreement pursuant to the Shareholder Agreement set forth on Exhibit A to the Sale Agreement, as applicable.

7. The contemplated Sale has been undertaken by Buyer and the Debtor-Sellers at arms'-length and without collusion, and Buyer will acquire the Debtor-Sellers' Transferred Interests pursuant to the Sale Agreement in good faith, under section 363(m) of the Bankruptcy Code, and is, and shall be entitled to all of the protections thereunder in accordance therewith. The consideration provided by Buyer for the Debtor-Sellers' Transferred Interests under the Sale Agreement is fair and reasonable, and the Sale may not be avoided under section 363(n) of the Bankruptcy Code.

8. This Order and all provisions of the Sale Agreement shall be binding upon any successors and assigns of the Debtor-Sellers, including, without limitation, any trustee appointed for either Debtor-Seller in its chapter 11 case or in any superseding case under chapter 7 of the Bankruptcy Code.

9. Nothing contained in any chapter 11 plan confirmed in these chapter 11 cases shall conflict with or derogate from the provisions of the Sale Agreement, to the extent modified by this Order.

10. The Sale Agreement or any document relating thereto may be modified, amended, or supplemented by the parties thereto, in a writing signed by such parties and in accordance with the terms thereof, without further order of the Court, provided that any such modification, amendment, or supplement does not have a material adverse effect on the Debtor-Sellers or their estates.

11. From and after the date hereof, each Debtor party to the Sale Agreement or any other documents relating thereto shall be authorized to perform their respective obligations under the Sale Agreement or any other documents relating thereto to which it is a party and to act in accordance with the terms of the Sale Agreement or any other documents relating thereto.

12. To the extent any inconsistency exists between the provisions of the Sale Agreement and this Order, the provisions of this Order shall govern. The failure specifically to include any provisions of the Sale Agreement in this Order does not diminish or impair the effectiveness of such provisions, it being the intent of the Court that the Sale Agreement be authorized and approved in its entirety. The provisions of this Order are nonseverable and mutually dependent as though each provision of the Sale Agreement were specifically set forth herein.

13. The provisions of this Order authorizing the sale of the Debtor-Sellers' Transferred Interests free and clear of Liens shall be self-executing, and neither the Debtors nor the Buyer shall be required to execute or file releases, termination statements, assignments, consents, or other instruments to effectuate, consummate, and implement the provisions of this Order. However, the Debtors and the Buyer, and each of their respective officers, employees, and agents, are authorized and empowered to take all actions and execute and deliver any and all documents and instruments that either the Debtors or the Buyer deem necessary or appropriate to implement and effectuate the terms of the Sale Agreement and this Order. This Order (a) is and shall be effective as a determination that, upon Closing, Liens existing as to the Debtor-Sellers' Transferred Interests conveyed to the Buyer have been and hereby are adjudged and declared to be unconditionally released, discharged and terminated, and (b) is and shall be binding upon and

govern the acts of all entities, including, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies or units, governmental departments or units, secretaries of state, federal, state and local officials and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any of the Debtor-Sellers' Transferred Interests conveyed to the Buyer.

14. Any party having the right to consent to the assumption or assignment of the Assigned Contracts pursuant to the Sale Agreement that has failed to object to such assumption or assignment is deemed to have consented to such assumption and assignment, as required by section 365(c) of the Bankruptcy Code. In addition, adequate assurance of future performance has been demonstrated by or on behalf of Buyer with respect to the Assigned Contracts.

15. There shall be no rent accelerations, assignment fees, increases, or any other fees charged to Debtors or their affiliates or designees or to the Buyer or its affiliates or designees as a result of the assumption and assignment by the Debtors to the Buyer of the Assigned Contracts, and the validity of such assumption or assignment shall not be affected by any dispute between any of the Debtors or their respective affiliates and any counterparty to any Assigned Contract, and the Assigned Contracts, upon assignment to Buyer, shall be deemed valid and binding and in full force and effect in accordance with their terms.

16. Without limiting the generality of the provisions of the Sale Agreement or other provisions of this Order, the Buyer shall not be deemed to have assumed any liability under, or otherwise be deemed liable in any manner whatsoever with respect to, any contract or

lease of any Debtor that is not explicitly designated as an Assigned Contract, or any other obligation, absent Buyer's written agreement as to the subsequent inclusion of any specifically identified contract or lease as an Assigned Contract and the satisfaction of the requirements of section 365 of the Bankruptcy Code with respect to any such contract or lease. With respect to any Assigned Contracts, Buyer shall have no liability whatsoever for any cure and other pre-assumption costs or obligations associated therewith, all of which shall be borne by the Debtor-Sellers; Buyer shall only be liable under such Assigned Contracts for any and all obligations incurred by Buyer after the effective date of the assumption and assignment of such Assigned Contracts.

17. Without limiting in any manner the effect of the other provisions of this Order, any person or entity that asserts a Lien or other interest against the Debtor-Sellers' Transferred Interests shall be, and hereby is, directed to deliver to Debtors prior to Closing, in proper form for filing after Closing, and executed by the appropriate parties, any and all instruments as appropriate to cause the release of any such Lien or other interest, and in the event any such person or entity fails to comply with the direction set forth in this paragraph, then, at the option of the Buyer, Buyer either may seek to have such person or entity held in contempt of this Court or shall be hereby authorized, without the requirement of any further action (including any order of this Court) to execute such statements, instruments, releases, and other documents on behalf of such person or entity releasing such asserted Lien or other interest in, to, or against the Debtor-Sellers' Transferred Interests or to file, register, or otherwise record a certified copy of this Order, which shall constitute conclusive evidence of the termination or release of any such Lien or other interest in, to, or against the Debtor-Sellers' Transferred Interests.

18. Subject to the fulfillment of the terms and conditions of the Sale Agreement, as of Closing, this Order shall be considered and constitute for all purposes a full and complete general assignment, conveyance and transfer of the Debtor-Sellers' Transferred Interests, and/or a bill of sale transferring the Debtor-Sellers' title and interest in the Debtor-Sellers' Transferred Interests, to Buyer.

19. Consistent with, but not in limitation of the foregoing, each and every federal, state, and local government agency or department is hereby directed to accept any and all documents and instruments necessary and appropriate to consummate the Sale.

20. Without limiting the generality of the other provisions of this Order, the Buyer, under no circumstances, shall be deemed to be a successor of the Debtor-Sellers. Accordingly, the Buyer shall have no successor or vicarious or other liabilities of any kind with respect to the Debtor-Sellers' Transferred Interests, and all persons and entities shall be hereby enjoined from asserting any such claims against the Buyer.

21. The Court shall retain exclusive jurisdiction to interpret, construe, and enforce the provisions of the Sale Agreement and this Order in all respects, and further, to hear and determine any and all disputes between any Debtor and/or Buyer, as the case may be, and any nondebtor party to, among other things, any Assigned Contracts, concerning, *inter alia*, assignment thereof by the pertinent Debtor to the Buyer under the Sale Agreement and any dispute between the Buyer and any Debtor as to their respective obligations with respect to any asset, liability, or claim arising hereunder.

22. The automatic stay of section 362(a) of the Bankruptcy Code shall not apply to and otherwise shall not prevent the exercise or performance by any party of its rights or

obligations under the Sale Agreement, including, without limitation, with respect to any cash held in escrow pursuant to the provisions thereof.

23. This Sale Order shall take effect immediately and shall not be stayed pursuant to Bankruptcy Rules 6004(g), 6006(d), 7062, or otherwise, and the Debtors may take any action and perform any act authorized under this Order immediately.

Dated: _____, 2010
Wilmington, Delaware

                                      THE HONORABLE CHRISTOPHER S. SONTCHI
                                      UNITED STATES BANKRUPTCY JUDGE