# **Exhibit A**

**(Form of Order)**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------x
                                                               :
*In re*                                                        :    Chapter 11
                                                               :
**CAPMARK FINANCIAL GROUP INC.,** *et al.*,                    :    Case No. 09-13684 (CSS)
                                                               :
                    Debtors.                                   :    Jointly Administered
                                                               :
---------------------------------------------------------------x

ORDER APPROVING DEBTORS' PERFORMANCE
INCENTIVE PLAN FOR INSIDER EMPLOYEES AND CONFIRMING
THAT CONTINUATION OF DISCETIONARY BONUS PLAN FOR
NON-INSIDER EMPLOYEES IS AN ORDINARY COURSE TRANSACTION

Upon the motion, dated February 11, 2010 (the "Motion"), of Capmark Financial Group Inc. ("CFGI") and certain of its subsidiaries and affiliates, as debtors and debtors in possession (collectively, the "Debtors"),[1] requesting entry of an order, pursuant to sections 105(a), 363(b), 363(c) and 503(c) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002, 6004 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

---

[1] The Debtors in these chapter 11 cases, along with the last four (4) digits of each Debtor's federal tax identification number, are: Summit Crest Ventures, LLC (5690), Capmark Financial Group Inc. (2188), Capmark Capital Inc. (6496), Capmark Finance Inc. (3444), Commercial Equity Investments, Inc. (4153), Mortgage Investments, LLC (6319), Net Lease Acquisition LLC (9658), SJM Cap, LLC (0862), Capmark Affordable Equity Holdings Inc. (2379), Capmark REO Holding LLC (3951), Paramount Managing Member AMBAC II, LLC (3934), Paramount Managing Member AMBAC III, LLC (3999), Paramount Managing Member AMBAC IV, LLC (0117), Paramount Managing Member AMBAC V, LLC (3366), Paramount Managing Member LLC (0184), Paramount Managing Member II, LLC (7457), Paramount Managing Member III, LLC (0196), Paramount Managing Member IV, LLC (0199), Paramount Managing Member V, LLC (0201), Paramount Managing Member VI, LLC (5857), Paramount Managing Member VII, LLC (5855), Paramount Managing Member VIII, LLC (5854), Paramount Managing Member IX, LLC (5452), Paramount Managing Member XI, LLC (5455), Paramount Managing Member XII, LLC (5457), Paramount Managing Member XVIII, LLC (3087), Paramount Managing Member XIV, LLC (4194), Paramount Managing Member XV, LLC (4192), Paramount Managing Member XVI, LLC (4186), Paramount Northeastern Managing Member, LLC (3086), Capmark Affordable Properties Inc. (3435), Paramount Managing Member XXIII, LLC (4754), Paramount Managing Member XXIV, LLC (3615), Paramount Managing Member 30, LLC (6824), Paramount Managing Member 31, LLC (6826), Paramount Managing Member 33, LLC (6831), Broadway Street California, L.P. (7722), Broadway Street 2001, L.P. (0187), Broadway Street XV, L.P. (7730), Broadway Street XVI, L.P. (7725), Broadway Street XVIII, L.P. (9799), Broadway Street Georgia I, LLC (9740), Capmark Managing Member 4.5 LLC (8979), Capmark Affordable Equity Inc. (2381), and Capmark Investments LP (7999). CFGI's corporate headquarters is located at 116 Welsh Road, Horsham, Pennsylvania, 19044. The addresses for all of the Debtors are available at the following World Wide Web address: http://chapter11.epiqsystems.com/capmark.

Rules"), and Rules 2002-1 and 6004-1 of the Local Bankruptcy Rules for the District of Delaware (the "Local Rules"), (i) approving the Debtors' performance incentive plan (the "Performance Incentive Plan") for Insider Employees;[2] (ii) confirming that Debtors' continuation of their prepetition discretionary bonus plan (the "Bonus Plan") for Non-Insider Employees is a transaction in the ordinary course of business or, alternatively, approving the discretionary Bonus Plan outside the ordinary course of business; and (iii) authorizing payments under such plans, all as more fully described in the Motion; and the Court having subject matter jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. § 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to (i) the U.S. Trustee, (ii) Wilmington Trust FSB, as successor trustee under the prepetition senior unsecured floating rate note, 5.875% senior unsecured note, and 6.300% senior unsecured note indentures, (iii) counsel to the Committee, and (iv) all parties requesting notice pursuant to Bankruptcy Rule 2002 and Local Rule 2002-1(b); and it appearing that no other or further notice need be provided; and upon the Motion; and the Court having held a hearing to consider the requested relief (the "Hearing"); and upon the record of the Hearing, and all of the proceedings before the Court, the Court finds and determines that the requested relief is in the best interests of the Debtors, their estates, creditors, and all parties in interest; and the legal and factual bases set forth in the Motion having established just and sufficient cause to grant the requested relief herein; and after due deliberation and sufficient cause appearing therefor, it is:

        ORDERED that the Motion is granted as may be modified herein; and it is further

---

[2] All capitalized terms used but not otherwise defined herein shall the meaning attributed to such terms in the Motion.

ORDERED that pursuant to sections 105(a), 363(b)(1), and 503(c)(3) of the Bankruptcy Code, the Debtors are authorized, but not required, to make all payments to Insider Employees pursuant to the Performance Incentive Plan, if, as and when such amounts come due in the normal course under the Performance Incentive Plan; and it is further

ORDERED that the Court hereby confirms the Debtors' continuation of their prepetition Bonus Plan for Non-Insider Employees is a transaction in the ordinary course of business pursuant to section 363(c)(1) of the Bankruptcy Code; and it is further

ORDERED that the Debtors are authorized (consistent with this Order) to issue postpetition checks or to effect postpetition funds transfer requests related to obligations under the Performance Incentive Plan and Bonus Plan, and such checks and transfers requests are authorized to be paid hereunder; and it is further

ORDERED that nothing in the Motion shall be deemed a request by the Debtors for authority to assume, and nothing in this Order shall be deemed authorization or approval to assume, any executory contract pursuant to section 365 of the Bankruptcy Code; and it is further

ORDERED that nothing in the Motion or this Order shall be construed as impairing the Debtors' rights to contest the validity or amount of any payments to Insider Employees under the Performance Incentive Plan or to Non-Insider Employees under the Bonus Plan, or to seek authority to make payments under the Performance Incentive Plan or Bonus Plan to Employees of Capmark Investments LP; and it is further

ORDERED that, consistent with the provisions of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED that notice of the Motion as provided therein is deemed good and sufficient notice of such Motion; and it is further

ORDERED that the Court shall retain jurisdiction with respect to all matters arising from or relating to the interpretation or implementation of this Order.

Dated: _____, 2010
       Wilmington, Delaware

                                             _____
                                             THE HONORABLE CHRISTOPHER S. SONTCHI
                                             UNITED STATES BANKRUPTCY JUDGE