# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------x
:
*In re:* : Chapter 11
:
**CAPMARK FINANCIAL GROUP INC.,** *et al.*, : Case No. 09-13684 (CSS)
:
Debtors. : Jointly Administered
:
: Hearing Date: March 4, 2010 at 10:00 a.m.
: Objection Deadline: February 25, 2010 at 4:00 p.m.
---------------------------------------------------------------x

## DEBTORS' MOTION FOR ORDER, PURSUANT TO SECTION 107(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULE 9018, AND LOCAL RULE 9018-1, AUTHORIZING DEBTORS TO FILE POSTPETITION PERFORMANCE INCENTIVE PLAN FOR INSIDER EMPLOYEES UNDER SEAL

Capmark Financial Group Inc. ("CFGI") and certain of its subsidiaries, as debtors and debtors in possession (collectively, the "Debtors"), submit this motion (the "Motion") for an order authorizing the Debtors to file the postpetition performance incentive plan (the "Performance Incentive Plan") for Insider Employees (as defined below)[1] under seal. The Performance Incentive Plan is Exhibit B to the Debtors' Performance Incentive Plan Motion (as defined below). In further support of this Motion, the Debtors respectfully represent:

## Background

1. On October 25, 2009 (the "Commencement Date"), each of the Debtors other than Capmark Investments LP (collectively, the "First Filed Debtors") commenced a voluntary case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). On January 15, 2010, Capmark Investments LP, a wholly-owned subsidiary of CFGI,

---

[1] Pursuant to an order dated December 23, 2009 (the "Insider Determination Order"), following the Debtors' submission of substantial evidence regarding the insider and non-insider status of their employees, this Court determined which of the Debtors' employees (other than employees of Capmark Investments LP) are "insiders" as defined by section 101(31) of the Bankruptcy Code and for the purposes of section 503(c) of the Bankruptcy Code (the "Insider Employees"). The Insider Employees are identified in Exhibit A to the Insider Determination Order.

commenced a voluntary case under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors in possession as authorized by sections 1107(a) and 1108 of the Bankruptcy Code.

2. On October 27, 2009, this Court entered an order authorizing the joint administration of the First Filed Debtors' chapter 11 cases pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"). On January 19, 2010, this Court entered an order authorizing the joint administration of Capmark Investments LP's chapter 11 case with the jointly administered chapter 11 cases of the First Filed Debtors.

3. On November 2, 2009, the Office of the United States Trustee (the "U.S. Trustee") appointed a statutory unsecured creditors committee pursuant to section 1102 of the Bankruptcy Code (the "Committee").

4. On the date hereof, the Debtors filed the *Motion, Pursuant to Sections 105(a), 363(b), 363(c), and 503(c) of the Bankruptcy Code, Bankruptcy Rules 2002, 6004, and 9014, and Local Rules 2002-1 and 6004-1, Requesting Entry of an Order: (I) Approving Debtors' Performance Incentive Plan for Insider Employees, (II) Confirming that Debtors' Continuation of Discretionary Bonus Plan for Non-Insider Employees Is an Ordinary Course Transaction or, Alternatively, Approving the Bonus Plan Outside the Ordinary Course, and (III) Authorizing Payments Under Such Plans* (the "Performance Incentive Plan Motion").

**Jurisdiction and Venue**

5. This Court has jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2

**Capmark's Businesses**

6. The Debtors and their non-debtor subsidiaries and affiliates (together with the Debtors, "Capmark") are a group of commercial real estate finance companies that provide real estate-related products and services to borrowers, investors and other customers along three core business lines: (i) commercial real estate lending and mortgage banking; (ii) investments and funds management; and (iii) commercial loan servicing.

7. A detailed description of Capmark's business, capital structure, and the events leading to the commencement of these chapter 11 cases is contained in the Declaration of Thomas L. Fairfield, Executive Vice President, General Counsel and Secretary of CFGI, in Support of the Debtors' Chapter 11 Petitions and First Day Motions and Applications, filed on the Commencement Date [Docket No. 13].

**Relief Requested**

8. By this Motion, pursuant to section 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1, the Debtors request an order, substantially in the form attached hereto as Exhibit A, authorizing the Debtors to file the Performance Incentive Plan under seal. The Performance Incentive Plan contains highly sensitive and confidential personal, financial, and commercial information pertaining to the Debtors' businesses and their Insider Employees. If such information were made publicly available, the disclosure would significantly harm the Debtors' operations and the stability of their workforce.

**Basis for Relief**

9. Pursuant to section 107(b) of the Bankruptcy Code, the Court may authorize the Debtors to file the Performance Incentive Plan under seal. Section 107(b) of the Bankruptcy Code provides, in relevant part:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may
>
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information; or
>
> (2) protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.

11 U.S.C. § 107(b).

10. Bankruptcy Rule 9018 sets forth the procedure by which a party in interest may obtain a protective order authorizing the filing of a document under seal under section 107(b) of the Bankruptcy Code. Bankruptcy Rule 9018 provides, in relevant part:

> On any motion or its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development or commercial information….

Fed. R. Bankr. P. 9018.

11. Once the Court determines that an interested party is seeking protection of information that falls within one of the categories enumerated in section 107(b) of Bankruptcy Code, "the court is required to protect a requesting interested party and has no discretion to deny the application." *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994). *See also In re Global Crossing*, 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003) (stating that the purpose of Bankruptcy Rule 9018 is to "protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury."). Courts in this district have defined commercial information as "information which would result in an 'unfair advantage to competitors by providing them with information as to the commercial operations of the debtor.'" *In re Alterra Healthcare Corp.*, 353 B.R. 66, 75 (Bankr. D. Del. 2006) (quoting *In re Orion Pictures Corp.*).

12. Commercial information need not rise to the level of a trade secret to be

protected under section 107(b) of the Bankruptcy Code. *In re Orion Pictures Corp.*, 21 F.3d at 28 (stating that section 107(b)(1) creates an exception to the general rule that court records are open to examination by the public and that under this exception, an interested party has to show only that the information it wishes to seal is "confidential and commercial" in nature).

13. The Debtors submit that sufficient cause exists for the Court to grant the relief requested herein. The Performance Incentive Plan describes in detail certain of the Debtors' strategic plans, including certain objectives or milestones (the "<u>Milestones</u>") in these chapter 11 cases. The Milestones include the achievement of various value-creating benchmarks, such as asset sales and dispositions that have not yet been publicly disclosed, and other sensitive strategic information relating to the Debtors' business plans and operations.

14. Further, the Performance Incentive Plan lists the amounts potentially payable to each Insider Employee under the Performance Incentive Plan. Protection of the information in the Performance Incentive Plan is critically important as disclosure of such information could have a substantially negative impact on the Debtors' ability to retain Insider Employees and Non-Insider Employees. If such information is made publicly available, competitors would gain an unfair advantage, as they would be equipped with information invaluable in attracting the Debtors' Insider Employees. The departure of several Insider Employees at this critical postpetition juncture would severely impact the Debtors' ability to operate their businesses. While the Performance Incentive Plan was not crafted as a means to retain Insider Employees, but rather to incentivize them to achieve critical performance goals, it should not inadvertently serve as the catalyst for departures of Insider Employees.

15. Finally, the information contained in the Performance Incentive Plan includes sensitive personal financial information that, if made publicly available, may cause

harm or distress to the Debtors' Insider Employees, and thus further disrupt the functioning of the Debtors' businesses.

16. For these reasons, the Debtors respectfully request the Court to permit the Debtors to file the Performance Incentive Plan under seal.

17. The Debtors will provide, subject to implementation of appropriate confidentiality safeguards, copies of the Performance Incentive Plan to the U.S. Trustee and the Committee.

18. The relief requested in this Motion is similar to the relief granted in recent chapter 11 cases filed in this District. *See*, *e.g.*, *In re Tribune Company*, No. 08-13141 (Bankr. D. Del. Dec. 10, 2008) (KJC) [Docket No. 62]; *In re LandSource Cmtys. Dev. LLC*, No. 08-11111 (Bankr. D. Del. July 19, 2008) (KJC) [Docket No. 306]; and *In re Federal-Mogul Global Inc.*, No. 01-10578 (Bankr. D. Del. May 15, 2007) (JKF) [Docket No. 12379]. The Debtors submit similar relief is warranted in these chapter 11 cases.

### Notice

19. No trustee or examiner has been appointed in these chapter 11 cases. Notice of this Motion has been provided by first-class mail to (i) the U.S. Trustee, (ii) Wilmington Trust FSB, as successor trustee under the prepetition indentures for the senior unsecured floating rate notes, 5.875% senior unsecured notes, and 6.300% senior unsecured notes, (iii) attorneys for the Committee, and (iv) all parties requesting notice pursuant to Bankruptcy Rule 2002 and Local Rule 2002-1(b). The Debtors submit that no other or further notice need be provided.

### No Previous Request

20. No previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE the Debtors respectfully request an order (i) authorizing the Debtors to file the Performance Incentive Plan under seal; and (ii) granting such other and further relief as the Court deems just and proper.

Dated: February 11, 2010
      Wilmington, Delaware

Respectfully submitted,

*/s/ Lee E. Kaufman*_____
Mark D. Collins (No. 2981)
Paul N. Heath (No. 3704)
Jason M. Madron (No. 4431)
Lee E. Kaufman (No. 4877)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone: 302.651.7700
Facsimile: 302.651.7701

-and-

Martin J. Bienenstock
Michael P. Kessler
Judy G. Z. Liu
DEWEY & LEBOEUF LLP
1301 Avenue of the Americas
New York, New York 10019
Telephone: 212.259.8000
Facsimile: 212.259.6333

*Attorneys for the Debtors and Debtors in Possession*