# SCHEDULE A-1

**(Proposed Notice of Auction and Sale)**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

-----------------------------------------------------------x
                                                           :
*In re*                                                    :
                                                           : **Chapter 11 Case No.**
**CAPMARK FINANCIAL GROUP INC.,** *et al.*,                :
                                                           : **09-13684 (CSS)**
        **Debtors.**                                         :
                                                           : **Jointly Administered**
                                                           :
-----------------------------------------------------------x

## NOTICE OF AUCTION AND SALE HEARING IN CONNECTION WITH THE SALE OF THE TRANSFERRED INTERESTS

NOTICE IS HEREBY GIVEN, as follows:

       1.    On February 4, 2010, Capmark Financial Group Inc. ("CFGI") and certain of its subsidiaries and affiliates, as debtors and debtors in possession (collectively, the "Debtors"),[1] filed a motion (the "Motion") pursuant to sections 105(a) and 363 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002, 6004, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2002-1 and 6004-1 of the Local Bankruptcy Rules for the District of Delaware (the "Local Rules"), seeking among other things, (i) the establishment of bidding procedures (the "Bidding Procedures"), (ii) the scheduling of an auction (the "Auction"), as necessary, and (iii) the scheduling of a sale hearing (the "Sale

---

[1] The Debtors in these chapter 11 cases, along with the last four (4) digits of each Debtor's federal tax identification number, are: Summit Crest Ventures, LLC (5690), Capmark Financial Group Inc. (2188), Capmark Capital Inc. (6496), Capmark Finance Inc. (3444), Commercial Equity Investments, Inc. (4153), Mortgage Investments, LLC (6319), Net Lease Acquisition LLC (9658), SJM Cap, LLC (0862), Capmark Affordable Equity Holdings Inc. (2379), Capmark REO Holding LLC (3951), Paramount Managing Member AMBAC II, LLC (3934), Paramount Managing Member AMBAC III, LLC (3999), Paramount Managing Member AMBAC IV, LLC (0117), Paramount Managing Member AMBAC V, LLC (3366), Paramount Managing Member LLC (0184), Paramount Managing Member II, LLC (7457), Paramount Managing Member III, LLC (0196), Paramount Managing Member IV, LLC (0199), Paramount Managing Member V, LLC (0201), Paramount Managing Member VI, LLC (5857), Paramount Managing Member VII, LLC (5855), Paramount Managing Member VIII, LLC (5854), Paramount Managing Member IX, LLC (5452), Paramount Managing Member XI, LLC (5455), Paramount Managing Member XII, LLC (5457), Paramount Managing Member XVIII, LLC (3087), Paramount Managing Member XIV, LLC (4194), Paramount Managing Member XV, LLC (4192), Paramount Managing Member XVI, LLC (4186), Paramount Northeastern Managing Member, LLC (3086), Capmark Affordable Properties Inc. (3435), Paramount Managing Member XXIII, LLC (4754), Paramount Managing Member XXIV, LLC (3615), Paramount Managing Member 30, LLC (6824), Paramount Managing Member 31, LLC (6826), Paramount Managing Member 33, LLC (6831), Broadway Street California, L.P. (7722), Broadway Street 2001, L.P. (0187), Broadway Street XV, L.P. (7730), Broadway Street XVI, L.P. (7725), Broadway Street XVIII, L.P. (9799), Broadway Street Georgia I, LLC (9740), Capmark Managing Member 4.5 LLC (8979), Capmark Affordable Equity Inc. (2381), and Capmark Investments LP (7999). CFGI's corporate headquarters is located at 116 Welsh Road, Horsham, Pennsylvania, 19044. The addresses for all of the Debtors are available at the following World Wide Web address: http://chapter11.epiqsystems.com/capmark.

Hearing") in connection with the proposed sale (the "Sale") by CFGI, Capmark Finance Inc. ("CFI", and together with CFGI, the "Debtor-Sellers") and Capmark Mexico ("Capmark Mexico," and together with the Debtor-Sellers, the "Sellers"), of the Transferred Interests (as defined below) held by the Debtor-Sellers. On February 19, 2010, the United States Bankruptcy Court for the District of Delaware (the "Court") entered an order (the "Bidding Procedures Order") approving, among other things, the Bidding Procedures and the Sale Hearing schedule.

2. The Sellers, TESEFA, S.A. de C.V. (the "Buyer"), Promecap S.A. de C.V. ("Promecap"), Odisea Asset Management, LLC ("Odisea") and Zéndere Holding S.A.P.I. de C.V. ("Zéndere," and together with Odisea and Promecap, the "Guarantors") have entered into a purchase agreement, dated February 4, 2010 (the "Sale Agreement"), regarding the Sale of certain of the Sellers' assets (the "Transferred Interests") that comprise substantially all of the Sellers' remaining investments in the Mexican market to Buyer and the Guarantors under the Sale Agreement whereby the Sellers have agreed to sell the Transferred Interests to Buyer, subject to higher and better offers.

3. Pursuant to the Bidding Procedures Order, if the Sellers receive any higher or better bids for the Transferred Interests, the Auction for the Transferred Interests shall take place on March 26, 2010 at 11:00 a.m. (prevailing Eastern Time), at the offices of Dewey & LeBoeuf LLP, 1301 Avenue of the Americas, New York, New York, 10019. Only parties that have submitted a Qualifying Bid, as set forth in the Bidding Procedures Order, by no later than March 22, 2010 at 2:00 p.m. (prevailing Eastern Time) (the "Bid Deadline"), may participate at the Auction. Any party that wishes to take part in this process and submit a bid for the Transferred Interests must submit their competing bid prior to the Bid Deadline and in accordance with the Bidding Procedures.

4. The Bidding Procedures Order provides that a Sale Hearing will be held on April 1, 2010 at 10:00 a.m. (prevailing Eastern Time), before the Honorable Christopher S. Sontchi, United States Bankruptcy Judge, in Room 6 of the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, Wilmington, Delaware, 19801.

5. At the Sale Hearing, the Debtors shall request that the Court enter an order, authorizing, among other things, the Sale of the Transferred Interests held by the Debtor-Sellers (the "Debtor-Sellers' Transferred Interests") to the Buyer pursuant to the Sale Agreement, or authorizing the Sale of the Debtor-Sellers' Transferred Interests to the Successful Bidder (as defined in the Bidding Procedures Order) at the Auction.

6. At the Sale Hearing, the Court may enter such orders as it deems appropriate under the applicable law and as required by the circumstances and equities of these chapter 11 cases. Any objection (an "Objection") to the Sale of the Transferred Interests pursuant to the terms of the Sale Agreement shall be in writing, shall conform to Bankruptcy Rules and the Local Rules, shall set forth the name of the objecting party, the nature and amount of any claims or interests held or asserted against the Debtors' estates or properties, the basis for the Objection and the specific grounds therefor, and shall be filed with the Court and served upon (a) counsel for the Debtors, Dewey & LeBoeuf LLP, Attention: Michael P. Kessler, Esq. and Judy G.Z. Liu, Esq., 1301 Avenue of the Americas, New York, New York, 10019; (b) local counsel for the Debtors, Richards, Layton & Finger, P.A., One Rodney Square, 920 North King

Street, Wilmington, Delaware, 19801, Attention: Mark D. Collins, Esq.; (c) counsel for the Buyer, Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, New York, 10019, Attention: Brian S. Hermann, Esq. and Julie M. D'Ambruoso, Esq.; (d) the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee"), 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware, 19801; (e) counsel for the Committee, Kramer Levin Naftalis & Frankel LLP, Attention: Thomas Moers Mayer, Esq., and Amy Caton, Esq., 1177 Avenue of the Americas, New York, New York, 10036; (f) the successor indenture trustee under the Debtors' prepetition floating rate, 6.300%, and 5.875% senior unsecured note indentures, Wilmington Trust FSB, 166 Mercer Street, Suite 2-R, New York, New York, 10012-3249, Attention: Adam Berman; and (g) all parties requesting notice pursuant to Bankruptcy Rule 2002 and Local Rule 2002-1(b), so as to be actually received on or before March 25, 2010 at 4:00 p.m. (prevailing Eastern Time).

7. A copy of the Sale Agreement is attached as Exhibit C to the Motion.

Dated: _____, 2010
Wilmington, Delaware

Mark D. Collins (No. 2981)
Paul N. Heath (No. 3704)
Jason M. Madron (No. 4431)
Lee E. Kaufman (No. 4877)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone: 302.651.7700
Facsimile: 302.651.7701

-and-

Martin J. Bienenstock
Michael P. Kessler
Judy G.Z. Liu
DEWEY & LEBOEUF LLP
1301 Avenue of the Americas
New York, New York 10019
Telephone: 212.259.8000
Facsimile: 212.259.6333

*Attorneys for the Debtors and Debtors in Possession*

# SCHEDULE A-2

**(Proposed Notice of Assumption and Assignment)**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------x
:
*In re*                                                    : Chapter 11 Case No.
:
**CAPMARK FINANCIAL GROUP INC.,** *et al.*,                :
:                                                            09-13684 (CSS)
Debtors.[1]                                                :
:                                                            Jointly Administered
:
------------------------------------------------------------x

## NOTICE OF INTENT TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS IN CONNECTION WITH THE PROPOSED SALE OF THE TRANSFERRED INTERESTS AND THE FIXING OF CURE AMOUNTS AND PROCEDURES ASSOCIATED THEREWITH

NOTICE IS HEREBY GIVEN, as follows:

1.  On February 19, 2010, the United States Bankruptcy Court for the District of Delaware (the "Court") entered an order (the "Bidding Procedures Order"), pursuant to sections 105(a), 363, and 365 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002, 6004, 6006, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 2002-1 and 6004-1 of the Local Bankruptcy Rules for the District of Delaware (the "Local Rules") in the above-captioned chapter 11 cases of Capmark

---

[1] The Debtors in these chapter 11 cases, along with the last four (4) digits of each Debtor's federal tax identification number, are: Summit Crest Ventures, LLC (5690), Capmark Financial Group Inc. (2188), Capmark Capital Inc. (6496), Capmark Finance Inc. (3444), Commercial Equity Investments, Inc. (4153), Mortgage Investments, LLC (6319), Net Lease Acquisition LLC (9658), SJM Cap, LLC (0862), Capmark Affordable Equity Holdings Inc. (2379), Capmark REO Holding LLC (3951), Paramount Managing Member AMBAC II, LLC (3934), Paramount Managing Member AMBAC III, LLC (3999), Paramount Managing Member AMBAC IV, LLC (0117), Paramount Managing Member AMBAC V, LLC (3366), Paramount Managing Member LLC (0184), Paramount Managing Member II, LLC (7457), Paramount Managing Member III, LLC (0196), Paramount Managing Member IV, LLC (0199), Paramount Managing Member V, LLC (0201), Paramount Managing Member VI, LLC (5857), Paramount Managing Member VII, LLC (5855), Paramount Managing Member VIII, LLC (5854), Paramount Managing Member IX, LLC (5452), Paramount Managing Member XI, LLC (5455), Paramount Managing Member XII, LLC (5457), Paramount Managing Member XVIII, LLC (3087), Paramount Managing Member XIV, LLC (4194), Paramount Managing Member XV, LLC (4192), Paramount Managing Member XVI, LLC (4186), Paramount Northeastern Managing Member, LLC (3086), Capmark Affordable Properties Inc. (3435), Paramount Managing Member XXIII, LLC (4754), Paramount Managing Member XXIV, LLC (3615), Paramount Managing Member 30, LLC (6824), Paramount Managing Member 31, LLC (6826), Paramount Managing Member 33, LLC (6831), Broadway Street California, L.P. (7722), Broadway Street 2001, L.P. (0187), Broadway Street XV, L.P. (7730), Broadway Street XVI, L.P. (7725), Broadway Street XVIII, L.P. (9799), Broadway Street Georgia I, LLC (9740), Capmark Managing Member 4.5 LLC (8979), Capmark Affordable Equity Inc. (2381), and Capmark Investments LP (7999). CFGI's corporate headquarters is located at 116 Welsh Road, Horsham, Pennsylvania, 19044. The addresses for all of the Debtors are available at the following World Wide Web address: http://chapter11.epiqsystems.com/capmark.

Financial Group, Inc. ("CFGI") and certain of its subsidiaries and affiliates, as debtors and debtors in possession (collectively, the "Debtors"), approving, among other things, this notice, the scheduling of the Sale Hearing, and the procedures for the fixing of cure amounts (the "Cure Amounts") related to the assumption and assignment of certain executory contracts, unexpired leases, and other agreements of the Debtors (the "Assumed Contracts," listed on Exhibit A attached hereto) in connection with the sale of certain assets (the "Transferred Interests") that comprise substantially all of the Debtor-Sellers' (as defined below) remaining interests in the Mexican market. The Debtor-Sellers will assume the Assumed Contract and assign them to TESEFA, S.A. de C.V. (the "Buyer"), pursuant to the terms of that certain purchase agreement (the "Sale Agreement"), dated as of February 4, 2010, between CFGI, Capmark Finance Inc. ("CFI," and together with CFGI, the "Debtor-Sellers"), Capmark Mexico ("Capmark Mexico," and together with the Debtor-Sellers, the "Sellers"), Buyer, Promecap S.A. de C.V. ("Promecap"), Odisea Asset Management, LLC ("Odisea"), and Zéndere Holding S.A.P.I. de C.V. ("Zéndere," and together with Odisea and Promecap, the "Guarantors"), or to another Successful Bidder at an Auction (each as defined in the Bidding Procedures Order) held for the Transferred Interests.

2. The Debtors believe any and all defaults (other than the filing of these chapter 11 cases) under the Assumed Contracts can be cured by the payment of the Cure Amounts listed on Exhibit A.

3. Any objections to (i) the assumption and assignment of an Assumed Contract, or (ii) the amount asserted as the Cure Amount (each, an "Assumption and/or Cure Objection") must be in writing and set forth with specificity the nature of the objection and the cure amount that the objecting party believes should be paid in connection with the assumption of the Assumed Contract (the "Claimed Cure Amount").

4. To be considered a timely Assumption and/or Cure Objection, the Assumption and/or Cure Objection must be filed with the Court and served upon (a) counsel for the Debtors, Dewey & LeBoeuf LLP, Attention: Michael P. Kessler, Esq. and Judy G.Z. Liu, Esq., 1301 Avenue of the Americas, New York, New York, 10019; (b) local counsel for the Debtors, Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, Delaware, 19801, Attention: Mark D. Collins, Esq.; (c) counsel for the Buyer, Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, New York, 10019, Attention: Brian S. Hermann, Esq. and Julie M. D'Ambruoso, Esq.; (d) the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee"), 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware, 19801; (e) counsel for the Committee, Kramer Levin Naftalis & Frankel LLP, Attention: Thomas Moers Mayer, Esq., and Amy Caton, Esq., 1177 Avenue of the Americas, New York, New York, 10036; (f) the successor indenture trustee under the Debtors' prepetition floating rate, 6.300%, and 5.875% senior unsecured note indentures, Wilmington Trust FSB, 166 Mercer Street, Suite 2-R, New York, New York, 10012-3249, Attention: Adam Berman; and (g) all parties requesting notice pursuant to Bankruptcy Rule 2002 and Local Rule 2002-1(b), all to be actually received no later than March 25, 2010 at 4:00 p.m. (prevailing Eastern Time).

5. If an Assumption and/or Cure Objection is timely filed, a hearing with respect to that objection shall be held before the Honorable Christopher S. Sontchi, United States

Bankruptcy Judge, United States Bankruptcy Court for the District of Delaware, at the Sale Hearing.

6. Unless the Assumption and/or Cure Objection is timely filed and served, the assumption and assignment of the applicable Assumed Contract will proceed without further notice at the Sale Hearing to approve the sale of the Transferred Interests.

7. Parties that fail to file and serve timely Assumption and/or Cure Objections shall be deemed to have waived and released any and all rights to assert Cure Amounts different from those listed on Exhibit A and, subject to payment of the Cure Amount(s) listed on Exhibit A with respect to their Assumed Contract(s), shall be forever barred and estopped from asserting or claiming against the pertinent Debtor, Buyer, Guarantor, or any assignee of any Assumed Contract that any additional amounts are due or defaults exist, or prohibitions or conditions to assignment exist or must be satisfied, under such Assumed Contract.

8. If no Cure Amounts are due under the Assumed Contract, and the nondebtor party to the Assumed Contract does not otherwise object to the pertinent Debtors' assumption and assignment of the Assumed Contract, no further action need be taken on the part of that nondebtor party.

9. Assumption and/or Cure Objections that object solely to the Cure Amount may not prevent or delay the pertinent Debtor-Sellers' assumption and assignment of any Assumed Contracts. If a party objects solely to a Cure Amount, the pertinent Debtor-Seller may, in its sole discretion, hold the Claimed Cure Amount in reserve pending further order of the Court or mutual agreement of the parties. So long as the pertinent Debtor-Seller holds the Claimed Cure Amount in reserve, and there are no other unresolved objections to assumption and assignment, the pertinent Debtor-Seller can, without further delay, assume and assign the Assumed Contract that is the subject of the objection. Under such circumstances, the objecting party's recourse is limited to the funds held in reserve.

10. Each Debtor-Seller's decision to assume and assign to the Buyer (or the Successful Bidder) the Assumed Contracts is subject to Court approval and the closing of the Sale Agreement (the "Closing"). Accordingly, absent such Closing, any of the Assumed Contracts shall not be deemed assumed nor assigned, and shall in all respects be subject to further administration under the Bankruptcy Code. The inclusion of any document on the list of Assumed Contracts shall not constitute or be deemed to be a determination or admission by any Debtor or Buyer (or the Successful Bidder) that such document is, in fact, an executory contract or unexpired lease within the meaning of the Bankruptcy Code (all rights with respect thereto being expressly reserved).

Dated: _____, 2010
    Wilmington, Delaware

                                      Mark D. Collins (No. 2981)
                                      Paul N. Heath (No. 3704)
                                      Jason M. Madron (No. 4431)
                                      Lee E. Kaufman (No. 4877)
                                      RICHARDS, LAYTON & FINGER, P.A.
                                      One Rodney Square
                                      920 North King Street
                                      Wilmington, Delaware 19801
                                      Telephone: 302.651.7700
                                      Facsimile: 302.651.7701

                                      -and-

                                      Martin J. Bienenstock
                                      Michael P. Kessler
                                      Judy G.Z. Liu
                                      DEWEY & LEBOEUF LLP
                                      1301 Avenue of the Americas
                                      New York, New York 10019
                                      Telephone: 212.259.8000
                                      Facsimile: 212.259.6333

                                      *Attorneys for the Debtors and Debtors in*
                                      *Possession*

# EXHIBIT A

**(Assumed Contracts)**