

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------x
: 
*In re* : Chapter 11
:
CAPMARK FINANCIAL GROUP INC., *et al.*, : Case No.09-13684 (CSS)
:
Debtors. : Jointly Administered
:
: Re: Docket No. 732
:
---------------------------------------------------------------x

## ORDER EXTENDING DEBTORS' EXCLUSIVE PERIODS TO FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THEREOF

Upon the motion dated January 22, 2010 (the "Motion") of Capmark Financial Group Inc. ("CFGI") and certain of its subsidiaries and affiliates, as debtors and debtors in possession (collectively, the "Debtors"),[1] pursuant to section 1121(d) of title 11, United States Code (the "Bankruptcy Code"), for an order extending the Debtors' exclusive periods to propose and file a chapter 11 plan (the "Exclusive Filing Period") and solicit acceptances thereof (the "Exclusive Solicitation Period," and together with the Exclusive Filing Period, the "Exclusive

---

[1] The Debtors in these chapter 11 cases, along with the last four (4) digits of each Debtor's federal tax identification number, are: Summit Crest Ventures, LLC (5690), Capmark Financial Group Inc. (2188), Capmark Capital Inc. (6496), Capmark Finance Inc. (3444), Commercial Equity Investments, Inc. (4153), Mortgage Investments, LLC (6319), Net Lease Acquisition LLC (9658), SJM Cap, LLC (0862), Capmark Affordable Equity Holdings Inc. (2379), Capmark REO Holding LLC (3951), Paramount Managing Member AMBAC II, LLC (3934), Paramount Managing Member AMBAC III, LLC (3999), Paramount Managing Member AMBAC IV, LLC (0117), Paramount Managing Member AMBAC V, LLC (3366), Paramount Managing Member LLC (0184), Paramount Managing Member II, LLC (7457), Paramount Managing Member III, LLC (0196), Paramount Managing Member IV, LLC (0199), Paramount Managing Member V, LLC (0201), Paramount Managing Member VI, LLC (5857), Paramount Managing Member VII, LLC (5855), Paramount Managing Member VIII, LLC (5854), Paramount Managing Member IX, LLC (5452), Paramount Managing Member XI, LLC (5455), Paramount Managing Member XII, LLC (5457), Paramount Managing Member XVIII, LLC (3087), Paramount Managing Member XIV, LLC (4194), Paramount Managing Member XV, LLC (4192), Paramount Managing Member XVI, LLC (4186), Paramount Northeastern Managing Member, LLC (3086), Capmark Affordable Properties Inc. (3435), Paramount Managing Member XXIII, LLC (4754), Paramount Managing Member XXIV, LLC (3615), Paramount Managing Member 30, LLC (6824), Paramount Managing Member 31, LLC (6826), Paramount Managing Member 33, LLC (6831), Broadway Street California, L.P. (7722), Broadway Street 2001, L.P. (0187), Broadway Street XV, L.P. (7730), Broadway Street XVI, L.P. (7725), Broadway Street XVIII, L.P. (9799), Broadway Street Georgia I, LLC (9740), Capmark Managing Member 4.5 LLC (8979), Capmark Affordable Equity Inc. (2381), and Capmark Investments LP (7999). CFGI's corporate headquarters is located at 116 Welsh Road, Horsham, Pennsylvania, 19044. The addresses for all of the Debtors are available at the following World Wide Web address: http://chapter11.epiqsystems.com/capmark.

RLF1 3539732v.1

Periods"), all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. § 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to (i) United States Trustee for the District of Delaware (the "U.S. Trustee"), (ii) Citibank, N.A. and Citicorp North America, Inc., as administrative agents under the Debtors' prepetition senior credit facility, bridge loan agreement and term loan facility, (iii) Wilmington Trust FSB, as successor trustee under the prepetition senior unsecured floating rate note, 5.875% senior unsecured note, and 6.300% senior unsecured note indentures, (iv) counsel to the statutory creditors committee appointed in these cases (the "Committee"), and (v) all parties requesting notice pursuant to Bankruptcy Rule 2002 and Local Rule 2002-1(b); and it appearing that no other or further notice need be provided; and the Court having determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is:

ORDERED that the Motion is granted as may be modified herein; and it is further

ORDERED that, pursuant to section 1121(d) of the Bankruptcy Code, the Debtors' Exclusive Filing Period is extended through and including September 30, 2010; and it is further

ORDERED that, pursuant to section 1121(d) of the Bankruptcy Code, the Debtors' Exclusive Solicitation Period is extended through and including November 30, 2010; and it is further

RLF1 3539732v.1

ORDERED that notwithstanding anything in this Order, upon written notice by the Committee (and only the Committee), filed with the Court and served on the Debtors and all parties requesting notice pursuant to Bankruptcy Rule 2002 and Local Rule 2002-1(b) on or before June 1, 2010, the Exclusive Filing Period and the Exclusive Solicitation Period shall terminate as to any party in interest on July 30, 2010, and September 30, 2010, respectively; *provided, however,* that such termination of the Exclusive Periods shall not occur (nor be deemed to have occurred) if the Debtors obtain an additional extension of the Exclusive Periods effective as of or prior to July 30, 2010, and nothing in this Order or the Committee's notice shall prejudice the Debtors' right to request such additional extensions of the Exclusive Periods by July 30, 2010 (including, without limitation, the Debtors' right to obtain a bridge order extension pursuant to Local Rule 9006-2), nor shall prejudice the Debtors' right to seek additional extensions of the Exclusive Periods thereafter; and it is further

ORDERED that this Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: February 19, 2010
Wilmington, Delaware

_____
THE HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE