IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------x
                                              :
*In re*                                       :   Chapter 11
                                              :
CAPMARK FINANCIAL GROUP INC., *et al.*,       :   Case No. 09-13684 (CSS)
                                              :
    Debtors.                                  :   (Jointly Administered)
                                              :
                                              :   Re: Docket Nos. 809, 913, 915, 917, 921 and 923
---------------------------------------------------------------x

## ORDER APPROVING DEBTORS' PERFORMANCE INCENTIVE PLAN FOR INSIDER EMPLOYEES AND CONFIRMING THAT CONTINUATION OF DISCRETIONARY BONUS PLAN FOR NON-INSIDER EMPLOYEES IS AN ORDINARY COURSE TRANSACTION

Upon the motion, dated February 11, 2010 (the "Motion"), of Capmark Financial Group Inc. ("CFGI") and certain of its subsidiaries and affiliates, as debtors and debtors in possession (collectively, the "Debtors"),[1] requesting entry of an order, pursuant to sections 105(a), 363(b), 363(c) and 503(c) of title 11 of the United States Code (the "Bankruptcy Code"),

---

[1] The Debtors in these chapter 11 cases, along with the last four (4) digits of each Debtor's federal tax identification number, are: Summit Crest Ventures, LLC (5690), Capmark Financial Group Inc. (2188), Capmark Capital Inc. (6496), Capmark Finance Inc. (3444), Commercial Equity Investments, Inc. (4153), Mortgage Investments, LLC (6319), Net Lease Acquisition LLC (9658), SJM Cap, LLC (0862), Capmark Affordable Equity Holdings Inc. (2379), Capmark REO Holding LLC (3951), Paramount Managing Member AMBAC II, LLC (3934), Paramount Managing Member AMBAC III, LLC (3999), Paramount Managing Member AMBAC IV, LLC (0117), Paramount Managing Member AMBAC V, LLC (3366), Paramount Managing Member LLC (0184), Paramount Managing Member II, LLC (7457), Paramount Managing Member III, LLC (0196), Paramount Managing Member IV, LLC (0199), Paramount Managing Member V, LLC (0201), Paramount Managing Member VI, LLC (5857), Paramount Managing Member VII, LLC (5855), Paramount Managing Member VIII, LLC (5854), Paramount Managing Member IX, LLC (5452), Paramount Managing Member XI, LLC (5455), Paramount Managing Member XII, LLC (5457), Paramount Managing Member XVIII, LLC (3087), Paramount Managing Member XIV, LLC (4194), Paramount Managing Member XV, LLC (4192), Paramount Managing Member XVI, LLC (4186), Paramount Northeastern Managing Member, LLC (3086), Capmark Affordable Properties Inc. (3435), Paramount Managing Member XXIII, LLC (4754), Paramount Managing Member XXIV, LLC (3615), Paramount Managing Member 30, LLC (6824), Paramount Managing Member 31, LLC (6826), Paramount Managing Member 33, LLC (6831), Broadway Street California, L.P. (7722), Broadway Street 2001, L.P. (0187), Broadway Street XV, L.P. (7730), Broadway Street XVI, L.P. (7725), Broadway Street XVIII, L.P. (9799), Broadway Street Georgia I, LLC (9740), Capmark Managing Member 4.5 LLC (8979), Capmark Affordable Equity Inc. (2381), and Capmark Investments LP (7999). CFGI's corporate headquarters is located at 116 Welsh Road, Horsham, Pennsylvania, 19044. The addresses for all of the Debtors are available at the following World Wide Web address: http://chapter11.epiqsystems.com/capmark.

Rules 2002, 6004 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2002-1 and 6004-1 of the Local Bankruptcy Rules for the District of Delaware (the "Local Rules"), (i) approving the Debtors' performance incentive plan (the "Performance Incentive Plan") for Insider Employees;[2] (ii) confirming that Debtors' continuation of their prepetition discretionary bonus plan (the "Bonus Plan") for Non-Insider Employees is a transaction in the ordinary course of business or, alternatively, approving the discretionary Bonus Plan outside the ordinary course of business; and (iii) authorizing payments under such plans, all as more fully described in the Motion; and the Court having subject matter jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. § 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to (i) the U.S. Trustee, (ii) Wilmington Trust FSB, as successor trustee under the prepetition senior unsecured floating rate note, 5.875% senior unsecured note, and 6.300% senior unsecured note indentures, (iii) counsel to the Committee, and (iv) all parties requesting notice pursuant to Bankruptcy Rule 2002 and Local Rule 2002-1(b), and it appearing that no other or further notice need be provided; and upon the Motion and the Declarations of Thomas L. Fairfield, Executive Vice President and General Counsel of CFGI, and Jeffrey Visithpanich, a Principal of Johnson Associates, Inc., both filed in support of the Motion; and upon consideration of the objection (the "Objection") filed by the U.S. Trustee; and the Committee's consent to approval of the 2010 Bonus Plan and the amounts associated therewith being conditioned upon receipt by the Committee of a business and corporate governance transition plan acceptable to the Committee; and the Court having held a

---

[2] All capitalized terms used but not otherwise defined herein shall the meaning attributed to such terms in the Motion.

hearing to consider the requested relief (the "Hearing"); and upon the record of the Hearing, and all of the proceedings before the Court, the Court finds and determines that the requested relief is in the best interests of the Debtors, their estates, creditors, and all parties in interest; and the legal and factual bases set forth in the Motion having established just and sufficient cause to grant the requested relief herein; and after due deliberation and sufficient cause appearing therefor, it is:

ORDERED that the Motion is granted as may be modified herein; and it is further

ORDERED that the Objection is hereby overruled; and it is further

ORDERED that pursuant to sections 105(a), 363(b)(1), and 503(c)(3) of the Bankruptcy Code, the Debtors are authorized, but not required, to make all payments to Insider Employees pursuant to the Performance Incentive Plan, as modified herein, if, as, and when such amounts come due in accordance with the approved terms of the Performance Incentive Plan; and it is further

ORDERED that the Performance Incentive Plan, as described in the Motion, is hereby modified as follows:

  a. The Milestones must be completed and any corresponding deferred payment must be made on or before the applicable scheduled payment deadline of March 15, 2011, June 30, 2011, or December 31, 2012, as set forth in the Performance Incentive Plan, or such deferred payment shall be forfeited on the applicable payment date in accordance with the provisions of the Performance Incentive Plan and the award agreements thereunder;

  b. Notwithstanding the approval hereby of the Performance Incentive Plan, the terms and conditions of the Performance Incentive Plan shall not be effective as to any Insider Employee who is a member of the Executive Committee (the "Executive Committee Members"), and such Executive Committee Members shall not be entitled to receive any payment under the Performance Incentive Plan without further order of this Court; *provided, however*, that nothing in this Order shall be construed as impairing or prejudicing the Debtors' right to seek approval of the Performance Incentive Plan on a modified basis with respect to, *inter alia*, the nature of the Milestones and timing of the incentive payments for the

3

Executive Committee Members upon further consultation and agreement with the Committee;

c. The total amount allocated to the 2010 Bonus Plan shall not exceed $8.6 million for the Debtors and all of the Debtors' nondebtor subsidiaries and affiliates, on an aggregate basis;

d. The Milestone for Michael Baron in respect of confirmation of a plan of reorganization is hereby deemed to be the sale or other resolution of the Japan non-performing loan portfolio;

e. The Milestone for the New Markets Tax Credit platform shall be achieved upon the sale or other resolution of the platform;

f. If an Insider Employee is transferring to Capmark Bank, any applicable Milestone for such Insider Employee with respect to delivery of updated loan-level business plans will not be considered completed until such plans are be approved by the Board of Directors of Capmark Bank;

g. Payments made to an Insider Employee, other than Executive Committee Members, under the Performance Incentive Plan shall not result in a reduction in the amount otherwise payable to such Insider Employee under the Severance Plan if, as, and when such amounts come due in the normal course under the Severance Plan;

h. If an Insider Employee is transferring to Capmark Bank, such Insider Employee shall not be eligible for payments under the Severance Plan; and

i. If an Insider Employee is involved with a sale of a business platform, and such Insider Employee is offered employment with the purchaser with base pay that is reasonably comparable, as determined by the Compensation Committee of CFGI, to the base pay rate the Insider Employee received prior to the sale, regardless of whether the Insider Employee accepts such employment, such Insider Employee shall not be entitled to any payment under the Severance Plan; and it is further

ORDERED that the Court hereby approves the 2009 Bonus Plan and 2010 Bonus Plan for Non-Insider Employees and the payments thereunder as permissible under Section 503(c)(3) of the Bankruptcy Code or otherwise as a reasonable exercise of the Debtors' business judgment; and it is further

ORDERED that the Court hereby determines and finds that Keith Kooper, President of Capmark Investments LP, and Edward Brace, Chief Financial Officer of Capmark Investments LP, are Insider Employees of the Debtors, as defined by section 101(31) of the Bankruptcy Code, and for the purposes of section 503(c) of the Bankruptcy Code; and it is further

ORDERED that nothing in the Motion shall be deemed a request by the Debtors for authority to assume, and nothing in this Order shall be deemed authorization or approval to assume, any executory contract pursuant to section 365 of the Bankruptcy Code; and it is further

ORDERED that nothing in the Motion or this Order shall be construed as impairing the Debtors' rights to contest the validity or amount of any payments to Insider Employees under the Performance Incentive Plan or to Non-Insider Employees under the Bonus Plan; and it is further

ORDERED that, consistent with the provisions of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED that the Court shall retain jurisdiction with respect to all matters arising from or relating to the interpretation or implementation of this Order.

Dated: March 7, 2010
Wilmington, Delaware

_____
THE HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE

RLF1 3545762v 2