IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---

*In re:* : Chapter 11
:
**CAPMARK FINANCIAL GROUP INC.,** *et al.,* : Case No. 09-13684 (CSS)
:
**Debtors.** : Jointly Administered
:
: Re: Docket Nos. 787 and 851

---

## SUPPLEMENTAL ORDER (A) SCHEDULING AN AUCTION SALE; (B) APPROVING BIDDING PROCEDURES; (C) APPROVING EXPENSE REIMBURSEMENT AND BREAK-UP FEE; (D) SCHEDULING THE SALE HEARING; (E) ESTABLISHING OBJECTION DEADLINE; AND (F) APPROVING FORM/MANNER OF NOTICE OF AUCTION AND SALE AND NOTICE OF ASSUMPTION AND ASSIGNMENT

Upon the motion, dated February 4, 2010 (the "Motion") of Capmark Financial Group, Inc. ("CFGI") and certain of its subsidiaries and affiliates, as debtors and debtors in possession (collectively, the "Debtors"),[1] pursuant to sections 105(a), 363, and 365 of title 11, United States Code (the "Bankruptcy Code"), Rules 2002, 6004, 6006, and 9014 of the Federal Rules of

---

[1] The Debtors in these chapter 11 cases, along with the last four (4) digits of each Debtor's federal tax identification number, are: Summit Crest Ventures, LLC (5690), Capmark Financial Group Inc. (2188), Capmark Capital Inc. (6496), Capmark Finance Inc. (3444), Commercial Equity Investments, Inc. (4153), Mortgage Investments, LLC (6319), Net Lease Acquisition LLC (9658), SJM Cap, LLC (0862), Capmark Affordable Equity Holdings Inc. (2379), Capmark REO Holding LLC (3951), Paramount Managing Member AMBAC II, LLC (3934), Paramount Managing Member AMBAC III, LLC (3999), Paramount Managing Member AMBAC IV, LLC (0117), Paramount Managing Member AMBAC V, LLC (3366), Paramount Managing Member LLC (0184), Paramount Managing Member II, LLC (7457), Paramount Managing Member III, LLC (0196), Paramount Managing Member IV, LLC (0199), Paramount Managing Member V, LLC (0201), Paramount Managing Member VI, LLC (5857), Paramount Managing Member VII, LLC (5855), Paramount Managing Member VIII, LLC (5854), Paramount Managing Member IX, LLC (5452), Paramount Managing Member XI, LLC (5455), Paramount Managing Member XII, LLC (5457), Paramount Managing Member XVIII, LLC (3087), Paramount Managing Member XIV, LLC (4194), Paramount Managing Member XV, LLC (4192), Paramount Managing Member XVI, LLC (4186), Paramount Northeastern Managing Member, LLC (3086), Capmark Affordable Properties Inc. (3435), Paramount Managing Member XXIII, LLC (4754), Paramount Managing Member XXIV, LLC (3615), Paramount Managing Member 30, LLC (6824), Paramount Managing Member 31, LLC (6826), Paramount Managing Member 33, LLC (6831), Broadway Street California, L.P. (7722), Broadway Street 2001, L.P. (0187), Broadway Street XV, L.P. (7730), Broadway Street XVI, L.P. (7725), Broadway Street XVIII, L.P. (9799), Broadway Street Georgia I, LLC (9740), Capmark Managing Member 4.5 LLC (8979), Capmark Affordable Equity Inc. (2381), and Capmark Investments LP (7999). CFGI's corporate headquarters is located at 116 Welsh Road, Horsham, Pennsylvania, 19044. The addresses for all of the Debtors are available at the following World Wide Web address: http://chapter11.epiqsystems.com/capmark.

RLF1 3543264v.1

Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2002-1 and 6004-1 of the Local Bankruptcy Rules for the District of Delaware (the "Local Rules") requesting the following relief from this Court:

(I) Entry of a bidding procedures order:

    (i) scheduling a hearing (the "Sale Hearing") to consider approval of the proposed sale (the "Sale") by Debtors CFGI and Capmark Finance Inc. ("CFI," and together with CFGI, the "Debtor-Sellers," and collectively with nondebtor Capmark México Holding, S. de R.L. de C.V., the "Sellers"), of that portion of the Sellers' assets that comprise substantially all of the Debtor-Sellers' remaining investments in the Mexican market (the "Debtor-Sellers' Transferred Interests") to (a) TESEFA, S.A. de C.V. (the "Buyer") under that certain purchase agreement (the "Sale Agreement"), dated February 4, 2010, among the Sellers, the Buyer, Promecap S.C., Nuevos Negocios DM San Luis, S.A. de C.V. and/or its affiliates, Odisea Asset Management, LLC and Zéndere Holding S.A.P.I. de C.V., attached to the Motion as Exhibit C, or (b) another Successful Bidder or Successful Bidders (as defined in the Motion);

    (ii) establishing the objection deadline in connection with the proposed Sale;

    (iii) approving the form of, and notice procedures relating to, the (a) Notice of Auction and Sale (as defined in the Motion), and (b) Notice of Assumption and Assignment (as defined in the Motion);

    (iv) scheduling an auction ("Auction") to the extent the Debtor-Sellers receive additional higher or better offers for the Debtor-Sellers' Transferred Interests;

    (v) approving bidding procedures (the "Bidding Procedures"), as set forth herein; and

    (vi) approving the break up fee and expense reimbursement provided for in the Sale Agreement;

(II) Upon completion of the Sale Hearing, entry of a sale order, among other things:

    (i) if no higher and/or otherwise better offers have been received, approving the Debtor-Sellers' entry into the Sale Agreement without the necessity of conducting an Auction; or

    (ii) if a higher or better offer is received for some (to the extent permitted) or all of the Debtor-Sellers' Transferred Interests, and therefore, an Auction is held, authorizing the Sale of the Debtor-Sellers' Transferred Interests to the Buyer, or to another Successful Bidder or Successful Bidders at an

Auction, free and clear of any and all liens, encumbrances, claims, and interests of any kind, nature or description pursuant to section 363(f) of the Bankruptcy Code, pursuant to the Sale Agreement, or a Modified Sale Agreement (as defined in the Motion);

and due and proper notice of the Motion having been provided to (i) the Office of the United States Trustee for the District of Delaware, (ii) counsel to the Buyer, (iii) Wilmington Trust FSB, as successor trustee under the prepetition 6.300% senior unsecured note, unsecured floating rate note and 5.875% senior unsecured note indentures, (iv) counsel to the statutory committee of unsecured creditors, and (v) all parties requesting notice pursuant to Bankruptcy Rule 2002 and Local Rule 2002-1(b), and it appearing that no other or further notice need be provided; and the Court having determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and, following a hearing to consider the Motion and approval of the Bidding Procedures on February 19, 2010, the Court having entered its *Order (A) Scheduling an Auction Sale; (B) Approving Bidding Procedures; (C) Approving Expense Reimbursement and Break-Up Fee; (D) Scheduling the Sale Hearing; (E) Establishing Objection Deadline; and (F) Approving Form/Manner of Notice of Auction and Sale and Notice of Assumption and Assignment* [Docket No. 851] (the "Bidding Procedures Order") and after due deliberation and sufficient cause appearing therefore, it is hereby:

ORDERED that Paragraph 7(b) of the Bidding Procedure Order is amended to read as follows:

(b)   On or before March 1, 2010, the Debtors (or their agent) shall serve, by overnight courier, electronic mail, or same-day messenger delivery, the Notice of Assumption and Assignment (the "Notice of Assumption and Assignment"), substantially in the form attached hereto as Schedule A-2, upon all known nondebtor parties to the Assigned Contracts. The Notice of Assumption and Assignment shall set forth (i) the intent of the Debtors to assume the Assigned Contracts and assign them to Buyer or the Successful Bidder, as applicable and (ii) applicable cure amounts (the "Cure Amounts"), if any. The Notice of

3

Assumption and Assignment shall identify the Assigned Contracts and the Cure Amounts that the Debtors believe must be paid to cure all defaults under the Assigned Contracts. If no amount is listed on the Notice of Assumption and Assignment, the Debtors believe there is no Cure Amount due.

; and it is further

ORDERED that, except as modified by the terms hereof, all of the terms and conditions of the Bidding Procedures Order are hereby reaffirmed and shall continue in full force and effect as therein written.

Dated: March 11, 2010
Wilmington, Delaware

THE HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE