IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------------x

In re                                             :    **Chapter 11**

                                     :

**CAPMARK FINANCIAL GROUP INC.,** *et al.,*    :    **Case No. 09-13684 (CSS)**

                                     :

            **Debtors.** [1]                     :    **Jointly Administered**

                                     :

                                     :    **Re: Docket No. 939**

-------------------------------------------------------------x

## FINAL ORDER APPROVING STIPULATION
## AUTHORIZING USE OF CASH COLLATERAL

Upon the motion dated March 5, 2010 (the "<u>Motion</u>"),[2] of Capmark Financial

Group Inc. ("<u>CFGI</u>"), Capmark Affordable Equity Holdings Inc. ("<u>CAEH</u>"), Capmark

Affordable Properties, Inc. ("<u>CAP</u>"), and certain of their subsidiaries and affiliates, as debtors

and debtors in possession (collectively, the "<u>Debtors</u>"), for an order (the "<u>Order</u>") (i) approving

the stipulation (the "<u>Stipulation</u>") attached to the Motion as <u>Exhibit B</u> regarding the Debtors' use

---

[1] The Debtors in these chapter 11 cases, along with the last four (4) digits of each Debtor's federal tax identification number, are: Summit Crest Ventures, LLC (5690), Capmark Financial Group Inc. (2188), Capmark Capital Inc. (6496), Capmark Finance Inc. (3444), Commercial Equity Investments, Inc. (4153), Mortgage Investments, LLC (6319), Net Lease Acquisition LLC (9658), SJM Cap, LLC (0862), Capmark Affordable Equity Holdings Inc. (2379), Capmark REO Holding LLC (3951), Paramount Managing Member AMBAC II, LLC (3934), Paramount Managing Member AMBAC III, LLC (3999), Paramount Managing Member AMBAC IV, LLC (0117), Paramount Managing Member AMBAC V, LLC (3366), Paramount Managing Member LLC (0184), Paramount Managing Member II, LLC (7457), Paramount Managing Member III, LLC (0196), Paramount Managing Member IV, LLC (0199), Paramount Managing Member V, LLC (0201), Paramount Managing Member VI, LLC (5857), Paramount Managing Member VII, LLC (5855), Paramount Managing Member VIII, LLC (5854), Paramount Managing Member IX, LLC (5452), Paramount Managing Member XI, LLC (5455), Paramount Managing Member XII, LLC (5457), Paramount Managing Member XVIII, LLC (3087), Paramount Managing Member XIV, LLC (4194), Paramount Managing Member XV, LLC (4192), Paramount Managing Member XVI, LLC (4186), Paramount Northeastern Managing Member, LLC (3086), Capmark Affordable Properties Inc. (3435), Paramount Managing Member XXIII, LLC (4754), Paramount Managing Member XXIV, LLC (3615), Paramount Managing Member 30, LLC (6824), Paramount Managing Member 31, LLC (6826), Paramount Managing Member 33, LLC (6831), Broadway Street California, L.P. (7722), Broadway Street 2001, L.P. (0187), Broadway Street XV, L.P. (7730), Broadway Street XVI, L.P. (7725), Broadway Street XVIII, L.P. (9799), Broadway Street Georgia I, LLC (9740), Capmark Managing Member 4.5 LLC (8979), Capmark Affordable Equity Inc. (2381), and Capmark Investments LP (7999). CFGI's corporate headquarters is located at 116 Welsh Road, Horsham, Pennsylvania, 19044. The addresses for all of the Debtors are available at the following World Wide Web address: http://chapter11.epiqsystems.com/capmark.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

of Cash Collateral, (ii) providing Morgan Stanley adequate protection pursuant to section 363(e) of the Bankruptcy Code for claims arising from the use of the Cash Collateral, and (iii) vacating and modifying the automatic stay imposed by section 362 of the Bankruptcy Code to the extent necessary to grant the replacement liens provided for in the Stipulation as adequate protection and to implement and effectuate the Stipulation, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. § 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to (i) United States Trustee for the District of Delaware (the "U.S. Trustee"), (ii) Wilmington Trust FSB, as successor trustee under the prepetition senior unsecured floating rate note, 5.875% senior unsecured note, and 6.300% senior unsecured note indentures, (iii) counsel to the Committee, (iv) all parties requesting notice pursuant to Bankruptcy Rule 2002 and Local Rule 2002-1(b), and (v) counsel to Morgan Stanley; and it appearing that no other or further notice need be provided; and a hearing on the Motion having been held; and the Court having determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is:

ORDERED that the Motion is granted as may be modified herein; and it is further

ORDERED that the Stipulation is approved as may be modified herein including, without limitation, the (i) creation and perfection of the pledge of the loan receivables relating to each Property Saving Loan and True-Up Excess Contribution Payment funded pursuant to the terms of the Stipulation granted as adequate protection for the Debtors' use of the Cash

Collateral, and (ii) modification of the automatic stay imposed under section 362(a) of the Bankruptcy Code as necessary to effectuate all of the terms and provisions of the Stipulation; and it is further

ORDERED that the Debtors and Morgan Stanley are hereby authorized to take any and all actions reasonably necessary to effectuate the terms of the Stipulation; and it is further

ORDERED that, consistent with the provisions of Bankruptcy Rule 4001(b)(2), this Order is a final order; and it is further

ORDERED that, consistent with the provisions of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED that this Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of the Stipulation or this Order.

Dated: **3/19**, 2010
Wilmington, Delaware

THE HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE