IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------x
                                          :
*In re*                                   :   Chapter 11
                                          :
CAPMARK FINANCIAL GROUP INC., *et al.*,   :   Case No. 09-13684 (CSS)
                                          :
Debtors.[1]                               :   Jointly Administered
                                          :
                                          :   Re: Docket No. 526
---------------------------------------------------------------x

## ORDER APPOINTING FEE EXAMINER ESTABLISHING PROCEDURES FOR CONSIDERATION OF REQUESTED FEE COMPENSATION AND REIMBURSEMENT OF EXPENSES

Upon consideration of that certain *Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals*, dated November 24, 2009 (the "Monthly Compensation Order") [Docket No. 337]; and the Court having entered that certain *Order Directing Appointment of Fee Examiner*, dated December 23, 2009 (the "Fee Examiner

---

[1] The Debtors in these chapter 11 cases, along with the last four (4) digits of each Debtor's federal tax identification number, are: Summit Crest Ventures, LLC (5690), Capmark Financial Group Inc. (2188), Capmark Capital Inc. (6496), Capmark Finance Inc. (3444), Commercial Equity Investments, Inc (4153), Mortgage Investments, LLC (6319), Net Lease Acquisition LLC (9658), SJM Cap, LLC (0862), Capmark Affordable Equity Holdings Inc. (2379), Capmark REO Holding LLC (3951), Paramount Managing Member AMBAC II, LLC (3934), Paramount Managing Member AMBAC III, LLC (3999), Paramount Managing Member AMBAC IV, LLC (0117), Paramount Managing Member AMBAC V, LLC (3366), Paramount Managing Member LLC (0184), Paramount Managing Member II, LLC (7457), Paramount Managing Member III, LLC (0196), Paramount Managing Member IV, LLC (0199), Paramount Managing Member V, LLC (0201), Paramount Managing Member VI, LLC (5857), Paramount Managing Member VII, LLC (5855), Paramount Managing Member VIII, LLC (5854), Paramount Managing Member IX, LLC (5452), Paramount Managing Member XI, LLC (5455), Paramount Managing Member XII, LLC (5457), Paramount Managing Member XVIII, LLC (3087), Paramount Managing Member XIV, LLC (4194), Paramount Managing Member XV, LLC (4192), Paramount Managing Member XVI, LLC (4186), Paramount Northeastern Managing Member, LLC (3086), Capmark Affordable Properties Inc. (3435), Paramount Managing Member XXIII, LLC (4754), Paramount Managing Member XXIV, LLC (3615), Paramount Managing Member 30, LLC (6824), Paramount Managing Member 31, LLC (6826), Paramount Managing Member 33, LLC (6831), Broadway Street California, L.P. (7722), Broadway Street 2001, L.P. (0187), Broadway Street XV, L.P. (7730), Broadway Street XVI, L.P. (7725), Broadway Street XVIII, L.P. (9799), Broadway Street Georgia I, LLC (9740), Capmark Managing Member 4.5 LLC (8979), Capmark Affordable Equity Inc. (2381) and Capmark Investments LP (7999). CFGI's corporate headquarters is located at 116 Welsh Road, Horsham, Pennsylvania, 19044. The addresses for all of the Debtors are available at the following World Wide Web address: http://chapter11.epiqsystems.com/capmark.

Order") [Docket No. 526]; and the Court having determined that the size and complexity of the above-captioned jointly administered bankruptcy cases (the "Chapter 11 Cases") will result in the filing of numerous and lengthy professional fee applications; and the Court having concluded that the appointment of a fee examiner under section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), is in the best interests of the Debtors, their estates and creditors, and other parties in interest and is in accordance with Rule 2016-2(i) of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the "Local Rules") and the procedures of this Court; and the Court having subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1334, and this being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Debtors having conferred with the Official Committee of Unsecured Creditors (the "Committee") pursuant to the Fee Examiner Order regarding the selection of the fee examiner (the "Fee Examiner") to be appointed in the Chapter 11 Cases and the establishment of related procedures; and good and sufficient cause appearing therefore, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. Direct Fee Review LLC is appointed and shall be employed as the Fee Examiner in the Chapter 11 Cases *nunc pro tunc* to 30 days prior to entry of this Order, subject to the filing of a verified statement ("Verified Statement") in accordance with Rule 2014(a) of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule") and Local Rule 2014-1 within ten (10) business days from the date of entry of this Order.

2. This Order shall apply to all professionals in the Chapter 11 Cases requesting compensation and/or reimbursement of expenses for services rendered pursuant to §§327, 330, 331, 503(b) or 1103 of the Bankruptcy Code, including, but not limited to, any

2

compensation requested by any professional or any other person for making a substantial contribution in the Chapter 11 Cases under §§ 327, 328, 1103 or 1104 of the Bankruptcy Code, but <u>excluding</u> (i) ordinary course professionals employed by the Debtors in accordance with that certain *Order Authorizing the Debtors to Employ Ordinary Course Professionals* [Docket No. 367] (the "<u>OCP Order</u>")[2], (ii) members of the Committee, on account of such members' applications for reimbursement of expenses incurred in their capacity as members of the Committee, and (iii) all professionals requesting the payment of any success fee or transaction fee set forth in such professionals' engagement agreement, solely with respect to such requested success fee or transaction fee, and (iv) as otherwise ordered by the Court.

      3. The terms and conditions of the Monthly Compensation Order shall not be modified by this Order, except that: no later than three (3) business days after the filing of each Monthly Fee Application,[3] each Interim Fee Application Request and each final fee application (a "<u>Final Fee Application</u>," and collectively, an "<u>Application</u>" or "<u>Applications</u>"), the estate professional filing the Application (the "<u>Applicant</u>") shall send to the Fee Examiner via electronic mail the Application, including the fee detail containing the time entries and the expense detail (the "<u>Fee Detail</u>") in Adobe Acrobat format, and shall send to the Fee Examiner via electronic mail the Fee Detail in searchable electronic format such as Ledes, Excel, Microsoft Word or WordPerfect, but not Adobe Acrobat. An Applicant need not send to the Fee Examiner the electronic formatted Fee Detail for any Interim Fee Application Request if such Applicant has previously submitted all of such electronic formatted Fee Detail relevant to such Interim Fee Application Request to the Fee Examiner, whether in conjunction with the relevant Monthly Fee

---

[2] To the extent fees and expenses of any professionals employed pursuant to the OCP Order exceed the compensation caps set forth therein, such fees and expenses shall be reviewed by the Fee Examiner as set forth herein

[3] Capitalized terms not otherwise defined herein have the meanings ascribed to them in the Interim Compensation Order.

3

Applications or otherwise. If any Applicant cannot reasonably convert its Fee Detail to one of the electronic formats described above, the Fee Examiner will work with such applicant to find an appropriate electronic format.

4. The Fee Detail for any previously filed Monthly Fee Application shall be provided to the Fee Examiner by each Applicant within twenty (20) days of entry of this Order.

5. The Fee Examiner shall:

(a) review Interim Fee Application Requests and Final Fee Applications filed by each Applicant in the Chapter 11 Cases, along with the Fee Detail relating to same. To the extent practicable, the Fee Examiner shall avoid duplicative review when reviewing Final Fee Applications comprised of Interim Fee Application Requests that have already been reviewed by the Fee Examiner;

(b) during the course of its review of an Application, consult, as it deems appropriate, with each Applicant concerning such professional's Application;

(c) during the course of its review of an Application, review, to the extent appropriate, any document filed in the Chapter 11 Cases and shall be responsible for general familiarity with the dockets in the Chapter 11 Cases. The Fee Examiner shall be deemed to have filed a request for notice of papers filed in the Chapter 11 Cases pursuant to Bankruptcy Rule 2002, and the Fee Examiner shall be served with all such papers;

(d) within twenty (20) days after an Applicant files an Application, serve an initial report (the "Initial Report") on the Applicant designed to quantify and present factual data relevant to whether the requested fees, disbursements and expenses meet the applicable standards of §330 of the Bankruptcy Code and Local Rule 2016-2;

(e) within fifteen (15) days after the service of the Initial Report, engage in written communication with each Applicant, the objective of which is to resolve matters raised in the Initial Report. The Fee Examiner shall endeavor to reach consensual resolution with each Applicant with respect to that Applicant's requested fees and expenses. The Fee Examiner may also use the resolution process to revise findings contained in the Initial Report. Each Applicant may provide the Fee Examiner with written supplemental information which the Applicant believes is relevant to the Initial Report;

4

(f) following communications between the Fee Examiner and the Applicant, and the Fee Examiner's review of any supplemental information provided by such Applicant in response to the Initial Report, conclude the resolution period by filing with the Court a report with respect to each Application (the "Final Report"), fifteen (15) days after the service of the Initial Report, subject to paragraph 6(ii) below. The Final Report shall be in a format designed to quantify and present factual data relevant to whether the requested fees and expenses of each Applicant meet the applicable standards of §330 of the Bankruptcy Code and Local Rule 2016-2. The Final Report shall also inform the Court of all proposed consensual resolutions of the fee and/or expense reimbursement request for each Applicant and the basis for such proposed consensual resolution; and

(g) serve each Final Report on counsel for the Debtors, the Office of the United States Trustee for the District of Delaware (the "United States Trustee"), counsel for the Committee and each Applicant whose fees and expenses are addressed in the Final Report.

6. The Applicant subject to such Final Report may (i) file with the Court a response (a "Final Response") to such Final Report, no later than twenty (20) days after the Fee Examiner's service of a Final Report, and request a ruling with respect to the fees and/or expense to which an objection was made (the "Incremental Amount") at the next interim fee hearing or the final fee hearing, or, in the alternative, (ii) defer filing the Final Response and request a ruling at any subsequent fee hearing so as to allow continuing discussions with the examiner. Any Final Response shall be served upon (i) those parties served with the Final Report and (ii) the Fee Examiner.

7. The Fee Examiner and all Applicants shall use best efforts to have the undisputed portion of Applications allowed by the Bankruptcy Court and paid as soon as reasonably practicable, even if the Incremental Amount remains disputed and subject to the procedures set forth above.

8. An Application shall not be considered by the Court prior to the review by the Fee Examiner and the submission to the Court of a Final Report specific to such Application, unless the Fee Examiner has expressly stated that such hearing shall go forward without the Final Report being filed. If applicable, hearing[s] on an Application or Applications shall be scheduled by the Court in consultation with the Debtors' counsel after the filing of the applicable Final Report(s) by the Fee Examiner.

9. Any of the periods set forth above may be extended by the mutual consent of the Fee Examiner and the Applicant, provided that written notice of such extension is provided to the Debtors' counsel. Should an Applicant fail to meet one or more deadlines set forth herein for the review of an Application, and, in the sole discretion of the Fee Examiner, the Applicant's failure to meet these deadlines does not allow sufficient time for the review process to be completed, such Application shall be heard at a subsequent hearing date. Nothing herein shall be construed or interpreted so as to require the filing of Final Reports on all Applications prior to any Application and the Final Report specific thereto being considered by the Court, and the delay or adjournment of consideration of Application(s) of one or more Applicant(s) shall not prejudice the timing of hearings on the Applications of other Applicants.

10. The Fee Examiner shall be available for deposition and cross-examination by the Debtors, the Committee, the United States Trustee and other interested parties consistent with Rule 706 of the Federal Rules of Evidence.

11. The fees and expenses of the Fee Examiner shall be subject to application and review pursuant to § 330 of the Bankruptcy Code and shall be paid from the Debtors' estates as an administrative expense under § 503(b)(2) of the Bankruptcy Code. The total fees paid to the Fee Examiner for its services in accordance with this Order shall be charged at the ordinary

hourly rate of the Fee Examiner for services of this nature and shall not include any contingency or success fees. A copy of the Fee Examiner's engagement agreement identifying rates to be charged shall be attached to the Verified Statement and shall be subject to Bankruptcy Court approval in the event an objection to the engagement agreement is filed by any party in interest. The Fee Examiner's expenses shall be subject to the information detail requirements set forth in Local Rule 2016-2(e).

12. Counsel for the Debtors shall promptly serve a copy of this Order, in accordance with the Local Rules, on (i) the United States Trustee, (ii) counsel for the Committee, and (iii) each professional, other than ordinary course professionals, employed by the Debtors or the Committee in the Chapter 11 Cases pursuant to §§ 327 and 330 of the Bankruptcy Code.

13. This Order does not limit the statutory rights and obligations of interested parties in the Chapter 11 Cases, including, but not limited to, the rights of parties in interest to object to Monthly Fee Applications, Interim Fee Application Requests and Final Fee Applications. Nothing herein shall affect any parties' right to request a waiver to the requirements of Local Rule 2016-2 or the *United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330*, to the extent they apply. Nor shall any part of this Order be interpreted or construed so as to prejudice the rights of any Applicant to submit an Application for reimbursement of any fees and expenses incurred as a result of the defense of any Fee Application, which right to such reimbursement shall be adjudicated in accordance with applicable law, or to impair any defense thereto.

14. This Order shall be effective immediately upon its entry on the docket of the Chapter 11 Cases.

RLF1 3551429v 1

15. The Court shall retain authority to modify this Order upon notice to the parties in interest. Notwithstanding any other provision of this Order, the Court shall retain the ultimate authority to determine whether fees and expenses requested are necessary and reasonable under section 330 of the Bankruptcy Code.

Dated: March 24, 2010
Wilmington, Delaware

_____
THE HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE

RLF1 3551429v 1