IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------x
*In re*                                              : Chapter 11
                                                     :
CAPMARK FINANCIAL GROUP INC., *et al.*,              : Case No. 09-13684 (CSS)
                                                     :
Debtors.                                             : Jointly Administered
                                                     :
                                                     : Re: Docket Nos. 810 and 913
---------------------------------------------------------------x

## ORDER (I) AUTHORIZING DEBTORS TO FILE FULL POSTPETITION PERFORMANCE INCENTIVE PLAN FOR INSIDER EMPLOYEES UNDER SEAL, (II) DIRECTING THAT PORTIONS OF PERFORMANCE INCENTIVE PLAN BE UNSEALED, AND (III) DIRECTING THAT PORTIONS OF GOVERNMENT EXHIBIT 3 BE UNSEALED

Upon the motion, dated February 11, 2010 (the "Motion"),[1] of Capmark Financial Group Inc. ("CFGI") and certain of its subsidiaries and affiliates, as debtors and debtors in possession (collectively, the "Debtors"),[2] pursuant to section 107(b) of title 11, United States

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

[2] The Debtors in these chapter 11 cases, along with the last four (4) digits of each Debtor's federal tax identification number, are: Summit Crest Ventures, LLC (5690), Capmark Financial Group Inc. (2188), Capmark Capital Inc. (6496), Capmark Finance Inc. (3444), Commercial Equity Investments, Inc. (4153), Mortgage Investments, LLC (6319), Net Lease Acquisition LLC (9658), SJM Cap, LLC (0862), Capmark Affordable Equity Holdings Inc. (2379), Capmark REO Holding LLC (3951), Paramount Managing Member AMBAC II, LLC (3934), Paramount Managing Member AMBAC III, LLC (3999), Paramount Managing Member AMBAC IV, LLC (0117), Paramount Managing Member AMBAC V, LLC (3366), Paramount Managing Member LLC (0184), Paramount Managing Member II, LLC (7457), Paramount Managing Member III, LLC (0196), Paramount Managing Member IV, LLC (0199), Paramount Managing Member V, LLC (0201), Paramount Managing Member VI, LLC (5857), Paramount Managing Member VII, LLC (5855), Paramount Managing Member VIII, LLC (5854), Paramount Managing Member IX, LLC (5452), Paramount Managing Member XI, LLC (5455), Paramount Managing Member XII, LLC (5457), Paramount Managing Member XVIII, LLC (3087), Paramount Managing Member XIV, LLC (4194), Paramount Managing Member XV, LLC (4192), Paramount Managing Member XVI, LLC (4186), Paramount Northeastern Managing Member, LLC (3086), Capmark Affordable Properties Inc. (3435), Paramount Managing Member XXIII, LLC (4754), Paramount Managing Member XXIV, LLC (3615), Paramount Managing Member 30, LLC (6824), Paramount Managing Member 31, LLC (6826), Paramount Managing Member 33, LLC (6831), Broadway Street California, L.P. (7722), Broadway Street 2001, L.P. (0187), Broadway Street XV, L.P. (7730), Broadway Street XVI, L.P. (7725), Broadway Street XVIII, L.P. (9799), Broadway Street Georgia I, LLC (9740), Capmark Managing Member 4.5 LLC (8979), Capmark Affordable Equity Inc.

Code, Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9018-1 of the Local Bankruptcy Rules for the District of Delaware (the "Local Rules") for an order authorizing the Debtors to file the postpetition performance incentive plan (the "Performance Incentive Plan") for Insider Employees under seal, as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and grant the requested relief in accordance with 28 U.S.C. § 1334; and consideration of the Motion being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Debtors having provided notice of the Motion to: (i) the U.S. Trustee, (ii) Wilmington Trust FSB, as successor trustee under the prepetition indentures for the senior unsecured floating rate notes, 5.875% senior unsecured notes, and 6.300% senior unsecured notes, (iii) counsel to the Committee, and (iv) all parties requesting notice pursuant to Bankruptcy Rule 2002 and Local Rule 2002-1(b); and it appearing that no further notice is necessary; and upon consideration of the objection (the "Objection") filed by the U.S. Trustee to the relief requested in the Motion; and the Court having held a hearing to consider the relief requested in the Motion (the "Hearing"); and the U.S. Trustee having introduced certain exhibits at the Hearing, including an exhibit marked "Government Exhibit 3," which the Debtors requested be admitted into evidence under seal at the Hearing for the same reasons the Debtors requested sealing of the Performance Incentive Plan; and the Debtors and the U.S. Trustee having resolved the Objection by reaching an agreement to unseal portions of the Performance Incentive Plan and unseal portions of Government Exhibit 3; and upon the record of the Hearing, and all of the proceedings before the Court, the Court finds and determines that the requested

---

(2381), and Capmark Investments LP (7999). CFGI's corporate headquarters is located at 116 Welsh Road, Horsham, Pennsylvania, 19044. The addresses for all of the Debtors are available at the following World Wide Web address: http://chapter11.epiqsystems.com/capmark.

2

RLF1 3558010v.1

relief is in the best interests of the Debtors, their estates, creditors, and all parties in interest; and the legal and factual bases set forth in the Motion having established just and sufficient cause to grant the requested relief herein; and after due deliberation and sufficient cause appearing therefor, it is hereby:

ORDERED that the Motion is granted as may be modified herein; and it is further

ORDERED that the Debtors are authorized to file a full, unredacted version of the Performance Incentive Plan under seal; *provided, however*, that the U.S. Trustee, the Committee, the ad hoc group of unsecured prepetition lenders and the ad hoc group of secured prepetition lenders shall be provided copies of the full version of the Performance Incentive Plan upon implementation of appropriate confidentiality safeguards; and it is further

ORDERED that consistent with the agreement resolving the Objection between the Debtors and the U.S. Trustee, certain portions of the Performance Incentive Plan, as reflected in the redacted version of the Performance Incentive Plan attached hereto as Exhibit A, and certain portions of Government Exhibit 3, as reflected in the redacted version of Government Exhibit 3 attached hereto as Exhibit B, are hereby unsealed; and it is further

ORDERED that all rights of the Debtors and the Committee are reserved with respect to the issue of whether information relating to incentive payments and compensation for members of the Executive Committee of Capmark Financial Group Inc. should be sealed when that portion of the Performance Incentive Plan is presented to the Court for approval; and it is further

ORDERED that the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

RLF1 3558010v.1

ORDERED that this Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: April 9, 2010
Wilmington, Delaware

THE HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE

4

RLF1 3558010v.1