# Exhibit A

**Proposed Bidding Procedures Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

```
-----------------------------------------------------------x
                                          :
In re                                     :    Chapter 11
                                          :
CAPMARK FINANCIAL GROUP INC., et al.,     :    Case No. 09-13684 (CSS)
                                          :
              Debtors.¹                   :    Jointly Administered
                                          :
-----------------------------------------------------------x
```

**ORDER (A) SCHEDULING AN AUCTION IN CONNECTION WITH THE SALE OF THE
GEORGETOWN PARK PARTNERS, LLC LOAN; (B) APPROVING BIDDING
PROCEDURES; (C) APPROVING BREAK-UP FEE AND EXPENSE REIMBURSEMENT;
(D) SCHEDULING A SALE HEARING; (E) ESTABLISHING OBJECTION DEADLINE;
AND (F) APPROVING AUCTION AND SALE HEARING NOTICE**

Upon the motion, dated as of May 14, 2010 (the "Motion"),[2] of Capmark Financial

Group, Inc. ("CFGI") and certain of its subsidiaries and affiliates, as debtors and debtors in

possession (collectively, the "Debtors"), pursuant to sections 105(a) and 363 of title 11 of the

United States Code (the "Bankruptcy Code"), Rules 2002, 6004, 9014 and 9019 of the Federal

---

[1] The Debtors in these chapter 11 cases, along with the last four (4) digits of each Debtor's federal tax identification number, are:  Summit Crest Ventures, LLC (5690), Capmark Financial Group Inc. (2188), Capmark Capital Inc. (6496), Capmark Finance Inc. (3444), Commercial Equity Investments, Inc. (4153), Mortgage Investments, LLC (6319), Net Lease Acquisition LLC (9658), SJM Cap, LLC (0862), Capmark Affordable Equity Holdings Inc. (2379), Capmark REO Holding LLC (3951), Paramount Managing Member AMBAC II, LLC (3934), Paramount Managing Member AMBAC III, LLC (3999), Paramount Managing Member AMBAC IV, LLC (0117), Paramount Managing Member AMBAC V, LLC (3366), Paramount Managing Member LLC (0184), Paramount Managing Member II, LLC (7457), Paramount Managing Member III, LLC (0196), Paramount Managing Member IV, LLC (0199), Paramount Managing Member V, LLC (0201), Paramount Managing Member VI, LLC (5857), Paramount Managing Member VII, LLC (5855), Paramount Managing Member VIII, LLC (5854), Paramount Managing Member IX, LLC (5452), Paramount Managing Member XI, LLC (5455), Paramount Managing Member XII, LLC (5457), Paramount Managing Member XVIII, LLC (3087), Paramount Managing Member XIV, LLC (4194), Paramount Managing Member XV, LLC (4192), Paramount Managing Member XVI, LLC (4186), Paramount Northeastern Managing Member, LLC (3086), Capmark Affordable Properties Inc. (3435), Paramount Managing Member XXIII, LLC (4754), Paramount Managing Member XXIV, LLC (3615), Paramount Managing Member 30, LLC (6824), Paramount Managing Member 31, LLC (6826), Paramount Managing Member 33, LLC (6831), Broadway Street California, L.P. (7722), Broadway Street 2001, L.P. (0187), Broadway Street XV, L.P. (7730), Broadway Street XVI, L.P. (7725), Broadway Street XVIII, L.P. (9799), Broadway Street Georgia I, LLC (9740), Capmark Managing Member 4.5 LLC (8979), Capmark Affordable Equity Inc. (2381), and Capmark Investments LP (7999).  CFGI's corporate headquarters is located at 116 Welsh Road, Horsham, Pennsylvania, 19044.  The addresses for all of the Debtors are available at the following World Wide Web address: http://chapter11.epiqsystems.com/capmark.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such term in the Motion.

Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2002-1 and 6004-1 of the

Local Bankruptcy Rules for the District of Delaware (the "Local Rules") requesting the following

relief from this Court:

(I)    entry of an order (the "Bidding Procedures Order"):

    i.    scheduling a hearing (the "Sale Hearing") to consider approval of the proposed sale (the "Sale") by Capmark Finance Inc. (the "Seller"), of the Seller's ownership interest in a loan in the original maximum principal amount of $70,400,000 made to Georgetown Park Partners, LLC, together with the accompanying loan file (collectively, the "Georgetown Loan") to (a) Angelo Gordon Real Estate Inc. (or its assignee as permitted by the Purchase Agreement (as defined below)) (the "Purchaser") under that certain Purchase Agreement (together with all exhibits, schedules and agreements attached thereto, the "Purchase Agreement"), between the Seller and Purchaser, dated as of May 10, 2010, attached to the Motion as Exhibit C, or (b) another Successful Bidder (as defined below);

    ii.    establishing the objection deadline in connection with the proposed Sale;

    iii.    approving the form, and notice procedures relating to, the Auction and Sale Hearing Notice (as defined below);

    iv.    scheduling an auction ("Auction") to the extent the Seller receives additional higher or better offers from Qualifying Bidders (as defined below) for the Georgetown Loan;

    v.    approving the bidding procedures (the "Bidding Procedures"), as set forth herein; and

    vi.    approving the break up fee (the "Break-Up Fee") and expense reimbursement ("Expense Reimbursement") payable to the Purchaser under the Purchase Agreement;

(II)    upon completion of the Sale Hearing, entry of an order (the "Sale Order"):

    i.    if no higher and/or better offers from Qualifying Bidders have been received, approving the Seller's entry into and performance under the Purchase Agreement without the necessity of conducting an Auction; or

    ii.    if a higher and/or better offer from a Qualifying Bidder is received, and therefore, an Auction is held, authorizing the Sale of the Georgetown Loan to Purchaser, or to another Successful Bidder, free

and clear of any and all liens, encumbrances, claims, and interests of any kind, nature or description (collectively, the "Liens") pursuant to section 363(f) of the Bankruptcy Code, pursuant to the Purchase Agreement, or a Modified Purchase Agreement (as defined below) other than the Designated Defenses as defined in the Purchase Agreement), if any; and

iii.    in the event there is no Auction or the Purchaser is the Successful Bidder at the Auction, authorizing the Debtors in connection with the consummation of the Purchase Agreement to consummate a settlement with WDC Holdings, LLC, WDC Georgetown Park Manager, LLC, and Herbert Miller (collectively, the "Miller Parties") pursuant to which (a) the Miller Parties, on the one hand, and Seller and Capmark Investments LP, on the other hand, would exchange mutual releases, (b) Seller and Capmark Investments LP would conditionally release Georgetown Park Partners, LLC and (c) Georgetown Park Partners, LLC and WDC Georgetown Park Manager, LLC would withdraw with prejudice their proofs of claim filed against the Debtors (collectively, the "Settlement");

and due and proper notice of the Motion having been provided to (i) the U.S. Trustee, (ii) counsel to the agent for the Secured Lenders, (iii) counsel to the Purchaser, (iv) Wilmington Trust FSB, as successor trustee under the prepetition senior unsecured floating rate note, 5.875% senior unsecured note, and 6.300% senior unsecured note indentures, (v) counsel to the Committee, (vi) any party who, in the past twelve (12) months, expressed in writing to the Debtors an interest in acquiring the Georgetown Loan, and who the Debtors and their representatives reasonably and in good faith determine potentially have the desire and financial wherewithal to effectuate the Sale, (vii) all parties requesting notice pursuant to Bankruptcy Rule 2002 and Local Rule 2002-1(b), (viii) each Borrower Party, (ix) Eastbanc, Inc., and (x) Anthony Lanier; and it appearing that no other or further notice need be provided; and the Court having determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted

herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY FOUND AND DETERMINED THAT:[3]

        A.       The Court has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

        B.       Good and sufficient notice of the Motion has been given under the circumstances, and no further or other notice is required. A reasonable opportunity to object or be heard regarding the relief requested in the Motion has been afforded to all interested persons.

        C.       The notice of Auction and Sale Hearing, annexed hereto as Schedule 1 (the "Auction and Sale Hearing Notice"), is appropriate and reasonably calculated to provide interested parties with timely and proper notice of the Auction and Sale Hearing and related deadlines, and no other or further notice is required.

        D.       The Break-Up Fee and Expense Reimbursement to be paid under the circumstances set forth herein and in the Purchase Agreement (i) are an actual and necessary cost and expense of preserving the Debtors' estates within the meaning of section 503(b) of the Bankruptcy Code, (ii) are commensurate to the real and substantial benefit conferred upon the Debtors' estates by the Purchaser, (iii) are reasonable and appropriate in light of the size and nature of the proposed Sale, the commitments that have been made, and the substantial time and efforts that have been and will be expended by the Purchaser, (iv) were necessary to induce the Purchaser to enter into the Purchase Agreement and are necessary to ensure that the Purchaser will continue to pursue the Sale and continue to be bound by the Purchase Agreement (as opposed to exercising its right of termination if the Break-Up Fee and Expense Reimbursement are not approved as

---

[3] The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.

contemplated by the Purchase Agreement), and (v) the fees were negotiated in good faith and at arm's length by the Seller and the Purchaser.

    E.  The Bidding Procedures have been reasonably designed to induce competitive bidding and maximize the purchase price and other consideration to be received for the Georgetown Loan.

    F.  The Debtors have articulated good and sufficient reasons for this Court, and that the best interests of the estates will be served by, to grant the relief requested in the Motion, including this Court's (i) approval of the Bidding Procedures, and (ii) approval of payment of the Break-Up Fee and Expense Reimbursement on the terms set forth herein and in the Purchase Agreement. The Debtors have articulated good and sufficient reasons for, and that the best interests of their estates will be served by, this Court scheduling a subsequent hearing to consider whether to grant the remainder of the relief requested in the Motion, including approval of the Sale in accordance with either the Purchase Agreement or the Modified Purchase Agreement between the Seller and the Successful Bidder, free and clear of all Liens pursuant to sections 363(b) and (f) of the Bankruptcy Code, other than the Designated Defenses, if any.

    NOW THEREFORE, IT IS HEREBY ORDERED THAT:

    1.  The Motion is granted to the extent described herein.

    2.  The Bidding Procedures, as set forth below, are approved and shall apply with respect to the proposed sale of the Georgetown Loan (provided the Debtors may modify, amend and waive, as applicable, the Bidding Procedures in their sole discretion after consultation with the Committee, except that any such modification, amendment or waiver that is materially different than the Bidding Procedures set forth herein or that adversely affects Purchaser's rights in respect of the Deposit, the Break-Up Fee, and the Expense Reimbursement may not be made without Purchaser's consent):

RLF1 3571522v 1

(a)    **Assets to Be Sold**:  The assets to be sold shall consist of the assets comprising the Georgetown Loan.

(b)    **Confidentiality Agreements**:    Upon execution of a confidentiality agreement, in form and substance satisfactory to the Seller, any party that wishes to conduct due diligence in respect of the Georgetown Loan may be granted access to all material information that has been or will be provided to Purchaser and other bidders; *provided, however*, prior to receipt by a party of any information from the Debtors (including, but not limited to, the Purchase Agreement and its schedules and exhibits, business and financial information and access to representatives of the Seller), each such party will be required to deliver evidence reasonably satisfactory to the Seller establishing such party's financial capability to timely consummate a purchase of the Georgetown Loan.

(c)    **Bid Deadline**:  Any person or entity interested in participating in the Auction must submit a Qualifying Bid (as defined below) on or before June 14, 2010 at 12:00 p.m. (noon) (Eastern Daylight Time) (the "Bid Deadline") in writing, to (i) counsel to the Debtors, Dewey & LeBoeuf LLP, 1301 Avenue of the Americas, New York, New York 10019, Attention:  Michael P. Kessler, Esq. and Judy G.Z. Liu, Esq., (ii) corporate counsel to the Seller, Kaye Scholer LLP, 425 Park Avenue, New York, New York 10022, Attention:  Louis J. Hait, Esq., and Benjamin Mintz, Esq., (iii) Capmark Finance Inc., 485 Madison Avenue, New York, New York 10022, Attention: Jonathan Kohan, and (iv) counsel to the Committee, Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, New York 10036, Attention: Thomas Moers Mayer, Esq. and Joshua Brody, Esq.

(d)    **Qualifying Bids**:  To participate in the bidding process and be deemed a "Qualifying Bidder," each potential bidder (other than the Purchaser) must submit a "Qualifying Bid" by the Bid Deadline.  The Purchase Agreement is deemed a Qualifying Bid and Purchaser is deemed a Qualifying Bidder. Otherwise, to constitute a Qualifying Bid a bid must:

    i.    be in writing and state that such bidder is prepared to enter into a legally binding purchase and sale agreement or similar agreement for the acquisition of the Georgetown Loan on aggregate terms and conditions no less favorable to the Seller than the terms and conditions contained in the Purchase Agreement, and with a cash purchase price of no less than the Purchaser's purchase price plus the Break-Up Fee, the Expense Reimbursement, and $500,000; *provided* that a Qualifying Bid need not include a release in favor of Seller from the Borrower Parties;

    ii.    have a purchase price consisting only of cash;

    iii.    provide details of any assumptions about the transaction that are key to the purchase price;

iv.  include a mark-up of the Purchase Agreement (a "<u>Modified Purchase Agreement</u>") reflecting the variations from the Purchase Agreement, and a clean and executed Modified Purchase Agreement;

v.  otherwise include terms and conditions substantially the same in all respects to the Purchase Agreement (including with respect to the representations and warranties);

vi.  provide that such bidder's offer is irrevocable until the closing of the purchase of the Georgetown Loan if such bidder is the Successful Bidder or the Back-Up Bidder (each as defined below) including, without limitation, without regard to whether the Borrower under the Georgetown Loan becomes the subject of a bankruptcy proceeding;

vii.  state such bidder is financially capable of consummating the transactions contemplated by the Modified Purchase Agreement, and that there are no financing, due diligence, or other material contingencies for the bidder to consummate the Modified Purchase Agreement;

viii.  provide that such bidder will close on the sale of the Georgetown Loan within the same time period provided for in the Purchase Agreement;

ix.  include such financial and other information that will allow the Seller to make a reasonable determination as to the bidder's financial and other capabilities to consummate the transactions contemplated by the Modified Purchase Agreement;

x.  include a statement that there are no conditions precedent to the bidder's ability to enter into a definitive agreement and that all necessary internal and shareholder approvals have been obtained prior to the bid;

xi.  not request or entitle the bidder to any transaction or break-up fee, termination fee, expense reimbursement, or similar type of payment;

xii.  fully disclose the identity of each entity that will be bidding for the Georgetown Loan or otherwise participating in connection with such bid, and the complete terms of any such participation;

xiii.  include any other information or factors that may be relevant to the Seller and its advisors in consideration of the bid; and

xiv.  include a cash deposit by wire transfer equal to $10,000,000 (the "<u>Good Faith Deposit</u>") with such deposit being non-refundable on terms consistent with those set forth in the Purchase Agreement.

The Seller shall make a determination regarding whether a bid is a Qualifying Bid, after consultation with the Committee, and shall notify bidders whether their bids have been determined to be Qualifying Bids by no later than one hour before the start of the Auction.

(e)     **No Qualifying Bids**:  If no timely, conforming Qualifying Bids, other than the Purchase Agreement, are submitted by the Bid Deadline, the Seller shall not hold an Auction and, instead, shall request at the Sale Hearing that the Court approve the Purchase Agreement with Purchaser.

(f)     **Auction**:  In the event the Seller timely receives one or more Qualifying Bids other than the Purchase Agreement, the Seller shall conduct the Auction with respect to the Georgetown Loan.  The Auction will be held at the offices of Kaye Scholer LLP, 425 Park Avenue, New York, New York 10022, on June 16, 2010 at 10:00 a.m. (Eastern Daylight Time), or such other location as designated by the Debtors in a notice to all Qualifying Bidders.  The Auction shall be governed by the following procedures (which may be amended, modified and waived, as applicable, by the Debtors at any time in their sole discretion after consultation with the Committee except that any such modification, amendment or waiver that is materially different than the Bidding Procedures set forth herein or that adversely affects Purchaser's rights in respect of the Deposit, the Break-Up Fee, or the Expense Reimbursement may not be made without Purchaser's consent):

   i.     The Purchaser and the Qualifying Bidders shall appear in person at the Auction, or through a duly authorized representative;

   ii.    Only representatives of the Debtors, the Purchaser, Qualifying Bidders, counsel and other advisors selected by the Committee, and representatives from the Office of the U.S. Trustee, shall be entitled to be present at the Auction;

   iii.   Upon the commencement of the Auction, the identity of each Qualifying Bidder and the material terms of its Qualifying Bid shall be disclosed to all other Qualifying Bidders;

   iv.    The Auction shall be transcribed by a qualified court reporter, unless otherwise provided herein;

   v.     Only the Purchaser and Qualifying Bidders shall be entitled to make any subsequent bids at the Auction;

   vi.    Each Qualifying Bidder shall be required to confirm that it has not engaged in any collusion with respect to the bidding or the Sale;

   vii.   Bidding shall commence at the amount of the highest Qualifying Bid submitted by the Qualifying Bidders prior to the Auction, as determined by the Seller after consultation with the Committee, and

such bid shall be announced prior to the start of the Auction (the "Initial Highest Bid");

viii.    Qualifying Bidders, including Purchaser, may submit subsequent bids to the Initial Highest Bid and all such subsequent bids must be stated in an amount exceeding each prior bid by $250,000 in cash purchase price consideration;

ix.    The Seller may determine the order in which Qualifying Bidders shall bid at the Auction;

x.    All Qualifying Bidders and the Purchaser shall be able to submit additional bids and make additional modifications to the Purchase Agreement or Modified Purchase Agreement, as applicable, at the Auction as determined by the Seller at any time in its sole discretion after consultation with the Committee;

xi.    The Debtors shall credit the amount of the Break-Up Fee and Expense Reimbursement to each and every bid submitted by Purchaser at the Auction meaning that if the Purchaser's subsequent bid is the then-highest and best bid at the Auction, any subsequent bid must exceed Purchaser's bid by the amount of the Break-Up Fee plus the Expense Reimbursement plus $250,000 in cash purchase price consideration;

xii.    The Auction may include individual negotiations with the Qualifying Bidders and the Purchaser and/or open bidding in the presence of all other Qualifying Bidders and the Purchaser;

xiii.    Subject to Local Rule 6004(c)(ii)(D), the Seller may determine, in its sole discretion and after consultation with the Committee, whether and to what extent individual negotiations or discussions conducted with Qualifying Bidders during the Auction shall be transcribed;

xiv.    The Seller may, in its sole discretion and after consultation with the Committee, discuss any Qualifying Bid with other Qualifying Bidders individually or together in any other group or groups of Qualifying Bidders, as determined by the Seller;

xv.    The Auction shall continue until there is only one offer that the Seller determines, after consultation with the Committee and subject to Court approval, is the highest and/or best offer for the Georgetown Loan from among the Qualifying Bids submitted at the Auction (the "Successful Bid"). In making this decision, the Seller may consider any factors it deems relevant, including, without limitation, the amount of the purchase price, the form of consideration being offered, the expense to the Debtors of any obligation to pay the Break-Up Fee and Expense Reimbursement, the likelihood of the Qualifying Bidder's ability to comply with the terms of the applicable Modified Purchase Agreement and otherwise close a transaction and the timing

9

thereof, the number, type, and nature of any changes to the Purchase Agreement requested by each Qualifying Bidder, any contingencies relating to a Qualifying Bidder's offer, the extent of any releases or indemnities granted to Seller and the net benefit to the Debtors' estates. The Purchaser or Qualifying Bidder submitting such Successful Bid shall become the "Successful Bidder," and shall have such rights and responsibilities of a purchaser, as set forth in the applicable Purchase Agreement or Modified Purchase Agreement; and

xvi.    Within three (3) days after conclusion of the Auction, but prior to the Sale Hearing, the Successful Bidder shall complete and execute all agreements, contracts, instruments, or other documents evidencing and containing the terms and conditions upon which the Successful Bid was made. Bids made after the close of the Auction shall not be considered by the Seller.

(g)    **Back-Up Bidder and Return of Good Faith Deposits**:

i.    If an Auction is conducted, the Qualifying Bidder (including the Purchaser with respect to its offer in the Purchase Agreement) with the next highest or otherwise best Qualified Bid, as determined by the Seller in the exercise of its business judgment at the Auction and in consultation with the Committee, shall be required to serve as a back-up bidder (the "Back-Up Bidder") and keep such bid open and irrevocable until twelve (12) business days after the conclusion of the Auction. Following the Sale Hearing, if the Successful Bidder fails to consummate an approved sale because of a breach or failure to perform on the part of such Successful Bidder, the Back-Up Bidder will be deemed to be the new Successful Bidder, and the Debtors will be authorized, but not required, to consummate the Sale with the Back-Up Bidder without further order of the Court.

ii.    Except as otherwise provided herein, Good Faith Deposits shall be returned to each bidder not selected by the Seller as the Successful Bidder or the Back-Up Bidder by no later than the fifth (5th) business day following the conclusion of the Auction. The Good Faith Deposit of the Back-Up Bidder shall be held by the Debtors until the earlier of (a) thirteen (13) days after the conclusion of the Auction and (b) one (1) business day after the closing of the Sale transaction with the Successful Bidder.

3.    The Break-Up Fee and Expense Reimbursement are approved. The Seller is hereby authorized and directed to pay the Break-Up Fee and Expense Reimbursement in accordance with the terms of the Purchase Agreement including in the event the Georgetown Loan is sold to

RLF1 3571522v 1

another bidder and the Purchase Agreement is terminated as a result of entry of an Order approving an alternative transaction. In the event the Break-Up Fee and Expense Reimbursement are payable in accordance with the terms of the Purchase Agreement, the Seller shall immediately pay the Break-Up Fee and Expense Reimbursement in cash to the Purchaser as an administrative expense claim in Seller's chapter 11 case pursuant to sections 503(b) and 507(a)(2) of the Bankruptcy Code. The Seller's obligation to pay the Break-Up Fee and Expense Reimbursement shall survive termination of the Purchase Agreement and shall not be subordinated to any other administrative expense claim pursuant to any order entered after the date hereof.

4.    The escrow provisions set forth in Exhibit J to the Purchase Agreement with respect to Purchaser's $10,000,000 Deposit are approved.

5.    The form and manner of providing the Auction and Sale Hearing Notice is hereby approved. Service of the Auction and Sale Hearing Notice, as set forth below, constitutes good and sufficient notice of the Auction and Sale Hearing.

6.    The Court shall hold the Sale Hearing on June 22, 2010 at 3:00 p.m. (Eastern Daylight Time) at which time the Court will consider approval of the Sale of the Georgetown Loan to Purchaser or the Successful Bidder and the Settlement.

7.    Any objection (an "Objection") to the Sale of the Georgetown Loan and the Settlement must be filed and served so as to be actually received on or before 4:00 p.m. (Eastern Daylight Time) on June 18, 2010 by (a) counsel for the Debtors, Dewey & LeBoeuf LLP, 1301 Avenue of the Americas, New York, New York 10019, Attention: Michael P. Kessler, Esq., and Judy G.Z. Liu, Esq.; (b) local counsel for the Debtors, Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, Delaware 19801, Attention: Mark D. Collins, Esq. and Jason M. Madron, Esq.; (c) corporate counsel to the Seller, Kaye Scholer LLP, 425 Park Avenue, New York, New York 10022, Attention: Louis J. Hait, Esq. and Benjamin Mintz, Esq.; (d)

11

counsel for Purchaser, Duval & Stachenfeld LLP, 101 Park Avenue, 11th Floor, New York, New York 10178, Attention: Kirk L. Brett, Esq.; (e) the U.S. Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801; (f) successor trustee under the prepetition senior unsecured floating rate note, 5.875% senior unsecured note, and 6.300% senior unsecured note indentures, Wilmington Trust FSB, 166 Mercer Street, Suite 2-R, New York, New York 10012-3249, Attention: Adam Berman; (g) counsel to the Committee, Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, New York 10036, Attention: Thomas Moers Mayer, Esq. and Joshua Brody, Esq.; and (h) all parties requesting notice pursuant to Bankruptcy Rule 2002 and Local Rule 2002-1(b). Each Objection must state with specificity the nature of such Objection.

8.     The notices described in the subparagraphs below shall be sufficient and no further notice shall be required if given as follows:

     i.    The Debtors shall serve, within three (3) business days after entry of the Bidding Procedures Order (the "Mailing Deadline"), by overnight courier, electronic mail, or same-day messenger delivery, and copies of the Auction and Sale Hearing Notice upon: (i) the U.S. Trustee, (ii) counsel to the agent for the Secured Lenders, (iii) counsel to the Committee, (iv) counsel to the Purchaser, (v) any party who, in the past twelve (12) months, expressed in writing to the Debtors an interest in acquiring the Georgetown Loan, and who the Debtors and their representatives reasonably and in good faith determine potentially have the desire and financial wherewithal to effectuate the Sale, (vi) all parties who are known to possess or assert a secured claim against the Georgetown Loan, (vii) the Internal Revenue Service, (viii) the SEC, (ix) all applicable state attorneys general, local realty enforcement agencies, and local regulatory authorities, (ix) any parties entitled to notice under Local Rule 2002-1(b), (x) each Borrower Party, (xi) Eastbanc, Inc., and (xii) Anthony Lanier.

     ii.    On or before the Mailing Deadline, or as soon as practicable thereafter, the Debtors will publicize the Auction and Sale Hearing Notice in the Wall Street Journal (National Edition) for one business day.

9.     Failure of any objecting person or entity to timely file its Objection shall be an absolute bar to the assertion, at the Sale Hearing or thereafter, of any objection to the Motion or the consummation and performance of the Sale (including the transfer free and clear of all Liens other than the Designated Defenses, if any).

10.     The Court shall retain jurisdiction over any matter or dispute arising from or relating to the implementation of this Bidding Procedures Order including with respect to the escrow provisions set forth in Exhibit J to the Purchase Agreement.   The Debtors are hereby authorized and empowered to take such steps, expend such sums of money, and do such other things as may be necessary to implement and effect the terms and requirements of this Bidding Procedures Order.

11.     Notwithstanding any other provision contained herein, the Debtors, after consultation with the Committee, may adjourn or cancel the Auction or Sale at any time as an exercise of their sound business judgment.

12.     Notwithstanding any potential applicability of Bankruptcy Rule 6004(h) or other Rule, this Bidding Procedures Order shall not be stayed for ten (10) days after the entry hereof and shall be effective and enforceable upon signature hereof.

Dated: June _____, 2010
       Wilmington, Delaware

_____
THE HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE

13

# Schedule 1

**Proposed Auction and Sale Hearing Notice**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------x
                                                            :
*In re*                                                     :     **Chapter 11**
                                                            :
**CAPMARK FINANCIAL GROUP INC.,** *et al.,*   :     **Case No. 09-13684 (CSS)**
                                                            :
             **Debtors.**[1]                                :     **Jointly Administered**
                                                            :
------------------------------------------------------------x

### NOTICE OF AUCTION AND SALE HEARING FOR SALE
### OF THE GEORGETOWN PARK PARTNERS, LLC LOAN

NOTICE IS HEREBY GIVEN, as follows:

1.      On May 14, 2010, Capmark Financial Group, Inc. ("CFGI") and certain of its subsidiaries and affiliates, as debtors and debtors in possession (collectively, the "Debtors"), filed a motion (the "Motion") pursuant to sections 105(a) and 363 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002, 6004, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2002-1 and 6004-1 of the Local Bankruptcy Rules for the District of Delaware (the "Local Rules"), seeking approval of, among other things, (i) the establishment of bidding procedures (the "Bidding Procedures"), (ii) the scheduling of an auction (the "Auction"), as necessary, and (iii) the scheduling of a sale hearing (the "Sale Hearing") in connection with the proposed sale (the "Sale") by Capmark Finance Inc. (the "Seller"), of the Seller's ownership interest in a loan in the original maximum principal amount of $70,400,000 made to Georgetown Park Partners, LLC, together with the accompanying loan file (the

---

[1] The Debtors in these chapter 11 cases, along with the last four (4) digits of each Debtor's federal tax identification number, are:  Summit Crest Ventures, LLC (5690), Capmark Financial Group Inc. (2188), Capmark Capital Inc. (6496), Capmark Finance Inc. (3444), Commercial Equity Investments, Inc. (4153), Mortgage Investments, LLC (6319), Net Lease Acquisition LLC (9658), SJM Cap, LLC (0862), Capmark Affordable Equity Holdings Inc. (2379), Capmark REO Holding LLC (3951), Paramount Managing Member AMBAC II, LLC (3934), Paramount Managing Member AMBAC III, LLC (3999), Paramount Managing Member AMBAC IV, LLC (0117), Paramount Managing Member AMBAC V, LLC (3366), Paramount Managing Member LLC (0184), Paramount Managing Member II, LLC (7457), Paramount Managing Member III, LLC (0196), Paramount Managing Member IV, LLC (0199), Paramount Managing Member V, LLC (0201), Paramount Managing Member VI, LLC (5857), Paramount Managing Member VII, LLC (5855), Paramount Managing Member VIII, LLC (5854), Paramount Managing Member IX, LLC (5452), Paramount Managing Member XI, LLC (5455), Paramount Managing Member XII, LLC (5457), Paramount Managing Member XVIII, LLC (3087), Paramount Managing Member XIV, LLC (4194), Paramount Managing Member XV, LLC (4192), Paramount Managing Member XVI, LLC (4186), Paramount Northeastern Managing Member, LLC (3086), Capmark Affordable Properties Inc. (3435), Paramount Managing Member XXIII, LLC (4754), Paramount Managing Member XXIV, LLC (3615), Paramount Managing Member 30, LLC (6824), Paramount Managing Member 31, LLC (6826), Paramount Managing Member 33, LLC (6831), Broadway Street California, L.P. (7722), Broadway Street 2001, L.P. (0187), Broadway Street XV, L.P. (7730), Broadway Street XVI, L.P. (7725), Broadway Street XVIII, L.P. (9799), Broadway Street Georgia I, LLC (9740), Capmark Managing Member 4.5 LLC (8979), Capmark Affordable Equity Inc. (2381), and Capmark Investments LP (7999).  CFGI's corporate headquarters is located at 116 Welsh Road, Horsham, Pennsylvania, 19044.  The addresses for all of the Debtors are available at the following World Wide Web address:  http://chapter11.epiqsystems.com/capmark.

"Georgetown Loan"). On June 1, 2010, the United States Bankruptcy Court for the District of Delaware (the "Court") entered an order (the "Bidding Procedures Order") approving, among other things, the Bidding Procedures and the Sale Hearing schedule.

2.      The Seller and Angelo Gordon Real Estate Inc. (including its assignee as permitted by the Purchase Agreement (as defined below), the "Purchaser") have entered into a Purchase Agreement, dated as of May 10, 2010 (the "Purchase Agreement"), regarding the Sale of the Georgetown Loan, whereby the Seller has agreed to sell the Georgetown Loan to Purchaser, subject to higher and better offers.

3.      Pursuant to the Bidding Procedures Order, if the Seller receives any higher or better bids for the Georgetown Loan, the Auction for the Georgetown Loan shall take place on June 16, 2010 at 10:00 a.m. (Eastern Daylight Time), at the offices of Kaye Scholer LLP, 425 Park Avenue, New York, New York 10022. Only parties that have submitted a Qualified Bid, as set forth in the Bidding Procedures Order, by no later than June 14, 2010 at 12:00 p.m. (noon) (Eastern Daylight Time) (the "Bid Deadline") may participate at the Auction. Any party that wishes to take part in this process and submit a bid for the Georgetown Loan must submit their competing bid prior to the Bid Deadline and in accordance with the Bidding Procedures.

4.      The Bidding Procedures Order provides that a Sale Hearing will be held on June 22, 2010 at 3:00 p.m. (Eastern Daylight Time) before The Honorable Christopher S. Sontchi, United States Bankruptcy Judge, in Room 6 of the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, Wilmington, Delaware 19801.

5.      At the Sale Hearing, the Debtors shall request the Court enter an order, among other things, authorizing the Sale of the Georgetown Loan to Purchaser pursuant to the Purchase Agreement and approving a settlement between the Seller and Capmark Investments LP and WDC Holdings, LLC, WDC Georgetown Park Manager, LLC, and Herbert Miller (the "Settlement"), or authorizing the Sale of the Georgetown Loan to the Successful Bidder (as defined in the Bidding Procedures Order) at the Auction.

6.      At the Sale Hearing, the Court may enter such orders as it deems appropriate under the applicable law and as required by the circumstances and equities of these chapter 11 cases. Any objection (an "Objection") to the Sale of the Georgetown Loan pursuant to the terms of the Purchase Agreement and the Settlement shall be in writing, shall conform to Bankruptcy Rules and the Local Rules, shall set forth the name of the objecting party, the nature and amount of any claims or interests held or asserted against Seller's estate or properties, the basis for the Objection and the specific grounds therefor, and shall be served upon (a) counsel for the Debtors, Dewey & LeBoeuf LLP, Attention: Michael P. Kessler, Esq., and Judy G.Z. Liu, Esq., 1301 Avenue of the Americas, New York, New York 10019; (b) local counsel for the Debtors, Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, Delaware 19801, Attention: Mark D. Collins, Esq. and Jason M. Madron, Esq.; (c) corporate counsel to the Seller, Kaye Scholer LLP, 425 Park Avenue, New York, New York 10022, Attention: Louis J. Hait, Esq. and Benjamin Mintz, Esq.; (d) counsel for Purchaser, Duval & Stachenfeld LLP, 101 Park Avenue, 11th Floor, New York, New York 10178, Attention: Kirk L. Brett, Esq.; (e) the U.S. Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801; (f) successor trustee under the prepetition senior unsecured floating rate note, 5.875% senior unsecured note, and 6.300% senior unsecured note indentures, Wilmington Trust FSB, 166 Mercer Street, Suite 2-R, New York, New York

2

10012-3249, Attention: Adam Berman; (g) counsel to the Committee, Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, New York 10036, Attention: Thomas Moers Mayer, Esq. and Joshua Brody, Esq.; and (h) all parties requesting notice pursuant to Bankruptcy Rule 2002 and Local Rule 2002-1(b), so as to be actually received no later than June 18, 2010 at 4:00 p.m. (Eastern Daylight Time).

       7.     A copy of the Purchase Agreement is attached as <u>Exhibit C</u> to the Motion.

Dated: June 1, 2010
       Wilmington, Delaware

                      Mark D. Collins (No. 2981)
                      Paul N. Heath (No. 3704)
                      Jason M. Madron (No. 4431)
                      Lee E. Kaufman (No. 4877)
                      RICHARDS, LAYTON & FINGER, P.A.
                      One Rodney Square
                      920 North King Street
                      Wilmington, Delaware 19801
                      Telephone: 302.651.7700
                      Facsimile: 302.651.7701

                      -and-

                      Martin J. Bienenstock
                      Michael P. Kessler
                      Judy G.Z. Liu
                      DEWEY & LEBOEUF LLP
                      1301 Avenue of the Americas
                      New York, New York 10019
                      Telephone: 212.259.8000
                      Facsimile: 212.259.6333

                      *Attorneys for the Debtors and Debtors in Possession*