# Exhibit B

**Proposed Sale Order**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------x
:
*In re*                                                     :    Chapter 11
:
CAPMARK FINANCIAL GROUP INC., *et al.*,                     :    Case No. 09-13684 (CSS)
:
Debtors.[1]                                                 :    Jointly Administered
:
------------------------------------------------------------x

## ORDER AUTHORIZING SALE OF THE GEORGETOWN PARK PARTNERS, LLC LOAN FREE AND CLEAR OF ALL LIENS, CLAIMS AND INTERESTS AND APPROVING RELATED SETTLEMENT

Upon the motion, dated as of May 14, 2010 (the "Motion"),[2] of Capmark Financial Group, Inc. ("CFGI") and certain of its subsidiaries and affiliates, as debtors and debtors in possession (collectively, the "Debtors"), pursuant to sections 105(a) and 363 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002, 6004, 9014, and 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2002-1 and 6004-1 of the

---

[1] The Debtors in these chapter 11 cases, along with the last four (4) digits of each Debtor's federal tax identification number, are: Summit Crest Ventures, LLC (5690), Capmark Financial Group Inc. (2188), Capmark Capital Inc. (6496), Capmark Finance Inc. (3444), Commercial Equity Investments, Inc. (4153), Mortgage Investments, LLC (6319), Net Lease Acquisition LLC (9658), SJM Cap, LLC (0862), Capmark Affordable Equity Holdings Inc (2379), Capmark REO Holding LLC (3951), Paramount Managing Member AMBAC II, LLC (3934), Paramount Managing Member AMBAC III, LLC (3999), Paramount Managing Member AMBAC IV, LLC (0117), Paramount Managing Member AMBAC V, LLC (3366), Paramount Managing Member LLC (0184), Paramount Managing Member II, LLC (7457), Paramount Managing Member III, LLC (0196), Paramount Managing Member IV, LLC (0199), Paramount Managing Member V, LLC (0201), Paramount Managing Member VI, LLC (5857), Paramount Managing Member VII, LLC (5855), Paramount Managing Member VIII, LLC (5854), Paramount Managing Member IX, LLC (5452), Paramount Managing Member XI, LLC (5455), Paramount Managing Member XII, LLC (5457), Paramount Managing Member XVIII, LLC (3087), Paramount Managing Member XIV, LLC (4194), Paramount Managing Member XV, LLC (4192), Paramount Managing Member XVI, LLC (4186), Paramount Northeastern Managing Member, LLC (3086), Capmark Affordable Properties Inc. (3435), Paramount Managing Member XXIII, LLC (4754), Paramount Managing Member XXIV, LLC (3615), Paramount Managing Member 30, LLC (6824), Paramount Managing Member 31, LLC (6826), Paramount Managing Member 33, LLC (6831), Broadway Street California, L.P. (7722), Broadway Street 2001, L.P. (0187), Broadway Street XV, L.P. (7730), Broadway Street XVI, L.P. (7725), Broadway Street XVIII, L.P. (9799), Broadway Street Georgia I, LLC (9740), Capmark Managing Member 4.5 LLC (8979), Capmark Affordable Equity Inc. (2381), and Capmark Investments LP (7999). CFGI's corporate headquarters is located at 116 Welsh Road, Horsham, Pennsylvania, 19044. The addresses for all of the Debtors are available at the following World Wide Web address: http://chapter11.epiqsystems.com/capmark

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such term in the Motion.

Local Bankruptcy Rules for the District of Delaware (the "Local Rules") requesting the following relief from this Court:

    (I)    entry of an order (the "Bidding Procedures Order"):

        i.    scheduling a hearing (the "Sale Hearing") to consider approval of the proposed sale (the "Sale") by Capmark Finance Inc. (the "Seller"), of the Seller's ownership interest in a loan in the original maximum principal amount of $70,400,000 made to Georgetown Park Partners, LLC, together with the accompanying loan file (collectively, the "Georgetown Loan") to (a) Angelo Gordon Real Estate Inc. (or its assignee as permitted by the Purchase Agreement (as defined below)) (the "Purchaser") under that certain Purchase Agreement (together with all exhibits, schedules and agreements attached thereto, the "Purchase Agreement"), between the Seller and Purchaser, dated as of May 10, 2010, attached to the Motion as Exhibit C, or (b) another Successful Bidder (as defined below);

        ii.    establishing the objection deadline in connection with the proposed Sale;

        iii.    approving the form, and notice procedures relating to, the Auction and Sale Hearing Notice (as defined in the Bidding Procedures Order);

        iv.    scheduling an auction ("Auction") to the extent the Seller receives additional higher or better offers from Qualifying Bidders (as defined in the Bidding Procedures Order) for the Georgetown Loan;

        v.    approving the bidding procedures (the "Bidding Procedures"), as set forth herein; and

        vi.    approving the break up fee (the "Break-Up Fee") and expense reimbursement ("Expense Reimbursement") payable to the Purchaser under the Purchase Agreement;

    (II)    upon completion of the Sale Hearing, entry of an order (the "Sale Order"):

        i.    if no higher and/or better offers from Qualifying Bidders have been received, approving the Seller's entry into and performance under the Purchase Agreement without the necessity of conducting an Auction; or

        ii.    if a higher and/or better offer is received from a Qualifying Bidder, and therefore, an Auction is held, authorizing the Sale of the Georgetown Loan to Purchaser, or to another Successful Bidder, free and clear of any and all liens, encumbrances, claims, and interests of

      any kind, nature or description (collectively, the "Liens") pursuant to section 363(f) of the Bankruptcy Code, pursuant to the Purchase Agreement, or a Modified Purchase Agreement other than the Designated Defenses as defined in the Purchase Agreement), if any; and

  iii. in the event there is no Auction or the Purchaser is the Successful Bidder at the Auction, authorizing the Debtors in connection with the consummation of the Purchase Agreement to consummate a settlement with WDC Holdings, LLC, WDC Georgetown Park Manager, LLC, and Herbert Miller (collectively, the "Miller Parties") pursuant to which (a) the Miller Parties, on the one hand, and Seller and Capmark Investments LP, on the other hand, would exchange mutual releases, (b) Seller and Capmark Investments LP would conditionally release Georgetown Park Partners, LLC and (c) Georgetown Park Partners, LLC and WDC Georgetown Park Manager, LLC would withdraw with prejudice their proofs of claim filed against the Debtors (collectively, the "Settlement");

and due and proper notice of the Motion having been provided to (i) the U.S. Trustee, (ii) counsel to the agent for the Secured Lenders, (iii) counsel to the Purchaser, (iv) Wilmington Trust FSB, as successor trustee under the prepetition senior unsecured floating rate note, 5.875% senior unsecured note, and 6.300% senior unsecured note indentures, (v) counsel to the Committee, (vi) any party who, in the past twelve (12) months, expressed in writing to the Debtors an interest in acquiring the Georgetown Loan, and who the Debtors and their representatives reasonably and in good faith determine potentially have the desire and financial wherewithal to effectuate the Sale, (vii) all parties requesting notice pursuant to Bankruptcy Rule 2002 and Local Rule 2002-1(b), (viii) each Borrower Party, (ix) Eastbanc, Inc., and (x) Anthony Lanier; and the Bidding Procedures Order having been entered by the Court on June 1, 2010; and the Debtors having provided notice of the Auction and Sale Hearing by service and publication of the Auction and Sale Hearing Notice in the manner set forth in the Bidding Procedures Order; and it appearing that no other or further notice need be provided; and the Court having determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due

3

deliberation and sufficient cause appearing therefor, it is HEREBY FOUND AND DETERMINED THAT:[3]

A.  The Court has jurisdiction to consider and determine the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

B.  Time is of the essence in consummating a Sale of the Georgetown Loan and it is in the best interests of Capmark Finance Inc. (the "Seller") and its estate to sell the Georgetown Loan within the time constraints set forth in the Motion and the Purchase Agreement. The terms of the Purchase Agreement are the highest and best terms that have been offered for Sale of the Georgetown Loan.

C.  Upon the closing of the Purchase Agreement (the "Closing"), the Georgetown Loan will have been acquired by Purchaser after adequate marketing and in good faith and as the result of arm's-length negotiations.

D.  Reasonable notice of the Sale and a reasonable opportunity to object or be heard with respect to the Sale of the Georgetown Loan has been afforded to all interested persons and entities, including: (i) the U.S. Trustee, (ii) counsel to the agent for the Secured Lenders, (iii) counsel to the Purchaser, (iv) Wilmington Trust FSB, as successor trustee under the prepetition senior unsecured floating rate note, 5.875% senior unsecured note, and 6.300% senior unsecured note indentures, (v) counsel to the Committee, (vi) any party who, in the past 12 (twelve) months, expressed in writing to the Debtors an interest in acquiring the Georgetown Loan, and who the Debtors and their representatives reasonably and in good faith determine potentially have the desire and financial wherewithal to effectuate the Sale, and (vii) all parties requesting notice pursuant to Bankruptcy Rule 2002 and Local Rule 2002-1(b).

---

[3] The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.

4

E. Neither the execution of the Purchase Agreement nor the consummation of the Sale of the Georgetown Loan, in accordance with the terms of the Purchase Agreement, shall constitute a violation of any provision of the organizational documents of Seller or any other instrument, law, regulation, or ordinance by which Seller is bound.

F. Upon entry of this Sale Order, Seller shall have full power and authority to consummate the Sale and all related transactions contemplated by the Purchase Agreement. The Purchase Agreement and the Sale have been duly and validly authorized by all necessary action of Seller and no shareholder vote, board resolution, or other corporate action is required of Seller for Seller to consummate such Sale.

G. This Sale Order and consummation of the Sale are supported by good business reasons and will serve the best interests of Seller, its estate, and its creditors by maximizing the value received for the Georgetown Loan.

H. The Purchase Agreement was negotiated, proposed, and entered into by Purchaser without collusion, in good faith, and from an arm's-length bargaining position. There is no insider relationship between affiliates of Purchaser and the Seller. The Seller and Purchaser have not engaged in any conduct that would cause or permit the Purchase Agreement to be avoided under section 363(n) of the Bankruptcy Code.

I. [The Auction was held on June 16, 2010. The Debtors conducted the Auction fairly, reasonably, and in good faith. At the conclusion of the Auction, the Debtors determined that Purchaser submitted the highest and best bid and Purchaser was designated the Successful Bidder (as defined in the Bidding Procedures Order). At the conclusion of the Auction, the Debtors determined that ___ submitted the second highest and best bid and ___ was designated the Back-Up Bidder (as defined in the Bidding Procedures Order).]

RLF1 3571522v 1

J. Purchaser is a good faith purchaser under section 363(m) of the Bankruptcy Code and as such is entitled to all of the protections afforded thereby, and otherwise has acted in good faith in all respects in connection with this proceeding, in that: (i) Purchaser recognized that the Seller was free to deal with other parties interested in acquiring the Georgetown Loan; (ii) Purchaser agreed to provisions in the Purchase Agreement which would enable the Seller to accept a higher and better offer for the Georgetown Loan; (iii) Purchaser in no way induced or caused the chapter 11 filing of the Seller or any of the Debtors; (iv) all payments to be made by Purchaser and other agreements entered into between Purchaser and the Seller in connection with the Sale have been disclosed; (v) the negotiation and execution of the Purchase Agreement and related agreements was in good faith and an arm's-length transaction; and (vi) the disclosure requirements required by Local Rule 6004-1 have been satisfied.

K. The consideration to be paid or provided by Purchaser to Seller for the Georgetown Loan pursuant to the Purchase Agreement (i) is fair and reasonable; (ii) is the highest or otherwise best offer for the Georgetown Loan; and (iii) constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code and the Uniform Fraudulent Conveyance Act and the Uniform Fraudulent Transfer Act or any similar laws of any state or jurisdiction whose law is applicable to the Sale.

L. The consummation of the Sale pursuant to the Purchase Agreement will be a legal, valid, and effective sale of the Georgetown Loan to Purchaser and will vest Purchaser with all of Seller's right, title, and interest in and to the Georgetown Loan, free and clear of all Liens (other than the Designated Defenses, if any) in accordance with section 363(f) of the Bankruptcy Code, because one or more of the standards set forth in sections 363(f)(1)-(5) of the Bankruptcy Code has been satisfied.

RLF1 3571522v.1

M. All parties with Liens against the Georgetown Loan, if any (other than the Designated Defenses, if any), who did not object to the Motion and the relief requested therein, or who withdrew their objections to the Motion, are deemed to have consented pursuant to section 363(f)(2) of the Bankruptcy Code and are enjoined from taking any action against Purchaser, its affiliates, or any agent of the foregoing to recover any claim which such person or entity has solely against Seller or any of its affiliates. All other objections to the Sale of the Georgetown Loan and the Settlement are overruled. Failure to sell the Georgetown Loan free and clear of Liens (other than the Designated Defenses, if any) would be substantially less beneficial to the Seller's estate.

N. The Settlement falls within the reasonable range of litigation possibilities, and consummation of the Settlement is in the best interests of the Debtors' estates, their creditors and other parties in interest.

NOW THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Motion is granted in all respects, other than with respect to matters already addressed by the Bidding Procedures Order.

2. Pursuant to sections 363(b) and (f) of the Bankruptcy Code, the Seller's sale, conveyance, and assignment of the Georgetown Loan pursuant to the Purchase Agreement is approved, and Seller is authorized to enter into and consummate the Purchase Agreement and all agreements contemplated thereunder, and execute any and all documents and take all actions necessary and appropriate to effectuate and consummate the Sale in consideration of the purchase price specified therein, including selling, assigning and transferring to Purchaser all of Seller's right, title, and interest in and to the Georgetown Loan on the terms set forth in the Purchase Agreement. Seller's prior execution of the Purchase Agreement is ratified and approved.

3. The transfer of the Georgetown Loan by the Seller to Purchaser is a legal, valid, and effective transfer and shall vest Purchaser with all right, title, and interest in Seller's

right, title and interest in the Georgetown Loan pursuant to section 363(f) of the Bankruptcy Code, free and clear of any and all Liens (including but not limited to any and all "claims" as defined in section 101(5) of the Bankruptcy Code) and any and all rights and claims under any bulk transfer statutes and related laws, whether arising by agreement, statute, or otherwise and whether arising before or after the commencement of these chapter 11 cases, whether known or unknown, including Liens of any of the creditors, vendors, employers, suppliers, or lessors of Seller or any other third party, other than the Designated Defenses, if any. Any and all such Liens shall attach to the net proceeds of the Sale, with the same priority, validity, force, and effect as they now have against the Georgetown Loan.

4. The Sale pursuant to this Sale Order shall be binding upon the Debtors, Seller, Purchaser, all creditors, members, and owners of Seller, all persons having or asserting a Lien against Seller or the Georgetown Loan, and all parties to any actions or proceedings that directly or indirectly contest the power or authority of Seller to sell, assign, and convey the Georgetown Loan or that seek to enjoin any such sale, assignment, or conveyance.

5. Nothing herein shall affect the obligations of the Debtors under the *Final Order (I) Authorizing Use of Certain Cash Collateral Postpetition and (II) Providing Adequate Protection to Prepetition Secured Parties in Connection Therewith* [Docket No. 517] with respect to the Sale proceeds.

6. The contemplated Sale has been undertaken by Purchaser and the Seller at arm's-length, without collusion, and Purchaser shall acquire the Georgetown Loan pursuant to the Purchase Agreement in good faith, under section 363(m) of the Bankruptcy Code, and is, and shall be entitled to all of the protections in accordance therewith. The consideration provided by Purchaser for the Georgetown Loan under the Purchase Agreement is fair and reasonable, and the Sale may not be avoided under section 363(n) of the Bankruptcy Code.

7. This Sale Order and all provisions of the Purchase Agreement shall be binding upon any successors and assigns of the Seller, including, without limitation, any trustee appointed for the Seller in its chapter 11 case or in any superseding proceeding under chapter 7 of the Bankruptcy Code.

8. Nothing contained in any chapter 11 plan confirmed in these chapter 11 cases, or in any order of this Court entered after the date hereof, shall conflict with or derogate the provisions of the Purchase Agreement, to the extent modified by this Sale Order.

9. The Purchase Agreement may be modified, amended, or supplemented by the parties thereto, in a writing signed by such parties and in accordance with the terms thereof, without further order of the Court, provided that any such modification, amendment, or supplement does not have a material adverse effect on the Seller or its estate.

10. To the extent any inconsistency exists between the provisions of the Purchase Agreement and this Sale Order, the provisions contained herein shall govern. The failure specifically to include any provisions of the Purchase Agreement in this Sale Order does not diminish or impair the effectiveness of such provisions, it being the intent of the Court that the Purchase Agreement be authorized and approved in its entirety.

11. Without limiting in any manner the effect of the other provisions of this Sale Order, any person or entity that has filed financing statements or other documents evidencing or otherwise asserting a Lien against the Georgetown Loan shall be, and hereby is, directed to deliver to Seller prior to Closing, in proper form for filing after Closing, and executed by the appropriate parties, termination statements or similar instruments as appropriate to cause the release of any such Lien, and in the event any such person or entity fails to comply with the direction set forth in this paragraph, then, at the option of Purchaser, Purchaser either may seek to have such person or entity held in contempt of this Court or shall be hereby authorized, without the requirement of any further

action (including Order of this Court) either to execute and file or record such statements, instruments, releases, and other documents on behalf of such person or entity releasing such asserted Lien in, to, or against the Georgetown Loan or to file, register, or otherwise record a certified copy of this Order, which shall constitute conclusive evidence of the termination or release of any such Lien in, to, or against the Georgetown Loan.

12. Consistent with, but not in limitation of the foregoing, each and every federal, state, and local government agency or department is hereby directed to accept any and all documents and instruments necessary and appropriate to consummate the Sale.

13. Without limiting the generality of the other provisions of this Sale Order, and to the extent provided by federal law, Purchaser, under no circumstances, shall be deemed to be a successor of the Seller (and Purchaser expressly has disclaimed any such liability with respect to the Seller), and Purchaser shall have no successor or vicarious liabilities of any kind with respect to the Georgetown Loan.

14. Until the Debtors' bankruptcy cases are closed or dismissed, the Court shall retain exclusive jurisdiction to interpret, construe, and enforce the provisions of the Purchase Agreement, this Sale Order and the Settlement in all respects, and further, to hear and determine any and all disputes between Seller and/or Purchaser relating to the Purchase Agreement and/or this Sale Order and between the Debtors and the Miller Parties relating to the Settlement.

15. The automatic stay of section 362(a) of the Bankruptcy Code shall not apply to and otherwise shall not prevent the exercise or performance by any party of its rights or obligations under the Purchase Agreement, including, without limitation, with respect to any cash held in escrow pursuant to the provisions thereof.

16. Pursuant to section 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019, the Debtors are authorized to consummate the Settlement and to take such steps as may be

necessary to implement the terms of the Settlement. The Debtors are authorized to execute and deliver all instruments and documents and take such other action as may be necessary or appropriate to implement and effectuate the transactions contemplated by the Settlement.

17. This Sale Order shall take effect immediately and shall not be stayed pursuant to Bankruptcy Rules 6004(h) or 7062, or otherwise.

Dated: June ____, 2010
       Wilmington, Delaware

                                                      THE HONORABLE CHRISTOPHER S. SONTCHI
                                                      UNITED STATES BANKRUPTCY JUDGE