IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  | x |  |
|---|---|---|
| *In re:* | : | Chapter 11 |
|  | : |  |
| CAPMARK FINANCIAL GROUP INC., *et al.*, | : | Case No. 09-13684 (CSS) |
|  | : |  |
| Debtors.[1] | x | Jointly Administered |

NOTICE OF AGENDA OF MATTERS SCHEDULED
FOR HEARING ON MARCH 14, 2011 AT 11:00 A.M. (EDT)[2]

I. **CONTINUED/RESOLVED MATTERS:**

1. Debtors' First Omnibus Objection, Pursuant to Sections 105 and 502 of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Rule 3007-1 to Certain Claims That Are (A) Amended and Superseded, (B) Duplicative, (C) Late Filed, (D) Proofs of Equity Interests, and/or (E) Without Supporting Documentation (Non-Substantive) [Docket No. 1918; filed 10/15/10]

---

[1] The Debtors in these chapter 11 cases, along with the last four (4) digits of each Debtor's federal tax identification number, are: Summit Crest Ventures, LLC (5690), Capmark Financial Group Inc. (2188), Capmark Capital Inc. (6496), Capmark Finance Inc. (3444), Commercial Equity Investments, Inc. (4153), Mortgage Investments, LLC (6319), Net Lease Acquisition LLC (9658), SJM Cap, LLC (0862), Capmark Affordable Equity Holdings Inc. (2379), Capmark REO Holding LLC (3951), Paramount Managing Member AMBAC II, LLC (3934), Paramount Managing Member AMBAC III, LLC (3999), Paramount Managing Member AMBAC IV, LLC (0117), Paramount Managing Member AMBAC V, LLC (3366), Paramount Managing Member LLC (0184), Paramount Managing Member II, LLC (7457), Paramount Managing Member III, LLC (0196), Paramount Managing Member IV, LLC (0199), Paramount Managing Member V, LLC (0201), Paramount Managing Member VI, LLC (5857), Paramount Managing Member VII, LLC (5855), Paramount Managing Member VIII, LLC (5854), Paramount Managing Member IX, LLC (5452), Paramount Managing Member XI, LLC (5455), Paramount Managing Member XII, LLC (5457), Paramount Managing Member XVIII, LLC (3087), Paramount Managing Member XIV, LLC (4194), Paramount Managing Member XV, LLC (4192), Paramount Managing Member XVI, LLC (4186), Paramount Northeastern Managing Member, LLC (3086), Capmark Affordable Properties Inc. (3435), Paramount Managing Member XXIII, LLC (4754), Paramount Managing Member XXIV, LLC (3615), Paramount Managing Member 30, LLC (6824), Paramount Managing Member 31, LLC (6826), Paramount Managing Member 33, LLC (6831), Broadway Street California, L.P. (7722), Broadway Street 2001, L.P. (0187), Broadway Street XV, L.P. (7730), Broadway Street XVI, L.P. (7725), Broadway Street XVIII, L.P. (9799), Broadway Street Georgia I, LLC (9740), Capmark Managing Member 4.5 LLC (8979), Capmark Affordable Equity Inc. (2381), Capmark Investments LP (7999) and Protech Holdings C, LLC (7929). CFGI's corporate headquarters is located at 116 Welsh Road, Horsham, Pennsylvania, 19044. The addresses for all of the Debtors are available at the following World Wide Web address: http://chapter11.epiqsystems.com/capmark

[2] The hearing will be held before The Honorable Christopher S. Sontchi at the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, 5th Floor, Courtroom 6, Wilmington, Delaware 19801. Any party who wishes to appear telephonically at the March 14, 2011 hearing must contact COURTCALL, LLC at 866-582-6878 prior to **12:00 p.m. (noon) (Eastern Standard Time) on Friday, March 11, 2011** in accordance with the *Instructions for Telephonic Appearances Effective January 5, 2005, Revised April 27, 2009.* All pleadings referenced herein are available online at http://chapter11.epiqsystems.com/capmark

Objection/Response Deadline: November 5, 2010 at 4:00 p.m. (Eastern Standard Time)

Objections/Responses Received:

A. Informal Response from Deutsche Bank Trust Company Americas

Related Documents:

  i. Declaration of Marisol Lauerman in Support of the Debtors' First Omnibus Objection to Claims (Non-Substantive) [Docket No. 1919; filed 10/15/10]

  ii. Certification of Counsel Regarding Revised Order Granting Debtors' First Omnibus Objection, Pursuant to Sections 105 and 502 of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Rule 3007-1 to Certain Claims That Are (A) Amended and Superseded, (B) Duplicative, (C) Late Filed, (D) Proofs of Equity Interests, and/or (E) Without Supporting Documentation (Non-Substantive) [Docket No. 2061; filed 11/15/10]

  iii. Order Granting Debtors' First Omnibus Objection, Pursuant to Sections 105 and 502 of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Rule 3007-1 to Certain Claims That Are (A) Amended and Superseded, (B) Duplicative, (C) Late Filed, (D) Proofs of Equity Interests, and/or (E) Without Supporting Documentation (Non-Substantive) [Docket No. 2067; filed 11/16/10]

Status: On November 16, 2010, the Court entered an Order resolving this matter as it relates to all claims subject thereto other than the claims of Deutsche Bank Trust Company Americas ("DBTCA"). The Debtors and DBTCA are working together to consensually resolve this matter as it relates to the claims of DBTCA and anticipate submitting a stipulation under certification of counsel to the Court for approval with respect to the claims of DBTCA once finalized. Consequently, no hearing with respect to this matter is required at this time.

2. Motion of the Official Committee of Unsecured Creditors Under Fed. R. Bankr. P. 7052, 9014 and 9023 for Reconsideration, Amendment and/or Clarification of Certain of the Court's November 1, 2010 Findings of Fact and Conclusions of Law [Docket No. 2059; filed 11/12/10]

Objection/Response Deadline: December 1, 2010 at 4:00 p.m. (Eastern Standard Time); extended to March 2, 2011 at 4:00 p.m. (Eastern Standard Time) for Goldman Sachs Lending Partners LLC, Goldman Sachs Mortgage Company,

|  |  | Goldman Sachs Canada Credit Partners Co., Goldman Sachs Credit Partners L.P., Dune Real Estate Fund LP and Dune Real Estate Parallel Fund LP and the Debtors. |
|---|---|---|

Reply Deadline: March 30, 2011 at 5:00 p.m. (Eastern Daylight Time) for the Official Committee of Unsecured Creditors only

Sur-Reply Deadline: April 6, 2011 at 5:00 p.m. (Eastern Daylight Time)

Objections/Responses Received:

A. Objection of Dune Real Estate in Opposition to Motion of the Official Committee of Unsecured Creditors for Reconsideration, Amendment and/or Clarification of Certain of the Court's November 1, 2010 Amended Findings of Fact and Conclusions of Law [Docket No. 2550; filed 3/2/11]

B. Objection of the Goldman Lenders to the Motion of the Official Committee of Unsecured Creditors for Reconsideration, Amendment and/or Clarification of Certain of the Court's November 1, 2010 Amended Findings of Fact and Conclusions of Law [Docket No. 2551; filed 3/2/11]

Status: The hearing on this matter is continued to April 11, 2011 at 10:00 a.m. (Eastern Daylight Time).

3. Debtors' Objection, Pursuant to Sections 105 and 502 of the Bankruptcy Code, and Bankruptcy Rule 3007, to Certain Claims Filed by GMAC Inc. [Docket No. 2158; filed 12/10/10][3]

Objection/Response Deadline: December 27, 2010 at 4:00 p.m. (Eastern Standard Time), extended to March 28, 2011, for GMAC Inc. only.

Objections/Responses Received:

A. Informal Objection of GMAC Inc.

Status: The hearing on this matter is continued to April 11, 2011 at 10:00 a.m. (Eastern Daylight Time).

---

[3] Richards, Layton & Finger, P.A. is not serving as co-counsel of record in connection with the prosecution of the *Debtors' Objection, Pursuant to Sections 105 and 502 of the Bankruptcy Code, and Bankruptcy Rule 3007, to Certain Claims Filed by GMAC Inc.* [Docket No. 2158], dated December 10, 2010 (the "GMAC Objection") based upon issues of conflict. Rather, The Rosner Law Group LLC is serving as special conflicts co-counsel (see Docket No. 871), along with Dewey & LeBoeuf LLP, in connection with the prosecution of the GMAC Objection.

RLF1 3886921v.1

## II. UNCONTESTED MATTERS WITH CERTIFICATIONS OF NO OBJECTION:

4.  Debtors' Application, Pursuant to Sections 327(e) and 328(a) of the Bankruptcy Code, Bankruptcy Rule 2014(a), and Local Rule 2014-1, for Authorization to Employ and Retain Paul, Hastings, Janofsky & Walker LLP as Special Counsel to the Debtors *Nunc Pro Tunc* to December 21, 2010 [Docket No. 2446; filed 2/2/11]

    Objection/Response Deadline:   March 7, 2011 at 4:00 p.m. (Eastern Standard Time)

    Objections/Responses Received:   None

    Related Documents:

    i.  Certification of No Objection Regarding Debtors' Application, Pursuant to Sections 327(e) and 328(a) of the Bankruptcy Code, Bankruptcy Rule 2014(a), and Local Rule 2014-1, for Authorization to Employ and Retain Paul, Hastings, Janofsky & Walker LLP as Special Counsel to the Debtors *Nunc Pro Tunc* to December 21, 2010 [Docket No. 2575; filed 3/9/11]

    ii. Proposed form of order

    Status: On March 9, 2011, the Debtors filed a certification of no objection regarding this matter. Consequently, a hearing on this matter is required only to the extent the Court has any questions or concerns.

5.  Debtors' Sixth Omnibus Objection, Pursuant to Sections 105 and 502 of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Rule 3007-1, to Certain No Liability Claims (Substantive) [Docket No. 2476; filed 2/11/11]

    Objection/Response Deadline:   March 7, 2011 at 4:00 p.m. (Eastern Standard Time)

    Objections/Responses Received:   None

    Related Documents:

    i.  Declaration of Marisol Lauerman in Support of Debtors' Sixth Omnibus Objection to Claims (Substantive) [Docket No. 2477; filed 2/11/11]

    ii. Notice of Submission of Copies of Proofs of Claim Regarding the "Debtors' Sixth Omnibus Objection, Pursuant to Sections 105 and 502 of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Rule 3007-1, to Certain No Liability Claims (Substantive)" [Docket No. 2522; filed 2/28/11]

4

  iii.  Certification of No Objection Regarding "Debtors' Sixth Omnibus Objection, Pursuant to Sections 105 and 502 of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Rule 3007-1, to Certain No Liability Claims (Substantive)" [Docket No. 2576; filed 3/9/11]

  iv.  Proposed form of order

 Status: On March 9, 2011, the Debtors filed a certification of no objection regarding this matter. Consequently, a hearing on this matter is required only to the extent the Court has any questions or concerns.

6.  Motion for an Order Pursuant to Section 107(b) of the Bankruptcy Code, Bankruptcy Rule 9019, and Local Rule 9018-1 Authorizing Debtors to File 10b5-1 Plan Under Seal [Docket No. 2558; filed 3/4/11]

 Objection/Response Deadline:  March 10, 2011 at 10:00 a.m. (Eastern Standard Time)

 Related Documents:

  i.  Order Shortening Notice Period in Connection with "Debtors' Motion for Order Pursuant to Section 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1 Authorizing Debtors to File 10b5-1 Plan Under Seal" [Docket No. 2563; filed 3/8/11]

  ii.  Certification of No Objection Regarding "Debtors' Motion for Order Pursuant to Section 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1 Authorizing Debtors to File 10b5-1 Plan Under Seal" [Docket No. 2577; filed 3/10/11]

  iii.  Proposed form of order

 Status: On March 10, 2011, the Debtors filed a certification of no objection regarding this matter. Consequently, a hearing on this matter is required only to the extent the Court has any questions or concerns.

## III. UNCONTESTED MATTERS GOING FORWARD:

7.  Debtors' Motion Pursuant to Sections 105(a) and 362 of the Bankruptcy Code and Bankruptcy Rule 9019 for Order Approving Settlement with Internal Revenue Service [Docket No. 2503; filed 2/18/11]

 Objection/Response Deadline:  March 7, 2011 at 4:00 p.m. (Eastern Standard Time)

5

Objections/Responses Received: Informal comments from the Department of Justice

Status: The Debtors intend to present a revised order with respect to this matter to the Court for entry either at or before the hearing.

8. Debtors' Motion Pursuant to Sections 363(b) and 105(a) of the Bankruptcy Code, Bankruptcy Rules 2002 and 6004(h), and Local Rule 2002-1 for Order Authorizing Capmark Finance Inc. to Sell Publically Traded Equity Securities in Customary Market or Arms' Length Transactions [Docket No. 2504; filed 2/21/11]

    Objection/Response Deadline: March 7, 2011 at 4:00 p.m. (Eastern Standard Time)

    Objections/Responses Received: None to date

    Status: The hearing on this matter is going forward.

IV. **CONTESTED MATTERS GOING FORWARD:**

9. Debtors' Fifth Omnibus Objection, Pursuant to Sections 105 and 502 of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Rule 3007-1, to Certain Claims that are (A) Amended and Superseded, (B) Duplicative, (C) Late Filed, (D) Filed Against the Wrong Debtors, and/or (E) Without Supporting Documentation (Non-Substantive) [Docket No. 2473; filed 2/11/11]

    Objection/Response Deadline: March 7, 2011 at 4:00 p.m. (Eastern Standard Time); extended to March 9, 2011 at 11:59 p.m. (Eastern Standard Time) for Orsett/Baseline LLC

    Objections/Responses Received:

    A. Creditor CLPF-Plaza Del Mar III, L.P.'s Response to Debtors' Fifth Omnibus Objection, Pursuant to Sections 105 and 502 of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Rule 3007-1, to Certain Claims that are (A) Amended and Superseded, (B) Duplicative, (C) Late Filed, (D) Filed Against the Wrong Debtors, and/or (E) Without Supporting Documentation (Non-Substantive) [Docket No. 2524; filed 2/28/11]

    B. Response of Orsett/Baseline LLC to Debtors' Fifth Omnibus Objection to Claims [Docket No. 2561; filed 3/8/11]

Related Documents:

    i. Declaration of Marisol Lauerman in Support of the Debtors' Fifth Omnibus Objection to Claims (Non-Substantive) [Docket No. 2474; filed 2/11/11]

    ii. Notice of Submission of Copies of Certain Proofs of Claim Regarding the "Debtors' Fifth Omnibus Objection, Pursuant to Sections 105 and 502 of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Rule 3007-1, to Certain Claims that are (A) Amended and Superseded, (B) Duplicative, (C) Late Filed, (D) Filed Against the Wrong Debtors, and/or (E) Without Supporting Documentation (Non-Substantive)" [Docket No. 2523; filed 2/28/11]

Status: The hearing on this matter solely as it relates to the claim(s) of Orsett/Baseline LLC is continued by consent of the parties to the omnibus hearing scheduled for April 11, 2011 at 10:00 a.m. (Eastern Daylight Time). The Debtors intend to present a revised order with respect to this matter to the Court for entry either at or before the hearing.

10. Debtors' Motion, Pursuant to Section 105(a), 363(b), and 365 of the Bankruptcy Code, Bankruptcy Rules 2002, 6004, 6006, 9014 and 9019, and Local Rules 2002-1 and 6004-1, Requesting Order Authorizing: (I) Restructuring of Low-Income Housing Tax Credit Transactions Among Certain of the Debtors and Nondebtor Affiliates, and Morgan Stanley and Certain of its Affiliates; (II) Debtors' Transfer of Related Assets (Including Assumption and Assignment of Executory Contracts) to New Nondebtor Subsidiaries, Free and Clear of All Liens, Claims, Encumbrances and Interests (Other Than Morgan Stanley Liens); and (III) Debtors' Entry into Restructuring and Settlement Agreement Establishing Terms of Restructuring and Settlement of Claims Arising From and Related to Low-Income Housing Tax Credit Transactions [Docket No. 2501; filed 2/18/11]

    Objection/Response Deadline:     March 7, 2011 at 4:00 p.m. (Eastern Standard Time)

Objections/Responses Received:

A. United States Response in Opposition to Debtors' Motion with Respect to Low-Income Housing Credit Transactions [Docket No. 2567; filed 3/8/11]

Status: The hearing on this matter is going forward.

11. Debtors' Motion, Pursuant to Sections 105(a), 363(b) and 365 of the Bankruptcy Code, Bankruptcy Rules 2002, 6004, 6006, 9014 and 9019, and Local Rules 2002-1 and 6004-1 Requesting Order Authorizing: (I) Debtors' Transfer of

7

Substantially All Non-Loan Assets in the New Markets Tax Credit Business (Including Assumption and Assignment of Executory Contracts) to New Special Purpose Entities, Free and Clear of All Liens, Claims, Encumbrances and Interests; (II) Debtors' Sale of Substantially All Loan Assets in the New Markets Tax Credit Business (Including Assumption and Assignment of Executory Contracts) to U.S. Bancorp Community Development Corporation and U.S. Bancorp Community Investment Corporation, Free and Clear of All Liens, Claims, Encumbrances and Interests; and (III) Settlement of Claims Arising from and Related to Debtors' New Market Tax Credit Business [Docket No. 2512; filed 2/22/11]

Objection/Response Deadline:    March 9, 2011 at 4:00 p.m. (Eastern Standard Time)

Objections/Responses Received:

A.  Response in Opposition to Debtors' Motion with Respect to Transfer and Sale of New Market Tax Credit Assets [Docket No. 2571; filed 3/9/11]

B.  Limited Objection by AEGON USA Realty Advisors, Inc. to Debtors' Motion, Pursuant to Sections 105(a), 363(b) and 365 of the Bankruptcy Code, Bankruptcy Rules 2002, 6004, 6006, 9014 and 9019, and Local Rules 2002-1 and 6004-1 Requesting Order Authorizing: (I) Debtors' Transfer of Substantially All Non-Loan Assets in the New Markets Tax Credit Business (Including Assumption and Assignment of Executory Contracts) to New Special Purpose Entities, Free and Clear of All Liens, Claims, Encumbrances and Interests; (II) Debtors' Sale of Substantially All Loan Assets in the New Markets Tax Credit Business (Including Assumption and Assignment of Executory Contracts) to U.S. Bancorp Community Development Corporation and U.S. Bancorp Community Investment Corporation, Free and Clear of All Liens, Claims, Encumbrances and Interests; and (III) Settlement of Claims Arising from and Related to Debtors' New Market Tax Credit Business [Docket No. 2572; filed 3/9/11]

C.  Limited Objection and Reservation of Rights of Phoenix Community Development and Investment Corporation to Debtors' Motion, Pursuant to Sections 105(a), 363(b) and 365 of the Bankruptcy Code, Bankruptcy Rules 2002, 6004, 6006, 9014 and 9019, and Local Rules 2002-1 and 6004-1 Requesting Order Authorizing: (I) Debtors' Transfer of Substantially All Non-Loan Assets in the New Markets Tax Credit Business (Including Assumption and Assignment of Executory Contracts) to New Special Purpose Entities, Free and Clear of All Liens, Claims, Encumbrances and Interests; (II) Debtors' Sale of Substantially All Loan Assets in the New Markets Tax Credit Business (Including Assumption and Assignment of Executory Contracts) to U.S. Bancorp Community Development Corporation and U.S. Bancorp Community Investment

Corporation, Free and Clear of All Liens, Claims, Encumbrances and Interests; and (III) Settlement of Claims Arising from and Related to Debtors' New Market Tax Credit Business [Docket No. 2573; filed 3/9/11]

Related Documents:

i. Order Shortening Notice Period in Connection with "Debtors' Motion, Pursuant to Sections 105(a), 363(b) and 365 of the Bankruptcy Code, Bankruptcy Rules 2002, 6004, 6006, 9014 and 9019, and Local Rules 2002-1 and 6004-1 Requesting Order Authorizing: (I) Debtors' Transfer of Substantially All Non-Loan Assets in the New Markets Tax Credit Business (Including Assumption and Assignment of Executory Contracts) to New Special Purpose Entities, Free and Clear of All Liens, Claims, Encumbrances and Interests; (II) Debtors' Sale of Substantially All Loan Assets in the New Markets Tax Credit Business (Including Assumption and Assignment of Executory Contracts) to U.S. Bancorp Community Development Corporation and U.S. Bancorp Community Investment Corporation, Free and Clear of All Liens, Claims, Encumbrances and Interests; and (III) Settlement of Claims Arising from and Related to Debtors' New Market Tax Credit Business" [Docket No. 2515; filed 2/23/11]

Status: The hearing on this matter is going forward.

Dated: March 10, 2011
Wilmington, Delaware

Mark D. Collins (No. 2981)
Paul N. Heath (No. 3704)
Jason M. Madron (No. 4431)
Lee E. Kaufman (No. 4877)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701

- and -

Martin J. Bienenstock
Michael P. Kessler
Judy G. Z. Liu
DEWEY & LEBOEUF LLP
1301 Avenue of the Americas
New York, New York 10019
Telephone: (212) 259-8000
Facsimile: (212) 259-6333

*Attorneys for the Debtors
and Debtors in Possession*