ORIGINAL

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

-------------------------------------------------------------x
                              :

*In re*                             :      **Chapter 11**

**CAPMARK FINANCIAL GROUP INC.,** *et al.,*  :      **Case No. 09-13684 (CSS)**

        **Debtors.**[1]         :      **Jointly Administered**

                             :      **Re: Docket No. 2504**

-------------------------------------------------------------x

**ORDER AUTHORIZING CAPMARK FINANCE INC.
TO SELL PUBLICLY TRADED EQUITY SECURITIES
IN CUSTOMARY MARKET OR ARMS' LENGTH TRANSACTIONS**

Upon the motion, dated as of February 21, 2011 (the "Motion"),[2] of Capmark

Financial Group Inc. and certain of its subsidiaries and affiliates, as debtors and debtors in

possession (collectively, the "Debtors"), pursuant to sections 363(b) and 105(a) of title 11 of the

United States Code (the "Bankruptcy Code"), Rules 2002 and 6004(h) of the Federal Rules of

---

[1] The Debtors in these chapter 11 cases, along with the last four (4) digits of each Debtor's federal tax identification number, are: Summit Crest Ventures, LLC (5690), Capmark Financial Group Inc. (2188), Capmark Capital Inc. (6496), Capmark Finance Inc. (3444), Commercial Equity Investments, Inc. (4153), Mortgage Investments, LLC (6319), Net Lease Acquisition LLC (9658), SJM Cap, LLC (0862), Capmark Affordable Equity Holdings Inc. (2379), Capmark REO Holding LLC (3951), Paramount Managing Member AMBAC II, LLC (3934), Paramount Managing Member AMBAC III, LLC (3999), Paramount Managing Member AMBAC IV, LLC (0117), Paramount Managing Member AMBAC V, LLC (3366), Paramount Managing Member LLC (0184), Paramount Managing Member II, LLC (7457), Paramount Managing Member III, LLC (0196), Paramount Managing Member IV, LLC (0199), Paramount Managing Member V, LLC (0201), Paramount Managing Member VI, LLC (5857), Paramount Managing Member VII, LLC (5855), Paramount Managing Member VIII, LLC (5854), Paramount Managing Member IX, LLC (5452), Paramount Managing Member XI, LLC (5455), Paramount Managing Member XII, LLC (5457), Paramount Managing Member XVIII, LLC (3087), Paramount Managing Member XIV, LLC (4194), Paramount Managing Member XV, LLC (4192), Paramount Managing Member XVI, LLC (4186), Paramount Northeastern Managing Member, LLC (3086), Capmark Affordable Properties Inc. (3435), Paramount Managing Member XXIII, LLC (4754), Paramount Managing Member XXIV, LLC (3615), Paramount Managing Member 30, LLC (6824), Paramount Managing Member 31, LLC (6826), Paramount Managing Member 33, LLC (6831), Broadway Street California, L.P. (7722), Broadway Street 2001, L.P. (0187), Broadway Street XV, L.P. (7730), Broadway Street XVI, L.P. (7725), Broadway Street XVIII, L.P. (9799), Broadway Street Georgia I, LLC (9740), Capmark Managing Member 4.5 LLC (8979), Capmark Affordable Equity Inc. (2381), Capmark Investments LP (7999), and Protech Holdings C, LLC (7929). CFGI's corporate headquarters is located at 116 Welsh Road, Horsham, Pennsylvania, 19044. The addresses for all of the Debtors are available at the following World Wide Web address: http://chapter11.epiqsystems.com/capmark.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2002-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), for an order authorizing Debtor Capmark Finance Inc. ("CFI") to sell its shares of common stock in the Public Company, including through the adoption of a 10b5-1 Plan, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and the Court having determined the relief sought in the Motion is in the best interests of the Debtors, their creditors, and all parties in interest; and all objections to the Motion having been withdrawn or overruled; and the legal and factual bases set forth in the Motion establish just cause for the relief granted herein, it is

ORDERED that the Motion is granted as may be modified herein; and it is further

ORDERED that CFI is authorized, pursuant to sections 105 and 363(b) of the Bankruptcy Code, to sell the Shares in open market transactions, brokers' transactions, block trades, privately negotiated transactions or other transactions, in each case in customary market or arms' length transactions at prices determined with reference to current trading prices of the Public Company, including through the adoption of a 10b5-1 Plan; and it is further

ORDERED that the fourteen-day waiting period imposed by Bankruptcy Rule 6004(h) is hereby waived; and it is further

RLF1 3897087v. 1

ORDERED that this Court shall retain jurisdiction with respect to all matters arising from or relating to the interpretation or implementation of this Order.

Dated: March 14, 2011
       Wilmington, Delaware

                                                    
THE HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE

3