IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------- x
                                                           :
*In re*                                                    :  Chapter 11
                                                           :
CAPMARK FINANCIAL GROUP INC., *et al.*,                    :  Case No. 09-13684 (CSS)
                                                           :
                  Debtors.[1]  :  Jointly Administered
                                                           :
                                                           :  Re: Docket Nos. 2627, 2702, 2902 and 2944
                                                           :
---------------------------------------------------------- x

### ORDER APPROVING THE SALE OF CERTAIN EQUITY INTERESTS IN REAL ESTATE DEBT INVESTMENT ADVISORY GROUP BUSINESS (INCLUDING ASSUMPTION AND ASSIGNMENT OF CONTRACTS) FREE AND CLEAR OF ALL LIENS, ENCUMBRANCES, CLAIMS, AND INTERESTS

Upon the motion, dated as of March 18, 2011 (the "Motion"),[2] of Capmark Financial Group Inc. and certain of its subsidiaries and affiliates, as debtors and debtors in possession (collectively, the "Debtors"), pursuant to sections 105(a), 363(b), and 365 of title 11

---

[1] The Debtors in these chapter 11 cases, along with the last four (4) digits of each Debtor's federal tax identification number, are: Summit Crest Ventures, LLC (5690), Capmark Financial Group Inc. (2188), Capmark Capital Inc. (6496), Capmark Finance Inc. (3444), Commercial Equity Investments, Inc. (4153), Mortgage Investments, LLC (6319), Net Lease Acquisition LLC (9658), SJM Cap, LLC (0862), Capmark Affordable Equity Holdings Inc. (2379), Capmark REO Holding LLC (3951), Paramount Managing Member AMBAC II, LLC (3934), Paramount Managing Member AMBAC III, LLC (3999), Paramount Managing Member AMBAC IV, LLC (0117), Paramount Managing Member AMBAC V, LLC (3366), Paramount Managing Member LLC (0184), Paramount Managing Member II, LLC (7457), Paramount Managing Member III, LLC (0196), Paramount Managing Member IV, LLC (0199), Paramount Managing Member V, LLC (0201), Paramount Managing Member VI, LLC (5857), Paramount Managing Member VII, LLC (5855), Paramount Managing Member VIII, LLC (5854), Paramount Managing Member IX, LLC (5452), Paramount Managing Member XI, LLC (5455), Paramount Managing Member XII, LLC (5457), Paramount Managing Member XVIII, LLC (3087), Paramount Managing Member XIV, LLC (4194), Paramount Managing Member XV, LLC (4192), Paramount Managing Member XVI, LLC (4186), Paramount Northeastern Managing Member, LLC (3086), Capmark Affordable Properties Inc. (3435), Paramount Managing Member XXIII, LLC (4754), Paramount Managing Member XXIV, LLC (3615), Paramount Managing Member 30, LLC (6824), Paramount Managing Member 31, LLC (6826), Paramount Managing Member 33, LLC (6831), Broadway Street California, L.P. (7722), Broadway Street 2001, L.P. (0187), Broadway Street XV, L.P. (7730), Broadway Street XVI, L.P. (7725), Broadway Street XVIII, L.P. (9799), Broadway Street Georgia I, LLC (9740), Capmark Managing Member 4.5 LLC (8979), Capmark Affordable Equity Inc. (2381), Capmark Investments LP (7999) and Protech Holdings C, LLC (7929). CFGI's corporate headquarters is located at 116 Welsh Road, Horsham, Pennsylvania 19044. The addresses for all of the Debtors are available at the following World Wide Web address: http://chapter11.epiqsystems.com/capmark.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion

of the United States Code (the "Bankruptcy Code"), Rules 2002, 6004, 6006, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2002-1 and 6004-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), requesting the following relief from this Court:

(i) entry of an order (the "Bidding Procedures Order"),

   (a) scheduling a hearing (the "Sale Hearing") to consider approval of the proposed sale (the "Sale") of certain Sale Assets (including assumption and assignment of certain Purchased Contracts) relating to a private real estate debt investment fund (the "Fund") by Capmark Investments LP ("CILP") and Capmark Finance Inc. ("CFI," and together with CILP, the "Sellers") to PCCP Pool I, LLC ("PCCP") or another Successful Bidder following an Auction;

   (b) establishing the objection deadline in connection with the proposed Sale;

   (c) approving the form of, and notice procedures relating to, the Notice of Auction and Sale Hearing and the Notice of Assumption and Assignment;

   (d) scheduling an Auction to the extent that the Sellers receive additional higher and/or otherwise better offers for the Sale Assets;

   (e) approving the bidding procedures (the "Bidding Procedures") set forth in the Bidding Procedures Order;

   (f) approving the Termination Fee and Expense Reimbursement; and

(ii) upon completion of the Sale Hearing, entry of an order (the "Sale Order"), authorizing the Sale of the Sale Assets (including assumption and assignment of contracts) to PCCP, or to another Successful Bidder at the Auction, in each case, free and clear of any and all liens, encumbrances, claims, and interests of any kind, nature, or description (collectively, the "Liens") pursuant to section 363(f) of the Bankruptcy Code;

and the Court having entered a Bidding Procedures Order on April 4, 2011 [Docket No. 2702] based upon the argument of counsel and the evidence submitted at the hearing of this Court on April 4, 2011; and an Auction having been held on April 29, 2011 in accordance with the Bidding Procedures Order; and at the conclusion of such Auction, NREF II Acquisitions, LLC ("Normandy" or the "Buyer") having been selected as the Successful Bidder and PCCP having

been selected as a Back-Up Bidder, in accordance with the Bidding Procedures for the Sale Assets; and the Debtors having filed a Notice of Successful Bidder designating Normandy as the Successful Bidder and PCCP as a Back-Up Bidder for the purchase of the Sale Assets; and Normandy and the Sellers having executed that certain purchase agreement dated as of April 29, 2011, a copy of which is attached hereto as Exhibit A (the "Normandy Sale Agreement"); and PCCP having executed that certain purchase agreement, dated as of March 15, 2011, a copy of which was attached to the Motion as Exhibit B, as amended by a letter agreement attached hereto as Exhibit B (the "PCCP Sale Agreement"); and the advisory board for the investor limited partners of the Fund (the "Advisory Board") having approved Normandy and PCCP as Successor Managers of the Fund; and upon the *Declaration of Alyssa Brodzinski in Support of Sale of Certain Assets in Real Estate Debt Investment Advisory Group Business*, filed by the Debtors on May 17, 2011 [Docket No. 2950] (the "Brodzinski Declaration"); and the Court having held a hearing and determined that the relief sought in the Motion is in the best interests of the Sellers, their estates, and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY FOUND AND DETERMINED THAT:[3]

    A.    The Court has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

    B.    Time is of the essence in consummating a Sale of the Sellers' Sale Assets and it is in the best interests of the Sellers and their estates to sell the Sale Assets to Normandy or (pursuant to paragraph 3 of this Sale Order) PCCP pursuant to the Normandy Sale Agreement or

---

[3] The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.

PCCP Sale Agreement, as applicable, within the time constraints set forth in the Normandy Sale Agreement or PCCP Sale Agreement, as applicable. The terms of the Normandy Sale Agreement are the highest and/or otherwise best terms that have been offered for the Sale of the Sale Assets. The terms of the PCCP Sale Agreement are the next highest and/or otherwise best terms that have been offered for the Sale of the Sale Assets.

C. The procedures set forth in the Bidding Procedures Order were substantively and procedurally fair to all parties. The Sellers conducted the entire sale process (including the Auction) in accordance with the procedures set forth in the Bidding Procedures Order.

D. Upon the closing of the Normandy Sale Agreement or the PCCP Sale Agreement, as applicable (the "Closing"), the Sale Assets will have been acquired after adequate marketing, in good faith, and as the result of arm's-length negotiations.

E. Reasonable notice of the Sale and a reasonable opportunity to object and be heard with respect to the Sale and assumption and assignment of the Purchased Contracts has been afforded to all interested persons and entities, including: (i) the U.S. Trustee, (ii) counsel to Normandy and PCCP, (iii) counsel to the Committee, (iv) any party who, in the past 12 months, expressed in writing to the Debtors an interest in acquiring the Sale Assets, and who the Sellers and their representatives reasonably and in good faith determined potentially have the desire and financial wherewithal to effectuate the Sale, (v) all parties requesting notice pursuant to Bankruptcy Rule 2002 and Local Rule 2002-1(b), (vi) all parties to the Partnership Agreement, and (vii) all parties to the Purchased Contracts.

F. Notice, as specified in the preceding paragraph and as evidenced by the affidavits of service and publication filed with the Court, is reasonable and adequate. Such

notice and opportunity for hearing was adequate and appropriate in the circumstances of these cases, comports with all due process requirements, and satisfies the requirements of the Bankruptcy Rules and no other or further notice is required.

G.  The Sale Assets sought to be transferred and/or assigned by the Sellers to Normandy or (pursuant to paragraph 3 of this Sale Order) PCCP, pursuant to the Normandy Sale Agreement or the PCCP Sale Agreement, as applicable, are property of the Debtors' estates, and title is vested in the Debtors' estates.

H.  Subject to entry of this Sale Order, the Sellers have (i) full power and authority to execute either the Normandy Sale Agreement or the PCCP Sale Agreement, and the other Transaction Documents (as defined in the Normandy Sale Agreement and the PCCP Sale Agreement), (ii) all of the power and authority necessary to consummate the transactions contemplated by the Normandy Sale Agreement or the PCCP Sale Agreement, and (iii) taken all company action necessary to authorize and approve such transactions.

I.  Except as otherwise expressly provided in the Normandy Sale Agreement or the PCCP Sale Agreement, no further consents or approvals are required for the Sellers to consummate the Sale of the Sale Assets other than the consent and approval of this Court. Neither the execution of the Normandy Sale Agreement or the PCCP Sale Agreement, as applicable, nor the Sale of the Sale Assets in accordance with the terms of the Normandy Sale Agreement or the PCCP Sale Agreement, as applicable, will constitute a violation of any provision of the organization documents of the Sellers or any other instrument, law, regulation, or ordinance by which the Sellers are bound.

J. This Sale Order and consummation of the Sale are supported by good business reasons and will serve the best interests of the Sellers, their estates, and creditors by maximizing the values obtained from the Sale Assets.

K. The marketing and bidding procedures implemented by the Debtors and their professionals, as set forth in the Motion, the Bidding Procedures Order, the Brodzinski Declaration, and the record of the hearings relating to the Motion and the Sale, were fair, proper, and reasonably calculated to result in the best value received for the Sale Assets.

L. The Sellers solicited offers for, scheduled and conducted the Auction relating to, and selected Normandy as the Successful Bidder for the Sale Assets and PCCP as a Back-Up Bidder, all in accordance with the Bidding Procedures Order. Prospective purchasers have been afforded a full opportunity to bid for the Sale Assets.

M. The Normandy Sale Agreement was negotiated, proposed, and entered into by Normandy without collusion, in good faith, and from an arm's-length bargaining position. There is no insider relationship between affiliates of Normandy and the Sellers. The Sellers and Normandy have not engaged in any conduct that would cause or permit the Normandy Sale Agreement to be avoided under section 363(n) of the Bankruptcy Code.

N. The PCCP Sale Agreement was negotiated, proposed, and entered into by PCCP without collusion, in good faith, and from an arm's-length bargaining position. There is no insider relationship between affiliates of PCCP and the Sellers. The Sellers and PCCP have not engaged in any conduct that would cause or permit the PCCP Sale Agreement to be avoided under section 363(n) of the Bankruptcy Code.

O. Normandy and PCCP are each a good faith purchaser under section 363(m) of the Bankruptcy Code and as such each is entitled to all of the protections afforded

thereby, and each has acted in good faith in all respects in connection with this proceeding, in that: (i) each in no way induced or caused the chapter 11 filing of any of the Debtors, including the Sellers; (ii) all payments to be made by either Normandy or PCCP and other agreements entered into between either Normandy or PCCP, as applicable, and the Sellers in connection with the Sale have been disclosed; (iii) the negotiation and execution of both the Normandy Sale Agreement and the PCCP Sale Agreement and related agreements was in good faith and at arm's length; and (iv) the disclosure requirements required by Local Rule 6004-1 have been satisfied.

P. The consideration to be paid by either Normandy or PCCP, as applicable, to the Sellers for the Sale Assets is fair and reasonable, is the highest or otherwise best offer for the Sale Assets, and constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code, the Uniform Fraudulent Conveyance Act, the Uniform Fraudulent Transfer Act, and any similar laws of any state or jurisdiction whose law is applicable to the Sale.

Q. The consummation of the Sale pursuant to the Normandy Sale Agreement or the PCCP Sale Agreement, as applicable, will be a legal, valid, and effective Sale of the Sale Assets to either Normandy or PCCP and will vest either Normandy or PCCP with all of the Sellers' right, title, and interest in and to the Sale Assets, free and clear of all Liens, claims (as defined in section 101(5) of the Bankruptcy Code), and other Interests (as defined below), in accordance with section 363(f) of the Bankruptcy Code, because one or more of the standards set forth in sections 363(f)(1)-(5) of the Bankruptcy Code has been satisfied.

R. All parties with Liens against the Sale Assets, if any, who did not object to the Motion and the relief requested therein, or who withdrew their objections to the Motion, are deemed to have consented pursuant to section 363(f)(2) of the Bankruptcy Code and are enjoined from taking any action against either Normandy or PCCP, their affiliates, or any agent of the

foregoing to recover any claim which such person or entity has solely against the Sellers or any of their affiliates. All other objections to the Sale of the Sale Assets are overruled. Failure to sell the Sale Assets free and clear of Liens would be substantially less beneficial to the Sellers' estates.

S. All objections thereto having been resolved, the amounts set forth on Exhibit A to the Notice of Assumption and Assignment, dated as of April 20, 2011 (the "Cure Amounts"), are deemed the necessary amounts to "cure" all "defaults" under section 365(b) of the Bankruptcy Code.

T. Upon entry of this Sale Order, the Sellers shall have full power and authority to consummate the Sale and all related transactions and actions contemplated by the Normandy Sale Agreement or the PCCP Sale Agreement. The Normandy Sale Agreement, PCCP Sale Agreement, and the Sale have been duly and validly authorized by all necessary action of the Sellers and no shareholder vote, board resolution, or other corporate action is required of the Sellers in order to consummate such Sale.

NOW THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Motion is granted in all respects, other than with respect to matters already addressed by the Bidding Procedures Order.

2. All objections with regard to the relief sought in the Motion that have not been withdrawn, waived, settled, or otherwise dealt with as expressly provided herein and in the Bidding Procedures Order are hereby overruled.

3. In the event Normandy or the Debtors do not consummate the transactions contemplated in or by the Normandy Sale Agreement or this Sale Order by the Drop Dead Date (as defined in the Normandy Sale Agreement) and the Normandy Sale Agreement is terminated

RLF1 4020431v.1

8

pursuant to its terms, (a) the Debtors shall close the Sale with the Back-Up Bidder, PCCP, pursuant to the PCCP Sale Agreement, and (b) all decretal paragraphs of this Sale Order that would otherwise apply to Normandy, as "Buyer," will instead apply to PCCP, as "Buyer," and all references to the "Normandy Sale Agreement" or the "Sale Agreement" shall thereafter and hereafter be deemed references to the PCCP Sale Agreement.

4. Pursuant to sections 363(b), 363(f), and 365 of the Bankruptcy Code the Sale of the Sale Assets pursuant to the Sale Agreement is approved, and, subject to the satisfaction of each condition under the Sale Agreement, the Sellers are authorized to enter into and consummate the Sale of the Sale Assets to the Buyer pursuant to the Sale Agreement and all agreements contemplated thereunder, and execute any and all documents and take all actions necessary and appropriate to effectuate and consummate the Sale in consideration of the Purchase Price specified therein, including selling, assigning, and transferring to the Buyer all of the Sellers' right, title, and interest in and to the Sale Assets and upon the terms set forth in the Sale Agreement.

5. The transfer of the Sale Assets to the Buyer pursuant to the Sale Agreement is hereby deemed to be a legal, valid, and effective transfer of the Sale Assets and shall vest the Buyer with all right, title, and interest of the Sellers in the Sale Assets, free and clear of all Liens (including but not limited to any and all "claims," as defined in section 101(5) of the Bankruptcy Code), encumbrances, obligations, liabilities, demands, guarantees, options, rights, restrictions, contractual commitments, rights of first refusal, rights of setoff, or interests of any kind or nature that have been, are or could be asserted against the Debtors whether known or unknown, legal or equitable, matured or unmatured, contingent or noncontingent, liquidated or unliquidated, asserted or unasserted, whether arising prior to or subsequent to the

commencement of the Debtors' chapter 11 cases, whether imposed by agreement, understanding, law, equity or otherwise, (collectively, the "Interests"), pursuant to section 363(f) of the Bankruptcy Code and any and all rights and claims under any bulk transfer statutes and related laws, whether arising by agreement, statute, or otherwise and whether arising before or after the commencement of these chapter 11 cases, whether known or unknown, including Liens or Interests of any of the creditors, vendors, employers, suppliers, or lessors of the Sellers or any other third party. Any and all such Liens shall attach to the net proceeds of the Sale Assets, with the same priority, validity, force, and effect as they now have against such assets. Except as otherwise expressly set forth in the Sale Agreement, all Liens and Interests are hereby released, terminated and discharged as to the Buyer and the Sale Assets. Upon the Closing, and except as otherwise expressly provided in the Sale Agreement, the Buyer shall not be liable for any claims against or liabilities and obligations of, the Debtors or any of the Debtors' predecessors or affiliates.

6. All persons and entities asserting or holding any Liens or other Interests in or with respect to the Sale Assets (whether legal or equitable, secured or unsecured, matured or unmatured, contingent or non-contingent, senior or subordinated), however arising, shall be forever barred, estopped, and permanently enjoined from asserting, prosecuting, or otherwise pursuing such Liens or other Interests against the Buyer.

7. The Sale shall be binding upon all entities, including, without limitation, the Debtors, the Buyer, any other parties to the Sale Agreement or related agreements, all creditors, members, and owners of the Debtors, all persons having or asserting a Lien or other Interest upon the Debtors assets, including the Sale Assets, and all parties to any actions or proceedings that directly or indirectly contest the power or authority of the Sellers to sell, assign,

and convey the Sale Assets, that seek to enjoin any such sale, assignment, or conveyance, or that assert any rights of first offer, first refusal, and the like which may apply in connection herewith.

8. The contemplated Sale has been undertaken by the Buyer and the Sellers at arm's length, without collusion, and the Buyer shall acquire the Sale Assets pursuant to the Sale Agreement in good faith, under section 363(m) of the Bankruptcy Code, and is, and shall be entitled to all of the protections in accordance therewith. The consideration provided for the Sale Assets pursuant to the Sale Agreement is fair and reasonable under the Bankruptcy Code and other applicable law, and the Sale may not be avoided or costs or damages imposed or awarded under section 363(n) or any other provision of the Bankruptcy Code.

9. This Sale Order and all provisions of the Sale Agreement shall be binding upon any successors and assigns of the Sellers, including, without limitation, any trustee appointed for the Sellers in their chapter 11 cases or in any superseding proceeding under chapter 7 of the Bankruptcy Code.

10. Nothing contained in any chapter 11 plan confirmed in the Debtors' chapter 11 cases shall conflict with or derogate the provisions of the Sale Agreement, to the extent modified by this Sale Order.

11. The Sale Agreement or any document relating thereto may be modified, amended, or supplemented by the parties thereto, in a writing signed by such parties and in accordance with the terms thereof, without further order of the Court, provided that any such modification, amendment, or supplement does not have a material adverse effect on the Sellers or their estates.

12. From and after the date hereof, the Sellers shall be authorized to perform their respective obligations under the Sale Agreement or any other documents relating thereto to

which they are a party and act in accordance with the terms of the Sale Agreement or any other documents relating thereto.

13. To the extent any inconsistency exists between the provisions of the Sale Agreement and this Sale Order, the provisions contained herein shall govern. The failure specifically to include, summarize, or reference any provisions of the Sale Agreement in this Sale Order does not diminish or impair the effectiveness of such provisions, it being the intent of the Court that the Sale Agreement be authorized and approved in its entirety.

14. The provisions of this Sale Order shall be self-executing and neither the Sellers nor the Buyer shall be required to execute or file releases, termination statements, assignments, consents, or other instruments to effectuate, consummate, and implement the provisions of this Sale Order. However, the Sellers and the Buyer, and each of their respective officers, employees, and agents are authorized and empowered to take all actions and execute and deliver any and all documents and instruments that either the Sellers or the Buyer deem necessary or appropriate to implement and effectuate the terms of the Sale Agreement and this Sale Order. This Sale Order is and shall be (i) effective as a determination that, upon Closing, Liens and Interests existing as to the Sale Assets conveyed to the Buyer have been and hereby are adjudged and declared to be unconditionally released, discharged, and terminated; and (ii) binding upon and govern the acts of all entities, including all filing agents or officers, title agents or companies, recorders or registrars of mortgages or deeds, administrative agencies or units, governmental departments or units, secretaries of state, federal, state, and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register, or otherwise record or release any documents or

instruments, or who may be required to report or insure any title or state of title in or to any of the Sale Assets conveyed to the Buyer.

15. Any party having the right to consent to the assumption or assignment of the Purchased Contracts that has failed to object to such assumption or assignment is deemed to have consented to such assumption and assignment, as required by section 365(c) of the Bankruptcy Code. In addition, adequate assurance of future performance has been demonstrated by or on behalf of the Buyer with respect to the Purchased Contracts.

16. As of the Closing, and subject to the provisions of this Sale Order, the Buyer shall succeed to the entirety of the Sellers' rights and obligations in the Purchased Contracts first arising and attributable to the time period occurring on or after the Closing and shall have all rights thereunder.

17. There shall be no rent accelerations, assignment fees, increases, or any other charges charged to the Sellers or their affiliates or designees as a result of CILP's assumption and assignment to the Buyer of the Purchased Contracts, and the validity of such assumption or assignment shall not be affected by any dispute between any of CILP or its affiliates and any counterparty to the Purchased Contracts, and the Purchased Contracts, upon assignment to the Buyer, shall be deemed valid and binding and in full force and effect in accordance with their terms.

18. Without limiting the generality of the provisions of the Sale Agreement or other provisions of this Sale Order, the Buyer shall not be deemed to have assumed any obligation or liability under, or otherwise be deemed liable in any manner whatsoever with respect to, any contract or lease of the Sellers that is not explicitly designated as a Purchased Contract in the Sale Agreement, absent the Buyer's written agreement as to the subsequent

inclusion of any specifically identified contract or lease and the satisfaction of the requirements of section 365 of the Bankruptcy Code with respect to any such contract or lease. With respect to the Purchased Contracts, the Buyer shall have no liability whatsoever for any cure and other pre-assumption costs or obligations associated therewith, all of which shall be borne by CILP; the Buyer shall only be liable under the Purchased Contracts for any and all obligations incurred by the Buyer after the effective date of the assumption and assignment of the Purchased Contracts. Upon entry of this Sale Order, (a) all defaults (monetary and non-monetary) under the Purchased Contracts through the Closing shall be deemed cured, (b) no other amounts shall be owed by the Debtors, their estates or the Buyer with respect to amounts first arising or accruing during, or attributable or related to, the period before the Closing with respect to the Purchased Contracts, and (c) any and all persons or entities shall be forever barred and estopped from asserting a claim against the Debtors, their estates or the Buyer that any additional amounts are due or defaults exist under the Purchased Contracts that arose or accrued or relate to or are attributable to the period before the Closing.

19. Without limiting in any manner the effect of the other provisions of this Sale Order, any person or entity that asserts a Lien or other Interest against the Sale Assets shall be, and hereby is, directed to deliver to the Sellers, prior to Closing, in proper form for filing after Closing, and executed by the appropriate parties, any and all instruments as appropriate to cause the release of any such Lien or other Interest, and in the event any such person or entity fails to comply with the direction set forth in this paragraph, then, at the option of the Buyer, the Buyer either may seek to have such person or entity held in contempt of this Court or shall be hereby authorized, without the requirement of any further action (including order of this Court), to execute, file, or otherwise record such statements, instruments, releases, and other documents

on behalf of such person or entity releasing such asserted Lien or other Interest or to file, register, or otherwise record a certified copy of this Sale Order, which shall constitute conclusive evidence of the termination or release of any such Lien or Interest.

20. Subject to the fulfillment of the terms and conditions of the Sale Agreement, as of Closing, this Sale Order shall be considered and constitute for all purposes a full and complete general assignment, conveyance, and transfer of the Sale Assets and/or a bill of sale transferring the Sellers' title and interest in the Sale Assets to the Buyer.

21. Consistent with, but not in limitation of the foregoing, each and every federal, state, and local governmental agency or department is hereby directed to accept any and all documents and instruments necessary and appropriate to consummate the Sale.

22. Without limiting the generality of the other provisions of this Sale Order, and to the extent provided by federal law, the Buyer, under no circumstances, shall be deemed to be a successor of the Sellers. Accordingly, the Buyer shall have no successor or vicarious liabilities of any kind with respect to Sale Assets and all persons and entities shall be hereby enjoined from asserting any such claims against the Buyer.

23. The Court shall retain exclusive jurisdiction to interpret, construe, and enforce the provisions of the Sale Agreement and this Sale Order in all respects, and further to hear and determine any and all disputes between the Sellers and/or the Buyer, as the case may be, and any other non-debtor party to, among other things, the Purchased Contracts, concerning, *inter alia*, assignment thereof by CILP to the Buyer under the Sale Agreement and any dispute between the Buyer and the Sellers as to their respective obligations with respect to any asset, liability, or claim arising hereunder.

24. The Sale of the Sale Assets to the Buyer pursuant to the Sale Agreement does not amount to a consolidation, merger or *de facto* merger of the Buyer and the Sellers' and/or the Sellers' estates, there is not substantial continuity between the Buyer and the Sellers, there is no continuity of enterprise between the Sellers and the Buyer, and the Buyer is not a mere continuation of the Sellers or the Sellers' estates. The Buyer's operations shall not be deemed a continuation of the Debtors' business as a result of the Buyer's acquisition of the Sale Assets.

25. Except with respect to enforcing the terms of the Sale Agreement, the Bidding Procedures, the Bidding Procedures Order and/or this Sale Order, absent a stay pending appeal, no person shall take any action to prevent, enjoin, or otherwise interfere with consummation of the transactions contemplated in or by the Sale Agreement or this Sale Order to the maximum extent permitted by law.

26. The automatic stay of section 362(a) of the Bankruptcy Code shall not apply to and otherwise shall not prevent the exercise or performance by any party of its rights or obligations under the Sale Agreement, including, without limitation, with respect to any cash held in escrow pursuant to the provisions thereof.

27. This Sale Order shall take effect immediately and shall not be stayed pursuant to Bankruptcy Rules 6004(h), 6006(d), 7062, or otherwise, and the Sellers may take any action authorized under this Sale Order immediately.

Dated: May __, 2011
Wilmington, Delaware

THE HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE