## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
-------------------------------------------------------------x
                                                             :
In re                                                        :    Chapter 11
                                                             :
CAPMARK FINANCIAL GROUP INC., et al.,                        :    Case No. 09-13684 (CSS)
                                                             :
        Debtors.¹                                            :    Jointly Administered
                                                             :
                                                             :    Re: Docket No. 2949
                                                             :
-------------------------------------------------------------x
```

### ORDER DISMISSING CERTAIN SPECIFIED CHAPTER 11 CASES

Upon the motion, dated as of May 17, 2011 (the "Motion"),[2] of the entities listed

in footnote 3 below (collectively, "Movants"),[3] for an order, pursuant to sections 305(a)(1),

---

[1] The Debtors in these chapter 11 cases, along with the last four (4) digits of each Debtor's federal tax identification number, are:  Summit Crest Ventures, LLC (5690), Capmark Financial Group Inc. (2188), Capmark Capital Inc. (6496), Capmark Finance Inc. (3444), Commercial Equity Investments, Inc. (4153), Mortgage Investments, LLC (6319), Net Lease Acquisition LLC (9658), SJM Cap, LLC (0862), Capmark Affordable Equity Holdings Inc. (2379), Capmark REO Holding LLC (3951), Paramount Managing Member AMBAC II, LLC (3934), Paramount Managing Member AMBAC III, LLC (3999), Paramount Managing Member AMBAC IV, LLC (0117), Paramount Managing Member AMBAC V, LLC (3366), Paramount Managing Member LLC (0184), Paramount Managing Member II, LLC (7457), Paramount Managing Member III, LLC (0196), Paramount Managing Member IV, LLC (0199), Paramount Managing Member V, LLC (0201), Paramount Managing Member VI, LLC (5857), Paramount Managing Member VII, LLC (5855), Paramount Managing Member VIII, LLC (5854), Paramount Managing Member IX, LLC (5452), Paramount Managing Member XI, LLC (5455), Paramount Managing Member XII, LLC (5457), Paramount Managing Member XVIII, LLC (3087), Paramount Managing Member XIV, LLC (4194), Paramount Managing Member XV, LLC (4192), Paramount Managing Member XVI, LLC (4186), Paramount Northeastern Managing Member, LLC (3086), Capmark Affordable Properties Inc. (3435), Paramount Managing Member XXIII, LLC (4754), Paramount Managing Member XXIV, LLC (3615), Paramount Managing Member 30, LLC (6824), Paramount Managing Member 31, LLC (6826), Paramount Managing Member 33, LLC (6831), Broadway Street California, L.P. (7722), Broadway Street 2001, L.P. (0187), Broadway Street XV, L.P. (7730), Broadway Street XVI, L.P. (7725), Broadway Street XVIII, L.P. (9799), Broadway Street Georgia I, LLC (9740), Capmark Managing Member 4.5 LLC (8979), Capmark Affordable Equity Inc. (2381), Capmark Investments LP (7999), and Protech Holdings C, LLC (7929).  CFGI's corporate headquarters is located at 116 Welsh Road, Horsham, Pennsylvania, 19044.  The addresses for all of the Debtors are available at the following World Wide Web address:  http://chapter11.epiqsystems.com/capmark.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

[3] Movants are Broadway Street Georgia I, LLC; Broadway Street XVI, L.P.; Broadway Street XVIII, L.P.; Broadway Street XV, L.P.; and Broadway Street California, L.P.; Paramount Managing Member IX, LLC; Paramount Managing Member XI, LLC; Paramount Managing Member XV, LLC; Paramount Managing Member AMBAC II, LLC; Paramount Managing Member AMBAC III, LLC; Paramount Managing Member AMBAC IV, LLC; Paramount Managing Member AMBAC V, LLC; Paramount Managing Member LLC; Paramount Managing Member II, LLC; Paramount Managing Member III, LLC; Paramount Managing Member IV, LLC; Paramount Managing Member V, LLC; Paramount Managing Member VI, LLC; Paramount Managing Member VII, LLC;

363(b), 1112(b), and 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), dismissing Movants' chapter 11 cases, as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and the Court having determined the relief sought in the Motion is in the best interests of Movants, their creditors, and all parties in interest; and all objections to the Motion having been withdrawn or overruled; and the Court having determined the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby:

ORDERED that the Motion is granted, as modified herein; and it is further

ORDERED that Broadway Street Georgia I, LLC, Broadway Street XVI, L.P., Broadway Street XVIII, L.P., Paramount Managing Member IX, LLC, Paramount Managing Member XI, LLC, and Paramount Managing Member XV, LLC (collectively, the "MS Managing Members") are authorized to make the Effective Date Payment on the Effective Date, or as soon thereafter as is reasonably practicable, and upon such payment, the MS Managing Members' chapter 11 cases are dismissed pursuant to sections 105(a), 305(a)(1), and 1112(b) of the Bankruptcy Code; and it is further

---

Paramount Managing Member VIII, LLC; Paramount Managing Member XII, LLC; Paramount Managing Member XVIII, LLC; Paramount Managing Member XIV, LLC; Paramount Managing Member XVI, LLC; Paramount Northeastern Managing Member, LLC; Paramount Managing Member XXIII, LLC; Paramount Managing Member XXIV, LLC; Paramount Managing Member 30, LLC; Paramount Managing Member 31, LLC; Paramount Managing Member 33, LLC; Capmark Managing Member 4.5 LLC; and Broadway Street 2001, L.P.

ORDERED that, immediately following the making of the Effective Date Payment, the MS Managing Members are directed to file with the Clerk of the Court a statement certifying that the Effective Date Payment has been made (the "Certification"), and immediately thereafter the Clerk of the Court is authorized and directed to promptly take all appropriate actions to close the MS Managing Members' chapter 11 cases as identified specifically in **Schedule 1** hereto; and it is further

ORDERED that the MS Managing Members shall, within three (3) business days of the entry of this Order, mail copies of a notice of the entry of this Order, together with a copy of this Order, to (i) the U.S. Trustee, (ii) Wilmington Trust FSB, as successor trustee under the prepetition indentures for the senior unsecured floating rate notes, 5.875% senior unsecured notes, and 6.300% senior unsecured notes, (iii) counsel to the Committee, (iv) all parties requesting notice pursuant to Bankruptcy Rule 2002 and Local Rule 2002-1 (b), and (v) pursuant to Bankruptcy Rule 2002(f)(2), all of the creditors set forth on Movants' creditor matrix, and the MS Managing Members shall certify service of this Order to the Court; and it is further

ORDERED that, unless otherwise provided herein, all orders entered in the MS Managing Members' chapter 11 cases shall survive the dismissal thereof; and it is further

ORDERED that this Order shall have no effect on the other chapter 11 cases jointly administered hereunder; and it is further

ORDERED that, notwithstanding Rule 6004(g) of the Federal Rules of Bankruptcy Procedure or any other applicable Bankruptcy Rule, this Order shall take effect immediately upon entry on the docket of the MS Managing Members' chapter 11 cases; and it is further

ORDERED that the hearing to consider granting the relief requested in the Motion with respect to the Movants other than the MS Managing Members (the "Non-MS

RLF1 4191299v. 1

Managing Members Dismissal Hearing") as identified in **Schedule 2**, shall be adjourned to such later hearing date or dates as such Movants may request, <u>provided further</u> that such Movant shall provide notice of any re-scheduling of the Non-MS Managing Members Dismissal Hearing to (i) the U.S. Trustee, (ii) Wilmington Trust FSB, as successor trustee under the prepetition indentures for the senior unsecured floating rate notes, 5.875% senior unsecured notes, and 6.300% senior unsecured notes, (iii) counsel to the Committee, (iv) all parties requesting notice pursuant to Bankruptcy Rule 2002 and Local Rule 2002-1 (b), and (v) pursuant to Bankruptcy Rule 2002(f)(2), all of the creditors set forth on Movants' creditor matrix; and it is further

ORDERED that the Court shall retain jurisdiction to enforce and interpret the terms or effect of this Order.

Dated: July 5, 2011
         Wilmington, Delaware

THE HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE