# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  | x |  |
|---|---|---|
| *In re* | : | Chapter 11 |
|  | : |  |
| **CAPMARK FINANCIAL GROUP INC.**, *et al.*, | : | Case No. 09-13684 (CSS) |
|  | : |  |
| Debtors.[1] | : | Jointly Administered |
|  | x |  |

## NOTICE OF *AMENDED*[2] AGENDA OF MATTERS SCHEDULED FOR HEARING ON JULY 5, 2011 AT 10:00 A.M. (EDT)[3]

> ***** AT THE DIRECTION OF THE COURT, THE START DATE AND TIME OF THE DISCLOSURE STATEMENT PORTION OF THE HEARING HAS BEEN MOVED TO JULY 6, 2011 AT 1:00 P.M. (EDT) *****

## I. CONTINUED/RESOLVED MATTERS:

1. Debtors' First Omnibus Objection, Pursuant to Sections 105 and 502 of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Rule 3007-1 to Certain Claims That Are (A) Amended and Superseded, (B) Duplicative, (C) Late Filed, (D) Proofs of Equity Interests, and/or (E) Without Supporting Documentation (Non-Substantive) [Docket No. 1918; filed 10/15/10]

---

[1] The Debtors in these chapter 11 cases, along with the last four (4) digits of each Debtor's federal tax identification number, are: Summit Crest Ventures, LLC (5690), Capmark Financial Group Inc. (2188) ("CFGI"), Capmark Capital Inc. (6496), Capmark Finance Inc. (3444), Commercial Equity Investments, Inc. (4153), Mortgage Investments, LLC (6319), Net Lease Acquisition LLC (9658), SJM Cap, LLC (0862), Capmark Affordable Equity Holdings Inc. (2379), Capmark REO Holding LLC (3951), Paramount Managing Member AMBAC II, LLC (3934), Paramount Managing Member AMBAC III, LLC (3999), Paramount Managing Member AMBAC IV, LLC (0117), Paramount Managing Member AMBAC V, LLC (3366), Paramount Managing Member LLC (0184), Paramount Managing Member II, LLC (7457), Paramount Managing Member III, LLC (0196), Paramount Managing Member IV, LLC (0199), Paramount Managing Member V, LLC (0201), Paramount Managing Member VI, LLC (5857), Paramount Managing Member VII, LLC (5855), Paramount Managing Member VIII, LLC (5854), Paramount Managing Member IX, LLC (5452), Paramount Managing Member XI, LLC (5455), Paramount Managing Member XII, LLC (5457), Paramount Managing Member XVIII, LLC (3087), Paramount Managing Member XIV, LLC (4194), Paramount Managing Member XV, LLC (4192), Paramount Managing Member XVI, LLC (4186), Paramount Northeastern Managing Member, LLC (3086), Capmark Affordable Properties Inc. (3435), Paramount Managing Member XXIII, LLC (4754), Paramount Managing Member XXIV, LLC (3615), Paramount Managing Member 30, LLC (6824), Paramount Managing Member 31, LLC (6826), Paramount Managing Member 33, LLC (6831), Broadway Street California, L.P. (7722), Broadway Street 2001, L.P. (0187), Broadway Street XV, L.P. (7730), Broadway Street XVI, L.P. (7725), Broadway Street XVIII, L.P. (9799), Broadway Street Georgia I, LLC (9740), Capmark Managing Member 4.5 LLC (8979), Capmark Affordable Equity Inc. (2381), Capmark Investments LP (7999) and Protech Holdings C, LLC (7929). CFGI's corporate headquarters is located at 116 Welsh Road, Horsham, Pennsylvania, 19044. The addresses for all of the Debtors are available at the following World Wide Web address: http://chapter11.epiqsystems.com/capmark.

[2] **Amended agenda items appear in bold.**

[3] The hearing will be held before The Honorable Christopher S. Sontchi at the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, 5th Floor, Courtroom 6, Wilmington, Delaware 19801. **Any person who wishes to appear telephonically at the July 6, 2011 hearing must contact COURTCALL, LLC at 866-582-6878 prior to 12:30 p.m. (EDT) on Tuesday, July 6, 2011 to register his/her telephonic appearance notwithstanding any contrary deadline set forth in the *Instructions for Telephonic Appearances Effective January 5, 2005, Revised April 27, 2009*.** All pleadings referenced herein are available online at http://chapter11.epiqsystems.com/capmark.

<dl>
<dt>Objection/Response Deadline:</dt>
<dd>November 5, 2010 at 4:00 p.m. (EST)</dd>
</dl>

Objections/Responses Received:

    A.    Informal Response from Deutsche Bank Trust Company Americas

Related Documents:

    i.    Declaration of Marisol Lauerman in Support of the Debtors' First Omnibus Objection to Claims (Non-Substantive) [Docket No. 1919; filed 10/15/10]

    ii.    Certification of Counsel Regarding Revised Order Granting Debtors' First Omnibus Objection, Pursuant to Sections 105 and 502 of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Rule 3007-1 to Certain Claims That Are (A) Amended and Superseded, (B) Duplicative, (C) Late Filed, (D) Proofs of Equity Interests, and/or (E) Without Supporting Documentation (Non-Substantive) [Docket No. 2061; filed 11/15/10]

    iii.    Order Granting Debtors' First Omnibus Objection, Pursuant to Sections 105 and 502 of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Rule 3007-1 to Certain Claims That Are (A) Amended and Superseded, (B) Duplicative, (C) Late Filed, (D) Proofs of Equity Interests, and/or (E) Without Supporting Documentation (Non-Substantive) [Docket No. 2067; filed 11/16/10]

Status: On November 16, 2010, the Court entered an Order resolving this matter as it relates to all claims subject thereto other than the claims of Deutsche Bank Trust Company Americas ("DBTCA"). The Debtors and DBTCA are working together to consensually resolve this matter as it relates to the claims of DBTCA and anticipate submitting a stipulation under certification of counsel to the Court for approval with respect to the claims of DBTCA once finalized. Consequently, no hearing with respect to this matter is required at this time.

2. Debtors' Objection, Pursuant to Sections 105 and 502 of the Bankruptcy Code, and Bankruptcy Rule 3007, to Certain Claims Filed by GMAC Inc. [Docket No. 2158; filed 12/10/10] (the "GMAC Objection")[4]

---

[4] Richards, Layton & Finger, P.A. is not serving as co-counsel of record in connection with the prosecution of the GMAC Objection based upon issues of conflict. Rather, The Rosner Law Group LLC is serving as special conflicts co-counsel (see Docket No. 871), along with Dewey & LeBoeuf LLP, in connection with the prosecution of the GMAC Objection.

| Objection/Response Deadline: | December 27, 2010 at 4:00 p.m. (EST); extended to March 28, 2011 at 4:00 p.m. (EDT) for GMAC Inc. only |
|---|---|
| Reply Deadline: | May 9, 2011 at 6:00 p.m. (EDT) for the Debtors only |

Objections/Responses Received:

    A.    Informal Objection of GMAC Inc.

    B.    Response of Ally Financial Inc. to Debtors' Objection, Pursuant to Sections 105 and 107 of the Bankruptcy Code, and Rule 3007, to Certain Claims Filed by GMAC Inc. [Docket No. 2665; filed 3/28/11]

Status: The parties have reached an agreement in principle in resolution of this matter and have filed a motion to approve such settlement (see Agenda Item 12). Accordingly, a hearing on this matter is not required at this time.

3. Debtors' Fifth Omnibus Objection, Pursuant to Sections 105 and 502 of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Rule 3007-1, to Certain Claims that are (A) Amended and Superseded, (B) Duplicative, (C) Late Filed, (D) Filed Against the Wrong Debtors, and/or (E) Without Supporting Documentation (Non-Substantive) [Docket No. 2473; filed 2/11/11]

| Objection/Response Deadline: | March 7, 2011 at 4:00 p.m. (EST); extended to March 9, 2011 at 11:59 p.m. (EST) for Orsett/Baseline LLC |
|---|---|

Objections/Responses Received:

    A.    Creditor CLPF-Plaza Del Mar III, L.P.'s Response to Debtors' Fifth Omnibus Objection, Pursuant to Sections 105 and 502 of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Rule 3007-1, to Certain Claims that are (A) Amended and Superseded, (B) Duplicative, (C) Late Filed, (D) Filed Against the Wrong Debtors, and/or (E) Without Supporting Documentation (Non-Substantive) [Docket No. 2524; filed 2/28/11]

    B.    Response of Orsett/Baseline LLC to Debtors' Fifth Omnibus Objection to Claims [Docket No. 2561; filed 3/8/11]

    C.    Debtors' (I) Reply to Orsett/Baseline LLC's Response to Debtors' Fifth Omnibus Objection to Claims and (II) Objection to Motion of Orsett/Baseline LLC to Extend Claims Bar Date to File Claims [Docket No. 2696; filed 4/4/11]

Related Documents:

    i.    Declaration of Marisol Lauerman in Support of the Debtors' Fifth Omnibus Objection to Claims (Non-Substantive) [Docket No. 2474; filed 2/11/11]

    ii.    Notice of Submission of Copies of Certain Proofs of Claim Regarding the "Debtors' Fifth Omnibus Objection, Pursuant to Sections 105 and 502 of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Rule 3007-1, to Certain Claims that are (A) Amended and Superseded, (B) Duplicative, (C) Late Filed, (D) Filed Against the Wrong Debtors, and/or (E) Without Supporting Documentation (Non-Substantive)" [Docket No. 2523; filed 2/28/11]

    iii.    Order Granting Debtors' Fifth Omnibus Claims Objection and Disallowing and Expunging, or Recharacterizing, Certain Claims that are (A) Amended and Superseded, (B) Duplicative, (C) Late Filed, (D) Filed Against the Wrong Debtor, and/or (E) Without Supporting Documentation (Non-Substantive) [Docket No. 2597; filed 3/14/11]

    iv.    Notice of Filing of Corrected Page and Additional Exhibit Page with Respect to "Debtors' (I) Reply to Orsett/Baseline LLC's Response to Debtors' Fifth Omnibus Objection to Claims and (II) Objection to Motion of Orsett/Baseline LLC to Extend Claims Bar Date to File Claims" [Docket No. 2698; filed 4/4/11]

Status: On March 14, 2011, the Court entered an order granting the relief requested with respect to all claims except those of Orsett/Baseline LLC. The Debtors and Orsett/Baseline LLC have reached an agreement in principle with respect to this matter (and related Agenda Item 4) and anticipate submitting a stipulation and agreed form of order to the Court under a certification of counsel once finalized. Consequently, no further hearing with respect to this matter is required at this time.

4.    Motion of Orsett/Baseline LLC to Extend the Claims Bar Date to File Claims [Docket No. 2569; filed 3/9/11]

Objection/Response Deadline:    April 4, 2011 at 4:00 p.m. (EDT)

Objections/Responses Received:

    A.    Debtors' (I) Reply to Orsett/Baseline LLC's Response to Debtors' Fifth Omnibus Objection to Claims and (II) Objection to Motion of Orsett/Baseline LLC to Extend Claims Bar Date to File Claims [Docket No. 2696; filed 4/4/11]

4

Related Documents:

  i. Notice of Filing of Corrected Page and Additional Exhibit Page with Respect to "Debtors' (I) Reply to Orsett/Baseline LLC's Response to Debtors' Fifth Omnibus Objection to Claims and (II) Objection to Motion of Orsett/Baseline LLC to Extend Claims Bar Date to File Claims" [Docket No. 2698; filed 4/4/11]

Status: The Debtors and Orsett/Baseline LLC have reached an agreement in principle with respect to this matter (and related Agenda Item **3**) and anticipate submitting a stipulation and agreed form of order to the Court under a certification of counsel once finalized. Consequently, no further hearing with respect to this matter is required at this time.

5. Motion of New Haven Two LLC, New Haven Three LLC, New Haven Four LLC, and Michael Belfonti for an Order Granting Relief from the Automatic Stay to Pursue Counterclaims [Docket No. 2914; filed 5/10/11]

  Objection/Response Deadline:  May 31, 2011 at 4:00 p.m. (EDT)

  Objections/Responses Received:  Informal comments from the Debtors

  Related Documents:

    i. Certification of Counsel Regarding Order Approving Stipulation with New Haven Two LLC, New Haven Three LLC, New Haven Four LLC, and Michael Belfonti to Modify the Automatic Stay Pursuant to Bankruptcy Code Section 362 [Docket No. 3094; filed 6/16/11]

    ii. Order Approving Stipulation Between Debtors and New Haven Two LLC, New Haven Three LLC, New Haven Four LLC, and Michael Belfonti to Modify the Automatic Stay Pursuant to Bankruptcy Code Section 362 [Docket No. 3099; filed 6/16/11]

  Status: On June 16, 2011, the Court entered an order granting the relief requested in connection with this matter. Consequently, no hearing with respect to this matter is required.

6. Debtors' Motion Pursuant to Sections 105(a) and 363(b) of the Bankruptcy Code, Bankruptcy Rules 2002 and 6004, and Local Rules 2002-1 and 6004-1 for Order Authorizing Debtor Capmark Finance Inc. to (I) Purchase New Market Tax Credit Loans Owned by Nondebtor Affiliate Capmark Bank and (II) Sell the Newly-Acquired Loans to U.S. Bancorp Community Development Corporation and U.S. Bancorp Community Investment Corporation, Free and Clear of All Liens, Claims, Encumbrances, and Interests, Pursuant to Court-Approved Purchase Agreement [Docket No. 2951; filed 5/17/11]

Objection/Response Deadline:     May 31, 2011 at 4:00 p.m. (EDT)

Objections/Responses Received:   None

Related Documents:

    i.    Declaration of William Gallagher in Support of Debtor Capmark Finance Inc.'s (I) Purchase New Market Tax Credit Loans Owned by Nondebtor Affiliate Capmark Bank and (II) Sale the Newly-Acquired Loans to U.S. Bancorp Community Development Corporation and U.S. Bancorp Community Investment Corporation, Free and Clear of All Liens, Claims, Encumbrances, and Interests, Pursuant to Court-Approved Purchase Agreement [Docket No. 3108; filed 6/20/11]

    ii.    Declaration of Matthew Badler in Support of Debtor Capmark Finance Inc.'s (I) Purchase New Market Tax Credit Loans Owned by Nondebtor Affiliate Capmark Bank and (II) Sale the Newly-Acquired Loans to U.S. Bancorp Community Development Corporation and U.S. Bancorp Community Investment Corporation, Free and Clear of All Liens, Claims, Encumbrances, and Interests, Pursuant to Court-Approved Purchase Agreement [Docket No. 3109; filed 6/20/11]

    iii.    Certification of No Objection Regarding "Debtors' Motion Pursuant to Sections 105(a) and 363(b) of the Bankruptcy Code, Bankruptcy Rules 2002 and 6004, and Local Rules 2002-1 and 6004-1 for Order Authorizing Debtor Capmark Finance Inc. to (I) Purchase New Market Tax Credit Loans Owned by Nondebtor Affiliated Capmark Bank and (II) Sell the Newly-Acquired Loans to U.S. Bancorp Community Development Corporation and U.S. Bancorp Community Investment Corporation, Free and Clear of All Liens, Claims, Encumbrances, and Interests, Pursuant to Court-Approved Purchase Agreement [Docket No. 3113; filed 6/21/11]

    iv.    Order Authorizing Debtor Capmark Finance Inc. to (I) Purchase New Market Tax Credit Loans Owned by Nondebtor Affiliate Capmark Bank and (II) Sell the Newly-Acquired Loans to U.S. Bancorp Community Development Corporation and U.S. Bancorp Community Investment Corporation, Free and Clear of All Liens, Claims, Encumbrances, and Interests, Pursuant to Court-Approved Purchase Agreement [Docket No. 3115; filed 6/21/11]

Status:  On June 21, 2011, the Court entered an order granting the relief requested in connection with this matter. Consequently, no hearing with respect to this matter is required.

7. Motion of the Debtors and Debtors in Possession to Expand the Retention and Employment of Morgan, Lewis & Bockius LLP as Special Counsel to the Debtors *Nunc Pro Tunc* to March 5, 2011 [Docket No. 2971; filed 5/19/11]

   Objection/Response Deadline:    May 31, 2011 at 4:00 p.m. (EDT)

   Objections/Responses Received:    None

   Related Documents:

   i. Certification of No Objection Regarding "Motion of the Debtors and Debtors in Possession to Expand the Retention and Employment of Morgan, Lewis & Bockius LLP as Special Counsel to the Debtors *Nunc Pro Tunc* to March 5, 2011" [Docket No. 3045; filed 6/3/11]

   ii. Order Granting Motion of the Debtors and Debtors in Possession to Expand the Retention and Employment of Morgan, Lewis & Bockius LLP as Special Counsel [Docket No. 3052; filed 6/6/11]

   Status: On June 6, 2011, the Court entered an order granting the relief requested in connection with this matter. Consequently, no hearing with respect to this matter is required.

## II. UNCONTESTED MATTER WITH CERTIFICATION OF NO OBJECTION:

8. Debtors' Application, Pursuant to Sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rule 2014(a), and Local Rule 2014-1, for Authorization to Employ and Retain Welcome Parking Solutions, LLC as Broker and Consultant to the Debtors, *Nunc Pro Tunc* to May 23, 2011 and for Approval of an Alternative Compensation Procedure with Respect Thereto [Docket No. 3097; filed 6/16/11]

   Objection/Response Deadline:    June 27, 2011 at 4:00 p.m. (EDT)

   Objections/Responses Received:    None

   Related Documents:

   i. Certification of No Objection Regarding "Debtors' Application, Pursuant to Sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rule 2014(a), and Local Rule 2014-1, for Authorization to Employ and Retain Welcome Parking Solutions, LLC as Broker and Consultant to the Debtors, *Nunc Pro Tunc* to May 23, 2011 and for Approval of an Alternative Compensation Procedure with Respect Thereto" [Docket No. 3168; filed 6/29/11]

   ii. **Order Pursuant to Sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rule 2014(a), and Local Rule**

7

2014-1, Authorizing the Debtors to Employ and Retain Welcome Parking Solutions, LLC as Broker and Consultant to the Debtors, *Nunc Pro Tunc* to May 23, 2011 and for Approval of an Alternative Compensation Procedure with Respect Thereto [Docket No. 3180; filed 6/30/11]

>   Status: **On June 30, 2011, the Court entered an order granting the relief requested in connection with this matter. Consequently, no hearing with respect to this matter is required.**

## III. UNCONTESTED MATTERS GOING FORWARD:

9. Motion for an Order, Pursuant to Bankruptcy Code Sections 305(a)(1), 363(b), 1112(b), and 105(a), Dismissing Certain Specified Chapter 11 Cases [Docket No. 2949; filed 5/17/11]

    | | |
    |---|---|
    | Objection/Response Deadline: | May 31, 2011 at 4:00 p.m. (EDT), extended to June 17, 2011 at 11:59 p.m. (EDT) for US Bancorp Community Development Corporation, First Chicago Leasing Corporation, FNBC Leasing Corporation, and JP Morgan Chase Bank NA |
    | Objections/Responses Received: | None |

    Related Documents:

    > i. **Order Dismissing Certain Specified Chapter 11 Cases [Docket No. 3196; filed 7/5/11]**

    Status: **Following a hearing, on July 5, 2011, the Court entered an order granting the relief requested in connection with this matter, as modified. Consequently, no further hearing with respect to this matter is required.**

10. Motion for Order Pursuant to Section 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1 Authorizing Debtors to File Under Seal Unredacted Exhibit to Term Sheet for Proposed Restructuring Transactions and Settlement Agreement with Respect to Certain Low-Income Housing Tax Credit Transactions with Ally Financial Inc. [Docket No. 2953; filed 5/17/11] (the "Ally Seal Motion")[5]

---

[5] Richards, Layton & Finger, P.A. is not serving as co-counsel of record in connection with the prosecution of the Ally Seal Motion based upon issues of conflict. Rather, The Rosner Law Group LLC is serving as special conflicts co-counsel (see Docket No. 871), along with Dewey & LeBoeuf LLP, in connection with the prosecution of the Ally Seal Motion.

8

<table>
<tr><td></td><td>Objection/Response Deadline:</td><td>May 31, 2011 at 4:00 p.m. (EDT); extended as to Natixis Financial Products, Inc. only through June 24, 2011 at 4:00 p.m. (EDT)</td></tr>
<tr><td></td><td>Objections/Responses Received:</td><td>None</td></tr>
</table>

Related Documents:

    i.    **Order Authorizing Debtors to File Unredacted Exhibit To Term Sheet Under Seal [Docket No. 3194; filed 7/5/11]**

Status: **Following a hearing, on July 5, 2011, the Court entered an order granting the relief requested in connection with this matter. Consequently, no further hearing with respect to this matter is required.**

11. Motion for Payment of Administrative Claims (Filed by New York State Department of Taxation & Finance) [Docket No. 2993; filed 5/24/11]

    Objection/Response Deadline:    June 21, 2011

    Objections/Responses Received:    None

Related Document:

    i.    **Letter Withdrawing Motion for Payment of Administrative Claims (Filed by New York State Department of Taxation & Finance) [Docket No. 3190; filed 7/1/11]**

Status: **On July 1, 2011, the movant withdrew this matter. Consequently, no hearing with respect to this matter is required.**

## IV. CONTESTED MATTERS GOING FORWARD:

12. Debtors' Motion, Pursuant to Sections 105(a), 363(b), and 365 of the Bankruptcy Code, Bankruptcy Rules 2002, 6004, 6006, 9014, and 9019, and Local Rules 2002-1 and 6004-1, for Order: (i) Approving Settlement of Claims Held by Ally Financial, Inc. Against the Debtors; (ii) Authorizing Debtors' Entry into Restructuring Transactions with Respect to Certain Low-Income Housing Tax Credit Transactions with Ally Financial, Inc., Including Debtors' Transfer of Related Assets and Assumption and Assignment of Related Executory Contracts to New Nondebtor Subsidiary, Free and Clear of All Liens, Claims, Encumbrances, and Interests (Other Than the True-Up Cure Claims); and (iii) Authorizing Debtors' Entry into Restructuring and Settlement Agreement

Establishing Terms of Settlement and Restructuring Transactions [Docket No. 2952; filed 5/17/11] (the "Ally Settlement Motion") [6]

Objection/Response Deadline: May 31, 2011 at 4:00 p.m. (EDT); extended to June 24, 2011 at 11:59 p.m. (EDT) for Wells Fargo Bank, N.A. and Natixis Financial Products, Inc.

Objections/Responses Received:

A. Wells Fargo Bank, N.A.'s Reservation of Rights with Respect to Debtors' Motion Approving a Restructuring and Settlement Agreement with Ally Financial, Inc. in Connection with Certain LIHTC Transactions [Docket No. 3143; filed 6/24/11]

B. Natixis Financial Products LLC's Reservation of Rights and Limited Objection to the Debtors' Motion: (I) Approving Settlement of Claims Held by Ally Financial, Inc. Against the Debtors; (II) Authorizing Debtors' Entry Into Restructuring Transactions with Respect to Certain Low-Income Housing Tax Credit Transactions with Ally Financial, Inc., Including Debtors' Transfer of Related Assets and Assumption and Assignment of Related Executory Contracts to New Nondebtor Subsidiary, Free and Clear of All Liens, Claims, Encumbrances, and Interests; and (III) Authorizing Debtors' Entry Into Restructuring and Settlement Agreement Establishing Terms of Settlement and Restructuring Transactions [Docket No. 3148; filed 6/24/11]

Related Documents:

i. Notice of Filing of Restructuring and Settlement Agreement, Dated as of June 21, 2011, by and Among Capmark Financial Group Inc., Capmark Finance Inc., Capmark Affordable Equity Holdings Inc., Capmark Affordable Equity Inc., Capmark Affordable Properties Inc., *et al*. and Ally Financial Inc. [Docket No. 3130; filed 6/22/11]

ii. **Declaration of David Sebastian in Support of Debtors' Motion Pursuant to Sections 105(a), 363(b), and 365 of the Bankruptcy Code, Bankruptcy Rules 2002, 6004, 6006, 9014 and 9019, and Local Rules 2002-1 and 6004-1, for Order: (I) Approving Settlement of Claims Held by Ally Financial Inc. Against the Debtors; (II) Authorizing Debtors' Entry into Restructuring Transactions with Respect to Certain Low-Income House Tax**

---

[6] Richards, Layton & Finger, P.A. is not serving as co-counsel of record in connection with the prosecution of the Ally Settlement Motion based upon issues of conflict. Rather, The Rosner Law Group LLC is serving as special conflicts co-counsel (see Docket No. 871), along with Dewey & LeBoeuf LLP, in connection with the prosecution of the Ally Settlement Motion.

> **Credit Transactions with Ally Financial Inc., Including Debtors' Transfer of Related Assets and Assumption and Assignment of Related Executory Contracts to New Nondebtor Subsidiary, Free and Clear of all Liens, Claims, Encumbrances, and Interests (Other than the True-Up Cure Claims); and (III) Authorizing Debtors' Entry into Restructuring and Settlement Agreement Establishing Terms of Settlement and Restructuring Transactions [Docket No. 3191; filed 7/1/11]**

> Status: **On July 5, 2011, the Court approved the Ally Settlement Motion on the record of the hearing. The Debtors intend to present the Court with a revised agreed form of order with respect to this matter for entry on the record of the July 6, 2011 hearing.**

13. Joint Motion of Debtors and Official Committee of Unsecured Creditors, Pursuant to Bankruptcy Rule 9019, for Approval of Settlement Agreement with Dune Entities [Docket No. 3055; filed 6/7/11]

    Objection/Response Deadline:        June 27, 2011 at 4:00 p.m. (EDT)

    Objections/Responses Received:

    A.  Limited Statement of the Goldman Lenders to the Joint Motion of Debtors and Official Committee of Unsecured Creditors, Pursuant to Bankruptcy Rule 9019, for Approval of Settlement Agreement with Dune Entities [Docket No. 3152; filed 6/27/11]

    Related Documents:

    i.  **Order Granting Motion of Debtors and Official Committee of Unsecured Creditors for Approval of Settlement Agreement with Dune Entities [Docket No. 3193; filed 7/5/11]**

    Status: **Following a hearing, on July 5, 2011, the Court entered an order granting the relief requested in connection with this matter. Consequently, no further hearing with respect to this matter is required.**

14. Motion of ASM Capital III, L.P. for Reconsideration of Order Approving Stipulation Between Wilmington Trust FSB and Debtors Establishing Allowed Amount of Claim Nos. 700-732 [Docket No. 3067; filed 6/10/11]

    Objection/Response Deadline:        June 28, 2011 at 4:00 p.m. (EDT)

    Objections/Responses Received:

> A. Response of Wilmington Trust FSB to Motion of ASM Capital III, L.P. for Reconsideration of Order Approving Stipulation Between Wilmington Trust FSB and Debtors Establishing Allowed Amount of Claim Nos. 700-732 [Docket No. 3155; filed 6/28/11]
>
> B. Debtors' Objection to ASM III, L.P.'s Motion for Reconsideration of Order Approving Stipulation Between Wilmington Trust FSB and Debtors Establishing Allowed Amount of Claim Nos. 700-732 [Docket No. 3160; filed 6/28/11]
>
> C. Joinder of the Official Committee of Unsecured Creditors to the Debtors' and Wilmington Trust FSB's Objections to ASM Capital III, L.P.'s Motion for Reconsideration of Order Approving Stipulation Between Wilmington Trust FSB and Debtors Establishing Allowed Amount of Claim Nos. 700-732 [Docket No. 3161; filed 6/28/11]

Related Documents:

> i. **Order (Denying the Motion of ASM Capital III, L.P. for Reconsideration of Order Approving Stipulation Between Wilmington Trust FSB and Debtors Establishing Allowed Amount of Claim Nos. 700-732) [Docket No. 3197; filed 7/5/11]**

Status: **Following a hearing, on July 5, 2011, the Court entered an order denying the relief requested in connection with this matter. Consequently, no further hearing with respect to this matter is required.**

## V. INTERIM FEE APPLICATIONS:

15. Omnibus Notice of Hearing for Third Interim Fee Application Requests for the Period from July 1, 2010 Through October 31, 2010 [Docket No. 2877; filed 5/3/11]

    Related Documents:

    > i. Certification of Counsel Concerning Third Omnibus Order Awarding Interim Allowance of Compensation for Services Rendered and for Reimbursement of Expenses [Docket No. 3061; filed 6/9/11]
    >
    > ii. Third Omnibus Order Awarding Interim Allowance of Compensation for Services Rendered and for Reimbursement of Expenses [Docket No. 3064; filed 6/9/11]

12

Status: On June 9, 2011, the Court entered an omnibus order granting each of the interim fee applications. Consequently, no hearing with respect to this matter is required.

16. Interim Fee Application of The Delaware Counsel Group LLP for Compensation for Services Rendered and Reimbursement of Expenses as Attorneys for the Debtors and Waiver of Information Requirement Pursuant to Del. Bankr. L.R. 2016-2(g) [Docket No. 3058; filed 6/8/11]

    Objection/Response Deadline:  June 28, 2011 at 4:00 p.m. (EDT)

    Objections/Responses Received:  None

    Related Documents:

    i.  **Order (I) Awarding Interim Fee Application of the Delaware Counsel Group LLP for Compensation for Services Rendered and Reimbursement of Expenses as Attorneys for the Debtors and (II) Granting Waiver of Information Requirement [Docket No. 3192; filed 7/5/11]**

    Status: **Following a hearing, on July 5, 2011, the Court entered an order granting the relief requested in connection with this matter. Consequently, no further hearing with respect to this matter is required.**

## VI. DISCLOSURE STATEMENT MATTERS:

17. Proponent Debtors' Motion for Order (I) Approving Notice of Disclosure Statement Hearing, (II) Approving Disclosure Statement, (III) Fixing Voting Record Date, (IV) Scheduling Plan Confirmation Hearing and Approving Form and Manner of Related Notice and Objection Procedures, (V) Appointing Balloting Agent, (VI) Approving Solicitation Packages and Procedures for Distribution Thereof, (VII) Approving Forms of Ballots and Voting Procedures, (VIII) Approving Form and Manner of Notices to Non-Voting Plan Classes, (IX) Fixing Voting Deadline, and (X) Approving Vote Tabulation Procedures [Docket No. 2791; filed 4/15/11]

    Objection/Response Deadline:  May 24, 2011 at 4:00 p.m. (EDT)

    Objections/Responses Received:

    A.  Objection of ASM Capital III, L.P. to Proponent Debtors' Motion for Order (I) Approving Notice of Disclosure Statement Hearing, (II) Approving Disclosure Statement, (III) Fixing Voting Record Date, (IV) Scheduling Plan Confirmation Hearing and Approving Form and Manner of Related Notice and Objection Procedures, (V) Appointing Balloting Agent, (VI) Approving Solicitation Packages

and Procedures for Distribution Thereof, (VII) Approving Forms of Ballots and Voting Procedures, (VIII) Approving Form and Manner of Notices to Non-Voting Plan Classes, (IX) Fixing Voting Deadline, and (X) Approving Vote Tabulation Procedures [Docket No. 2995; filed 5/24/11]

B.  **Statement of the Official Committee of Unsecured Creditors in Support of the Proponent Debtors' Motion for an Order Approving the Disclosure Statement for Joint Plan of Capmark Financial Group Inc. and Certain Affiliated Proponent Debtors [Docket No. 3186; filed 7/1/11]**

C.  **Notice of Withdrawal (of Objection of ASM Capital III, L.P. to Proponent Debtors' Motion for Order (I) Approving Notice of Disclosure Statement Hearing, (II) Approving Disclosure Statement, (III) Fixing Voting Record Date, (IV) Scheduling Plan Confirmation Hearing and Approving Form and Manner of Related Notice and Objection Procedures, (V) Appointing Balloting Agent, (VI) Approving Solicitation Packages and Procedures for Distribution Thereof, (VII) Approving Forms of Ballots and Voting Procedures, (VIII) Approving Form and Manner of Notices to Non-Voting Plan Classes, (IX) Fixing Voting Deadline, and (X) Approving Vote Tabulation Procedures) [Docket No. 3202; filed 7/5/11]**

Related Documents:

i.  Joint Plan of Capmark Financial Group Inc. and Certain Affiliated Proponent Debtors Under Chapter 11 of the Bankruptcy Code [Docket No. 2788; filed 4/15/11]

ii.  Proposed Disclosure Statement for Joint Plan of Capmark Financial Group Inc and Certain Affiliated Proponent Debtors Under Chapter 11 of the Bankruptcy Code [Docket No. 2789; filed 4/15/11]

iii.  Notice of Hearing to Consider Approval of Disclosure Statement for Joint Plan of Capmark Financial Group Inc. and Certain Affiliated Proponent Debtors Under Chapter 11 of the Bankruptcy Code [Docket No. 2790; filed 4/15/11]

iv.  Declaration of Jane Sullivan in Support of Debtors' Retention of Epiq Bankruptcy Solutions, LLC as Balloting Agent [Docket No. 2792; filed 4/15/11]

v.  First Amended Joint Plan of Capmark Financial Group Inc. and Certain Affiliated Proponent Debtors Under Chapter 11 of the Bankruptcy Code [Docket No. 3011; filed 5/27/11]

14

      vi.    Blackline of First Amended Joint Plan of Capmark Financial Group Inc. and Certain Affiliated Proponent Debtors Under Chapter 11 of the Bankruptcy Code [Docket No. 3012; filed 5/27/11]

      vii.    Proposed First Amended Disclosure Statement for Joint Plan of Capmark Financial Group Inc. and Certain Affiliated Proponent Debtors Under Chapter 11 of the Bankruptcy Code [Docket No. 3013; filed 5/27/11]

      viii.    Blackline of Proposed First Amended Disclosure Statement for Joint Plan of Capmark Financial Group Inc. and Certain Affiliated Proponent Debtors Under Chapter 11 of the Bankruptcy Code [Docket No. 3014; filed 5/27/11]

      ix.    Notice of Filing of Revised Order (I) Approving Notice of Disclosure Statement Hearing, (II) Approving Disclosure Statement, (III) Fixing Voting Record Date, (IV) Scheduling Plan Confirmation Hearing and Approving Form and Manner of Related Notice and Objection Procedures, (V) Appointing Balloting Agent, (VI) Approving Solicitation Packages and Procedures for Distribution Thereof, (VII) Approving Forms of Ballots and Voting Procedures, (VIII) Approving Form and Manner of Notices to Non-Voting Plan Classes, (IX) Fixing Voting Deadline, and (X) Approving Vote Tabulation Procedures [Docket No. 3150; filed 6/24/11]

      x.    Proponent Debtors' Response to ASM Capital III, L.P.'s Objection to Proposed Disclosure Statement for Joint Plan of Capmark Financial Group Inc. and Certain Affiliated Proponent Debtors Under Chapter 11 of the Bankruptcy Code [Docket No. 3159; filed 6/28/11]

Status: The hearing on this matter will go forward **on July 6, 2011 starting at 1:00 p.m. (EDT) before The Honorable Christopher S. Sontchi at the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, 5th Floor, Courtroom 6, Wilmington, Delaware 19801.**

18. Proposed First Amended Disclosure Statement for Joint Plan of Capmark Financial Group Inc. and Certain Affiliated Proponent Debtors Under Chapter 11 of the Bankruptcy Code [Docket No. 3013; filed 5/27/11]

    Objection/Response Deadline:      May 24, 2011 at 4:00 p.m. (EDT)

Objections/Responses Received:

A.  The United States Trustee's Objection to the Disclosure Statement (Proposed) for Joint Plan of Capmark Financial Group Inc. and Certain Affiliated Proponent Debtors Under Chapter 11 of the Bankruptcy Code [Docket No. 2965; filed 5/19/11]

B.  Objection of Prairie Enterprises, Ltd. to Adequacy of Disclosure Statement for Joint Plan of Capmark Financial Group, Inc. and Certain Affiliated Proponent Debtors Under Chapter 11 of the Bankruptcy Code Dated April 11, 2011 [Docket No. 2989; filed 5/24/11]

C.  Objection of US Bancorp Community Development Corporation to the Proposed Disclosure Statement for Joint Plan of Capmark Financial Group Inc. and Certain Affiliated Proponent Debtors Under Chapter 11 of the Bankruptcy Code [Docket No. 2991; filed 5/24/11]

D.  Objection of First Chicago Leasing Corporation, FNBC Leasing Corporation, and JP Morgan Chase Bank NA to the Proposed Disclosure Statement for Joint Plan of Capmark Financial Group Inc. and Certain Affiliated Proponent Debtors Under Chapter 11 of the Bankruptcy Code [Docket No. 2992; filed 5/24/11]

E.  Objection of ASM Capital III, L.P. to Proponent Debtors' Motion for Order (I) Approving Notice of Disclosure Statement Hearing, (II) Approving Disclosure Statement, (III) Fixing Voting Record Date, (IV) Scheduling Plan Confirmation Hearing and Approving Form and Manner of Related Notice and Objection Procedures, (V) Appointing Balloting Agent, (VI) Approving Solicitation Packages and Procedures for Distribution Thereof, (VII) Approving Forms of Ballots and Voting Procedures, (VIII) Approving Form and Manner of Notices to Non-Voting Plan Classes, (IX) Fixing Voting Deadline, and (X) Approving Vote Tabulation Procedures [Docket No. 2995; filed 5/24/11]

F.  Proponent Debtors' Response to the United States Trustee's Objection to Proposed Disclosure Statement for Joint Plan of Capmark Financial Group Inc. and Certain Affiliated Proponent Debtors Under Chapter 11 of the Bankruptcy Code [Docket No. 3158; filed 6/28/11]

G.  Proponent Debtors' Response to ASM Capital III, L.P.'s Objection to Proposed Disclosure Statement for Joint Plan of Capmark Financial Group Inc. and Certain Affiliated Proponent Debtors Under Chapter 11 of the Bankruptcy Code [Docket No. 3159; filed 6/28/11]

H.  Proponent Debtors' Response to Objections of U.S. Bancorp Community Development Corporation, First Chicago Leasing Corporation, FNBC Leasing Corporation, and JP Morgan Chase Bank N.A., to Proposed Disclosure Statement for Joint Plan of Capmark Financial Group Inc. and

Certain Affiliated Proponent Debtors Under Chapter 11 of the Bankruptcy Code [Docket No. 3165; filed 6/29/11]

I. Proponent Debtors' Response to Prairie Enterprises, Ltd.'s Objection to Proposed Disclosure Statement for Joint Plan of Capmark Financial Group Inc. and Certain Affiliated Proponent Debtors Under Chapter 11 of the Bankruptcy Code [Docket No. 3166; filed 6/29/11]

J. Declaration of David Sebastian in Support of Proponent Debtors' Response to Prairie Enterprises, Ltd.'s Objection to Proposed Disclosure Statement for Joint Plan of Capmark Financial Group Inc. and Certain Affiliated Proponent Debtors Under Chapter 11 of the Bankruptcy Code [Docket No. 3167; filed 6/29/11]

K. **Notice of Withdrawal of D.I. 2965 and Reservation of Rights [Docket No. 3188; filed 7/1/11]**

L. **Notice of Withdrawal (of Objection of ASM Capital III, L.P. to Proponent Debtors' Motion for Order (I) Approving Notice of Disclosure Statement Hearing, (II) Approving Disclosure Statement, (III) Fixing Voting Record Date, (IV) Scheduling Plan Confirmation Hearing and Approving Form and Manner of Related Notice and Objection Procedures, (V) Appointing Balloting Agent, (VI) Approving Solicitation Packages and Procedures for Distribution Thereof, (VII) Approving Forms of Ballots and Voting Procedures, (VIII) Approving Form and Manner of Notices to Non-Voting Plan Classes, (IX) Fixing Voting Deadline, and (X) Approving Vote Tabulation Procedures) [Docket No. 3202; filed 7/5/11]**

Related Documents:

   i. Joint Plan of Capmark Financial Group Inc. and Certain Affiliated Proponent Debtors Under Chapter 11 of the Bankruptcy Code [Docket No. 2788; filed 4/15/11]

   ii. Proposed Disclosure Statement for Joint Plan of Capmark Financial Group Inc and Certain Affiliated Proponent Debtors Under Chapter 11 of the Bankruptcy Code [Docket No. 2789; filed 4/15/11]

   iii. Notice of Hearing to Consider Approval of Disclosure Statement for Joint Plan of Capmark Financial Group Inc. and Certain Affiliated Proponent Debtors Under Chapter 11 of the Bankruptcy Code [Docket No. 2790; filed 4/15/11]

   iv. First Amended Joint Plan of Capmark Financial Group Inc. and Certain Affiliated Proponent Debtors Under Chapter 11 of the Bankruptcy Code [Docket No. 3011; filed 5/27/11]

17

v.  Blackline of First Amended Joint Plan of Capmark Financial Group Inc. and Certain Affiliated Proponent Debtors Under Chapter 11 of the Bankruptcy Code [Docket No. 3012; filed 5/27/11]

vi. Blackline of Proposed First Amended Disclosure Statement for Joint Plan of Capmark Financial Group Inc. and Certain Affiliated Proponent Debtors Under Chapter 11 of the Bankruptcy Code [Docket No. 3014; filed 5/27/11]

Status: The hearing on this matter will go forward **on July 6, 2011 starting at 1:00 p.m. (EDT) before The Honorable Christopher S. Sontchi at the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, 5th Floor, Courtroom 6, Wilmington, Delaware 19801.**

Dated: July **5**, 2011
Wilmington, Delaware

　　　　　　　　*/s/ Jason M. Madron*
Mark D. Collins (No. 2981)
Jason M. Madron (No. 4431)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701

- and -

Martin J. Bienenstock
Michael P. Kessler
Judy G. Z. Liu
DEWEY & LEBOEUF LLP
1301 Avenue of the Americas
New York, New York 10019
Telephone: (212) 259-8000
Facsimile: (212) 259-6333

*Attorneys for the Debtors
and Debtors in Possession*