# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | |
| ) | |
| CAPMARK FINANCIAL GROUP INC., et al., ) | Chapter 11 |
| ) | |
| ) | Case No. 09-13684 (CSS) |
| ) | |
| ) | Jointly Administered |
| ) | |
| Debtors. ) | Hearing Date: 08/19/11 at 12:00 p.m. |
| ) | Response Date: 08/09/11 at 4:00 p.m. |

## TENNESSEE DEPARTMENT OF REVENUE'S OBJECTION TO CONFIRMATION OF DEBTORS' SECOND AMENDED JOINT PLAN OF REORGANIZATION

**COMES NOW** the Office of the Tennessee Attorney General, through undersigned counsel, on behalf of the Tennessee Department of Revenue, (TDOR), to object to the confirmation of the Debtors' Second Amended Joint Chapter 11 Plan (Plan).

**IN SUPPORT THEREOF,** TDOR states as follows:

1. TDOR is a prepetition creditor holding tax claims against the Debtors.

2. In Article II, Section 2.3 of the Plan, the Debtor proposes payment options, that at the sole option of the applicable Proponent Debtor, include "(b) a transferable note that provides for regular installment payments Cash payments in an amount equal to the total value of such Allowed Priority Tax Claim………or (c) any combination of Cash and a note, on the terms provided in subsections (a) and (b) hereof, in an aggregate Cash and note principal amount equal to such Allowed Priority Tax Claim…..".

3. TODR objects to the payment of its prepetition priority tax claims in the form of a transferrable note and/or a combination of cash and a transferrable note. 11 U.S.C. §1129(a)(9)(c) requires the repayment of priority tax claims in cash full. Where payment is

deferred, the debtor is required to provide the taxing authority with cash payments of a value, as of the effective date of the plan, equal to the allowed amount of such claim over a period ending not later than 5 years after the date of the order for relief.  Although the Plan proposes a similar payment plan, the Plan is in direct conflict with the Code requirements as it prejudices the Department by attempting to convert the Department to simply a noteholder and change the nature of the Priority Tax Claim.

**WHEREFORE**, based on the foregoing, TDOR respectfully requests that this Court deny confirmation of the Plan unless and until matters raised herein are remedied and provide such other and further relief as the Court deems just and proper.

Dated this 4th day of August, 2011.

Respectfully Submitted,

Robert E. Cooper, Jr.
Tennessee Attorney General & Reporter


 /s/ Laura L. McCloud
**Laura L. McCloud**  (TN 016206)
Office of the Tennessee Attorney General
Bankruptcy Division
P.O. Box 20207
Nashville, TN 37202
(615) 532-8933
(615) 741-3334 (fax)

**CERTIFICATE OF SERVICE**

   I, Laura McCloud, certify that on August 4, 2011, a copy of the foregoing Objection of the Tennessee Attorney General was sent via express courier service, postage pre-paid, facsimile, and/or electronically on the parties listed below.

                  /s/ Laura L. McCloud
                  Laura L. McCloud


Dewey & LeBoeuf LLP
1301 Avenue of the Americas
New York, New York 10019
Attn: Michael P. Kessler, Esq.,
    Judy G.Z. Liu, Esq.

Richards, Layton & Finger, P.A.
One Rodney Square
920 N. King Street
Wilmington, DE 19801
Attn: Mark D. Collins, Esq.
    Jason M. Madron, Esq.

U.S. Trustee
844 King Street
Suite 2207, Lockbox 35
Wilmington, DE 19801
Attn: Richard L. Schepacarter, Esq.

Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, New York 10036
Attn: Thomas Moers Mayer, Esq.
    Joshua Brody, Esq.